## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **Eric Berger and Jason Londrigan, individually and on behalf of all others similarly situated,** | **Case No. _____** |
| **Plaintiffs,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **The Home Depot U.S.A., Inc.,** | |
| **Defendant.** | |

## CLASS ACTION COMPLAINT

Plaintiffs Eric Berger and Jason Londrigan, individually and on behalf of all others similarly situated, bring this action against The Home Depot U.S.A., Inc. ("Home Depot"). In support, they allege as follows.

### I.      Introduction

1.      This is an action against Home Depot for false-reference pricing on its website, www.homedepot.com (the "Website"). False-reference pricing occurs when a seller advertises a fictitious or outdated "original" price for a product while offering that product at a

- 1 -

substantially lower price under the guise of a sale. The resulting artificial price disparity misleads consumers into believing that the product they are buying has a higher market value than the price offered, thereby inducing them into purchasing the product at what appears to be a "bargain." This conduct artificially increases demand for the deceptively priced products and induces customers to pay more based on a false impression of their value. False-reference pricing schemes thereby enable retailers like Home Depot to sell products above their true market price and value—to the detriment of consumers.

2.      Home Depot has perpetrated, and continues to perpetrate, a false-reference pricing scheme on a massive scale. Georgia and federal law specifically prohibit this type of false advertising. Georgia's Fair Business Practices Act prohibits "mak[ing] false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions."[1] The Georgia Attorney General's Consumer Protection Division notes that "[u]nlawful activities that are prohibited by the Fair Business Practices Act include . . . [m]aking false or misleading statements about sale prices," such as advertising an item for sale when

---

[1] O.C.G.A. § 10-1-393(b)(11).

that item "has been offered at that price for the past month."[2] Similarly, the Federal Trade Commission's Guide Against Deceptive Pricing states that "where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction[,] the 'bargain' being advertised is a false one; the purchaser is not receiving the unusual value he expects."[3]

3.    Home Depot willfully violated the Georgia Code by advertising items as discounted despite the fact these items had not been readily available for purchase at the purported original price for more than three months or, in many cases, had *never* been offered at the purported original price. The Plaintiffs, Eric Berger and Jason Londrigan, purchased such products in reliance on Home Depot's misleading advertising, motivated by the false belief that they were getting bargains. Numerous other Home Depot customers did the same. The Plaintiffs therefore bring this action on behalf of themselves and all other natural persons similarly situated who have purchased one or more products

---

[2] Georgia Attorney General's Consumer Protection Division, *Statutes We Enforce*, available at: https://consumer.georgia.gov/organization/about-us/statutes-we-enforce.

[3] 16 C.F.R. § 233.1.

through the Website that were deceptively represented as discounted from a false-reference price.

## II. Parties

4.     Plaintiff Eric Berger is an individual citizen of the State of Texas and resident of Harris County, Texas.

5.     Plaintiff Jason Londrigan is an individual citizen of the State of Texas and resident of Tarrant County, Texas.

6.     Defendant Home Depot is a Delaware corporation with its headquarters in Atlanta, Georgia.

## III. Jurisdiction & Venue

7.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act.[4] The amount in controversy, exclusive of interest and costs, exceeds the sum of $5,000,000.00 and at least some members of the proposed class (defined below) have a different citizenship than the Defendant. The proposed class consists of at least 100 members and none of the exceptions under § 1332 apply to this claim.

8.     Home Depot has its corporate headquarters in Atlanta, Georgia, and is thus subject to general personal jurisdiction in this

---

[4] 28 U.S.C. § 1332(d)(2).

district. This district is an appropriate venue for this action because a substantial part of the events giving rise to the claims at issue occurred at Home Depot's headquarters here.[5]

### IV.    Factual Allegations

9.    Home Depot is the world's largest home-improvement retailer, operating more than 2,000 physical stores across North America. Its 2022 revenue from sales to United States consumers was $1.53 billion. Approximately fourteen percent of those revenues were attributable to online purchases on the Website.

10.    As detailed below, Home Depot has engaged in a massive consumer-deception campaign through its use of false-reference pricing practices, to the detriment of the Plaintiffs and the proposed class. Home Depot listed numerous products on its website at false-reference prices for many months on end, creating the false impression of bargains and artificially inflating the prices of its products.

### A.    Home Depot's Motivations

11.    False-reference pricing schemes are highly profitable. Consumers frequently lack fundamental information about a product and as a result often rely on information from sellers to make purchasing

_____

[5] 28 U.S.C. § 1391(b)(1)-(2).

decisions, especially when a product's value or quality is otherwise difficult to discern.

12.     False-reference pricing schemes take advantage of several well-document aspects of consumer psychology. First, consumers view a product's price as an indicator of that product's quality. Accordingly, advertising a product at a fictitious or outdated "false reference" price creates an artificially inflated impression of the product's quality, causing consumers to believe they are purchasing a higher-grade product.

13.     Second, an indication that a product is being sold at a price lower than a higher "reference price" creates the impression that there is a "bargain" or "deal" to be had. Studies have repeatedly shown that the *experience* of obtaining a product at a perceived bargain is valuable to consumers—and that the fleeting nature of such bargains creates a sense of urgency, causing consumers to make purchases that they would not otherwise make.

14.     Third, it is well-known that consumer demand can be influenced by both "internal" and "external" reference prices. Internal-reference prices are prices stored in a consumer's memory, while external-reference prices are provided by the observed stimuli in the purchase environment. Researchers report that consumers' internal reference prices adjust toward external reference prices when valuing a product.

This is especially true for products purchased infrequently, like the large appliances purchased by the Plaintiffs and numerous members of the proposed class. Because consumers have relatively few internal price references for these products, the deceptive potential of false-reference prices is much greater.

15.     Home Depot understood that for all these reasons, consumers are vulnerable to perceived bargains. It thus had substantial financial interest in exploiting these tendencies by inducing consumers into believing they were receiving bargains even when they were not. It did so on a large scale by engaging in false-reference pricing on the Website.

### B.     Home Depot's False-Reference Pricing Scheme

16.     On the Website, Home Depot advertises purportedly "discounted" items for sale. Product listings display the purportedly "discounted" price on the left in black and the original price on the right, crossed out, and in a small font. The total "savings" appear below the crossed-out original price, in green. An example is as follows.



17.    Investigation has revealed that Home Depot advertised numerous products with misleading "strikethrough" false-reference prices on its website for months on end. Numerous products were *never* sold at their purported original price—while others were listed at false-reference "discount" prices for many months on end. Documentation of nine such product listings is set out in <u>Appendix 1</u> to this Complaint.[6]

18.    Plaintiff Eric Berger purchased one of the products that Home Depot listed with a misleading false-reference price. Mr. Berger purchased a Samsung Front Load Gas Dryer from the Website in November 2023 at a price of $798.00. The unit was advertised at a purported thirty-three percent discount from its "strikethrough" price of $1,199.00. But the dryer Mr. Berger purchased had been listed at various "sale" prices far below the $1,199.00 strikethrough price since at least September 2023. The long-advertised "discount" on the dryer Mr. Berger purchased induced him to purchase the product, and the artificial demand created by Home Depot's false-reference pricing scheme caused him to pay more than he would have otherwise.

---

[6] The product listings reflected in Appendix 1 are expressly made a part of this Complaint's factual allegations, as if fully set out in this section.

19. Plaintiff Jason Londrigan purchased another of the products that Home Depot listed with a misleading false-reference price. Mr. Londrigan purchased a Samsung Top-Load Washer from the Website in September 2023 at a price of $578.00. The unit was advertised at a purported thirty-five percent discount from its "strikethrough" price of $899.00. But, on information and belief, the washer Mr. Londrigan purchased had been listed at various "sale" prices far below the $899.00 strikethrough price for many months prior. In the seven months since Mr. Londrigan's purchase, this washer has *never* been sold at its "original" price—with "discount" prices ranging from $550.00 to just over $800.00. The long-advertised "discount" on the dryer Mr. Londrigan purchased induced him to purchase the product, and the artificial demand created by Home Depot's false-reference pricing scheme caused him to pay more than he would have otherwise.

20. The only plausible explanation for Home Depot's false-reference pricing practices is to drive sales, artificially inflate the price at which consumers are willing to buy its products, and, as a result, artificially inflate the price at which consumers are willing to buy their products. Home Depot has, and without intervention will continue to, increase sales by creating the illusion of short-lived bargains by purporting to offer products on sale from false original prices.

## V.    Class Allegations

21.    Plaintiffs bring this action on behalf of themselves and all other similarly situated class members pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3). They seek certification of the following Class in this matter:

> All persons who, within the applicable statutory period (the "Class Period"), purchased from www.thehomedepot.com one or more products at discounts from an advertised reference price and who have not received a refund or credit for their purchase(s).

22.    Excluded from the Class are Home Depot, as well as its officers, employees, agents or affiliates, parent companies and/or subsidiaries, and each of their respective officers, employees, agents or affiliates, and any judge who presides over this action. Plaintiffs reserve the right to expand, limit, modify, or amend this Class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

23.    **Numerosity**. Members of the Class are so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe that the proposed Class contains at least thousands of individuals who have been damaged by Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiffs at this time,

but Plaintiffs expect it can readily be established through Defendants'
records.

24. **Commonality & Predominance**. This action involves
common questions of law and fact, which predominate over any ques-
tions affecting individual Class members. These common legal and fac-
tual questions include, but are not limited to, the following:

    a. whether, during the Class Period, Home Depot used adver-
tised false reference prices on products sold through the
Website;

    b. whether, during the Class Period, the original price adver-
tised by Home Depot was the prevailing market price for
the products in question during the three months period
preceding the dissemination and/or publication of the ad-
vertised former prices;

    c. whether Home Depot's alleged conduct constitutes viola-
tions of the laws asserted;

    d. whether Home Depot engaged in unfair, unlawful and/or
fraudulent business practices under the laws asserted;

    e. whether Home Depot engaged in false or misleading adver-
tising;

    f.  whether Plaintiffs and Class members are entitled to dam-ages and/or restitution and the proper measure of that loss;

    g.  whether an injunction is necessary to prevent Home Depot from continuing to use false, misleading or illegal price comparison, and;

    h.  whether Plaintiffs and the Class are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

25.  **Typicality**. Plaintiffs' claims are typical of the claims of the Class members because, inter alia, all Class members have been deceived (or were likely to be deceived) by Home Depot's false and deceptive price advertising scheme, as alleged herein. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all Class members.

26.  **Adequacy**. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no antagonistic or adverse interest to those of the Class.

27.  **Superiority**. The nature of this action and the nature of laws available to Plaintiffs and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford

relief to them and the Class for the wrongs alleged. The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Home Depot. It would thus be virtually impossible for Plaintiffs and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent the class action, Class members and the public would not likely recover, or would not likely have the chance to recover, damages, restitution, or injunctive relief, and Home Depot will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

28.    All Class members, including Plaintiffs, were exposed to one or more of Home Depot's misrepresentations or omissions of material fact in advertising false reference prices. Due to the scope and extent of Home Depot's consistent false sale prices, advertising scheme, disseminated in a constant years-long campaign to consumers, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class. In addition, it can be reasonably presumed that all members of the Class, including Plaintiffs, affirmatively acted in response to the representations contained in Home Depot's false advertising scheme when purchasing products sold through Home Depot's e-commerce website.

29.    **Ascertainability**. Home Depot keeps extensive records of its customers through their online sales data, as well as through, inter alia, general marketing programs. Home Depot has one or more data-bases through which all, or a significant majority of, Class members may be identified and ascertained, and they maintain contact information, including email and home address, through which notice of this action could be disseminated in accordance with due-process requirements.

### VI.    Causes of Action

30.    Plaintiffs hereby bring the following causes of action against Home Depot. All the preceding allegations are incorporated into each cause of action as if fully restated therein.

**COUNT ONE**
**VIOLATION OF GEORGIA FAIR BUSINESS PRACTICES ACT ("FBPA")**
**O.C.G.A. § 10-1-393**

31.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Home Depot for violations of the Georgia Fair Business Practices Act ("FBPA").[7]

32.    Plaintiffs bring this action as members of the consuming public who have suffered damages because of Home Depot's deceptive

---

[7] O.C.G.A. § 10-1-393.

acts and practices. These practices have had and have the potential to have a harmful effect on the general consuming public.

33.    Under the FBPA, unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are unlawful.

34.    Home Depot is an entity that can be sued under the FBPA.

35.    The Plaintiffs, and the members of the proposed Class, are natural persons and thus "consumers" within the meaning of the statute.

36.    Plaintiffs have satisfied the statute's demand requirement.

37.    Home Depot's false-reference pricing scheme described above is a practice intended to encourage consumer transactions—*i.e.*, the sale of goods for household purposes—and is thus a "consumer act or practice" within the meaning of the statute.

38.    The FBPA provides a list of deceptive trade practices giving rise to liability under the statute, but also provides that the scope of unfair and deceptive trade practices under the statute is not limited to the specific practices listed. Home Depot's false-reference pricing scheme described above violates at least one of the specifically prohibited practices because, in perpetrating this scheme, Home Depot has repeatedly "ma[de] false or misleading statements concerning the

reasons for, existence of, [and] amounts of price reductions."[8] In addition, by perpetrating the false-reference pricing scheme described above, Home Depot engaged in a course of deceptive trade practices under the statute's general definition of such practices.[9]

39.    Home Depot engaged in the deceptive false-reference pricing scheme described above intentionally, motivated by its desire to increase its sales and artificially inflate the prices of its products at the expense of consumers.

40.    Home Depot's deceptive false-reference pricing scheme did in fact artificially inflate the prices of its products and thereby caused financial damage to the Plaintiffs and the members of the proposed Class.

41.    Home Depot continues to engage in false-reference pricing as of the date of the filing of this Complaint.

## VII.  Relief Sought

42.    Plaintiffs, on behalf of themselves and all other members of the proposed Class, request that the Court award relief against Home Depot as follows:

---

[8] O.C.G.A. § 10-1-393(b)(11).

[9] *Id.* § 10-1-393(a).

a.  An order certifying the Class and designating Plaintiffs as the Class Representatives and their counsel as the Class Counsel;

b.  An award of actual, statutory, and punitive damages to the Plaintiffs and the members of the Class, including triple damages as authorized by statute in light of Home Depot's intentional conduct as described herein;

c.  An award of declaratory and injunctive relief, as permitted by law or equity, enjoining Home Depot from continuing the unlawful practices described herein, and directing Home Depot to identify, with Court supervision, victims of its misconduct and compensate them for the damages suffered;

d.  An order directing Home Depot to engage in a corrective advertising and notice campaign;

e.  An award of attorneys' fees and costs, and;

f.  Such other and further relief as the Court may deem necessary or appropriate.

## VIII. Demand for Jury Trial

43.  Plaintiffs demand a jury trial for all the claims so triable.

# APPENDIX 1

| **25.3 cu. ft. Side by Side Refrigerator in Fingerprint Resistant Stainless Steel, Standard Depth** | | **Original Price - $1799** |
|---|---|---|
| Date | Discount Price | |
| 12/25/23 | $1,198 | |
| 12/19/2023 | $1,198 | |
| 12/13/2023 | $1,198 | |
| 12/3/2023 | $1,198 | |
| 10/31/2023 | $1,198 | |
| 10/23/2023 | $1,198 | |
| 10/14/2023 | $1,198 | |
| 9/29/2023 | $1,198 | |
| 9/22/2023 | $1,198 | |
| 9/5/2023 | $1,098 | |
| 8/21/2023 | $1,098 | |
| 7/31/2023 | $1,198 | |
| 7/24/2023 | $1,198 | |
| | | |
| **4.5 cu. ft. High-Efficiency Front Load Washer with Self-Clean+ in Brushed Black** | | **Original Price - $999** |
| Date | Discount Price | |
| 12/25/23 | $628 | |
| 12/12/2023 | $628 | |
| 12/5/2023 | $628 | |
| 11/29/2023 | $548 | |
| 11/22/2023 | $598 | |
| 11/15/2023 | $628 | |
| 11/8/2023 | $628 | |
| 10/17/2023 | $628 | |
| 10/10/2023 | $628 | |
| 10/3/2023 | $628 | |
| 9/28/2023 | $628 | |
| 9/21/2023 | $628 | |
| 9/14/2023 | $628 | |
| 9/7/2023 | $628 | |
| | | |
| **24 in. Fingerprint Resistant Stainless Steel Top Control Dishwasher** | | **Original Price - $829** |
| Date | Discount Price | |
| 12/27/23 | $611 | |
| 12/19/2023 | $448 | |
| 12/12/2023 | $448 | |
| 12/5/2023 | $398 | |
| 11/28/2023 | $398 | |
| 11/21/2023 | $398 | |
| 11/14/2023 | $398 | |
| 11/7/2023 | $398 | |
| 10/31/2023 | $398 | |

| 18.7 cu. ft. Bottom Freezer Refrigerator in Stainless Steel | | Original Price - $648 |
|---|---|---|
| Date | Discount Price | |
| 12/25/23 | $648 | |
| 12/18/23 | $648 | |
| 12/11/2023 | $648 | |
| 11/27/2023 | $678 | |
| 11/20/2023 | $678 | |
| 11/13/2023 | $678 | |
| 11/7/2023 | $678 | |

| 1.7 cu. ft. Over the Range Microwave in Stainless Steel with Electronic Touch Controls | | Original Price - $399 |
|---|---|---|
| Date | Discount Price | |
| 12/26/23 | $359 | |
| 12/19/2023 | $228 | |
| 12/12/2023 | $228 | |
| 12/5/2023 | $198 | |
| 11/28/2023 | $198 | |
| 11/21/2023 | $198 | |
| 11/14/2023 | $198 | |
| 11/7/2023 | $198 | |
| 11/1/2023 | $198 | |

| 5.0 cu. ft. High-Efficiency Smart Diamond Gray Top Load Washer with Microban Technology, ENERGY STAR | | Original Price - $999 |
|---|---|---|
| Date | Discount Price | |
| 12/25/23 | $698 | |
| 12/12/2023 | $698 | |
| 12/5/2023 | $628 | |
| 11/29/2023 | $628 | |
| 11/22/2023 | $628 | |
| 11/15/2023 | $628 | |
| 11/8/2023 | $628 | |
| 11/1/2023 | $628 | |
| 10/19/2023 | $698 | |
| 10/12/2023 | $698 | |
| 10/5/2023 | $698 | |
| 9/28/2023 | $698 | |
| 9/21/2023 | $698 | |
| 9/14/2023 | $698 | |
| 9/7/2023 | $698 | |
| 8/31/2023 | $698 | |

| 36 in. Smart Induction Touch Control Cooktop in Black with 5 Elements | | Original Price - $2665 |
|---|---|---|
| Date | Discount Price | |
| 12/26/23 | $2,098 | |

| 12/18/2023 | $2,098 | |
| 12/11/2023 | $2,098 | |
| 12/5/2023 | $1,998 | |
| 11/28/2023 | $1,998 | |
| 11/21/2023 | $1,998 | |
| 11/14/2023 | $1,998 | |
| 11/7/2023 | $1,998 | |
| 10/31/2023 | $2,098 | |
| | | |
| **30 in. 5.0 cu. ft. Freestanding Gas Range in Stainless Steel with Griddle** | | **Original Price - $949** |
| Date | Discount Price | |
| 12/25/23 | $648 | |
| 12/19/2023 | $648 | |
| 12/12/2023 | $648 | |
| 12/4/2023 | $648 | |
| 11/28/2023 | $648 | |
| 11/21/2023 | $648 | |
| 11/14/2023 | $648 | |
| 11/7/2023 | $648 | |
| 11/1/2023 | $648 | |
| 9/29/2023 | $648 | |
| 9/22/2023 | $648 | |
| 9/15/2023 | $648 | |
| 9/8/2023 | $648 | |
| 9/1/2023 | $648 | |
| 8/25/2023 | $648 | |
| | | |
| **36 in. Smart Induction Touch Control Cooktop in Black with 5 Elements** | | **Original Price - $2665** |
| Date | Discount Price | |
| 12/26/23 | $2,098 | |
| 12/18/2023 | $2,098 | |
| 12/11/2023 | $2,098 | |
| 12/5/2023 | $1,998 | |
| 11/28/2023 | $1,998 | |
| 11/21/2023 | $1,998 | |
| 11/14/2023 | $1,998 | |
| 11/7/2023 | $1,998 | |
| 10/31/2023 | $2,098 | |

Dated: April 4, 2024

Respectfully submitted,


**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda
Texas Bar No. 24110009
marshal@thehodalawfirm.com
o. (832) 848-0036
12333 Sowden Road
Suite B, PMB 51811
Houston, TX 77080
(*pro hac vice* forthcoming)

**CROSS KINCAID LLC**


*/s/ Meredith C. Kincaid*
Meredith C. Kincaid
Georgia Bar No. 148549
Anna Green Cross
Georgia Bar No. 306674
315 W. Ponce de Leon Avenue
Suite 715
Decatur, GA 30030
Phone: (404) 948-3022
meredith@crosskincaid.com
anna@crosskincaid.com


**DON BIVENS, PLLC**
Don Bivens
AZ Bar No. 005134
don@donbivens.com
Teresita T. Mercado
AZ Bar No. 020578
teresita@donbivens.com
o. (602) 708-1450
15169 N. Scottsdale Road
Scottsdale, Arizona 85254
(*pro hac vice* forthcoming)

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in Century Schoolbook 13-point font in accordance with Local Rule 5.1(C).

This 4th day of April, 2024.

*/s/ Meredith C. Kincaid*
Meredith C. Kincaid
Georgia Bar No. 148549
