**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **Eric Berger and Jason Londrigan, individually and on behalf of all others similarly situated,** | **Case No. 1:24-cv-01435** |
| **Plaintiffs,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **Home Depot U.S.A., Inc.,** | |
| **Defendant.** | |

**AMENDED CLASS-ACTION COMPLAINT**

Plaintiffs Eric Berger and Jason Londrigan, individually and on behalf of all others similarly situated, bring this action against Home Depot U.S.A., Inc. ("Home Depot"). In support, they allege as follows.

## I.  Introduction

1.  This is an action against Home Depot for false-reference pricing on its website, www.homedepot.com (the "Website"). False-reference pricing occurs when a seller advertises a fictitious or outdated "original" price for a product while offering that product at a substantially lower price under the guise of a sale. The resulting artificial price

disparity misleads consumers into believing that the product they are buying has a higher market value than the price offered, thereby inducing them into purchasing the product at what appears to be a "bargain."

2. False-reference pricing schemes artificially increase demand for deceptively priced products and induce customers to pay more based on a false impression of their value. They also cause consumers to purchase products that they otherwise would not. Such schemes thereby enable retailers like Home Depot to make sales they otherwise wouldn't and sell products above their true market price and value—all to their customers' detriment.

3. Georgia and federal law specifically prohibit this type of false advertising. Georgia's Fair Business Practices Act prohibits "mak[ing] false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions."[1] The Georgia Attorney General's Consumer Protection Division notes that "[u]nlawful activities that are prohibited by the Fair Business Practices Act include . . . [m]aking false or misleading statements about sale prices," such as advertising an item for sale when that item "has been offered at that price

---

[1] O.C.G.A. § 10-1-393(b)(11).

for the past month."[2] Similarly, the Federal Trade Commission's Guide Against Deceptive Pricing states that "where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction[,] the 'bargain' being advertised is a false one; the purchaser is not receiving the unusual value he expects."[3]

4.      Home Depot has perpetrated, and continues to perpetrate, a false-reference pricing scheme on a massive scale. It has willfully violated Georgia law by falsely advertising items as discounted for more than three months and, in many cases, advertising products as discounted from a price at which they were *never* offered. And it has brazenly continued to do so since this lawsuit was filed.

5.      The Plaintiffs, Eric Berger and Jason Londrigan, purchased products through the Website in reliance on Home Depot's misleading advertising. They were motivated by the reasonable but false belief that they were getting limited-time bargains. Neither of them would have purchased these products in the absence of Home Depot's deceptive false-reference prices.

---

[2] Georgia Attorney General's Consumer Protection Division, *Statutes We Enforce*, available at: https://consumer.georgia.gov/organization/about-us/statutes-we-enforce.

[3] 16 C.F.R. § 233.1.

6. Home Depot deceived numerous other customers in the same way it deceived the Plaintiffs. They therefore bring this action on behalf of themselves and all other natural persons who purchased one or more products from Home Depot that were deceptively represented as discounted from a false-reference price.

## II. Parties

7. Plaintiff Eric Berger is an individual citizen of the State of Texas and resident of Harris County, Texas.

8. Plaintiff Jason Londrigan is an individual citizen of the State of Texas and resident of Tarrant County, Texas.

9. Defendant Home Depot is a Delaware corporation with its headquarters in Atlanta, Georgia.

## III. Jurisdiction & Venue

10. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act.[4] The amount in controversy, exclusive of interest and costs, exceeds the sum of $5,000,000.00 and at least some members of the proposed class have a different citizenship than the Defendant. The proposed class consists of at least 100 members and none of the exceptions under § 1332 apply to this claim.

---

[4] 28 U.S.C. § 1332(d)(2).

11.     Home Depot has its corporate headquarters in Atlanta, Georgia, and is thus subject to general personal jurisdiction in this district. This district is an appropriate venue for this action because a substantial part of the events giving rise to the claims at issue occurred at Home Depot's headquarters here.[5]

### IV.     Factual Allegations

12.     Home Depot is the world's largest home-improvement retailer, operating more than 2,000 physical stores across North America. Its 2022 revenue from sales to United States consumers was $1.53 billion. Approximately fourteen percent of those revenues were attributable to online purchases on the Website. Home Depot's website consistently ranks in the top 50 most-visited websites by United States residents. It receives nearly 250 million visits each month.

13.     Home Depot has perpetrated in a massive consumer-deception campaign through its use of false-reference pricing practices, to the detriment of the Plaintiffs and the proposed class. In this campaign, Home Depot has made widespread use of misleading "strikethrough" pricing. Strikethrough pricing refers to a sales strategy in which a retailer displays two different prices on a sales listing, with one

---

[5] 28 U.S.C. § 1391(b)(1)-(2).

representing a 'discount' price and the other a 'reference' price that is struck through with a solid line. Consumers consistently understand such pricing to mean that the "strikethrough" price is a price at which the seller recently offered the product, with the discount price representing an opportunity for limited-time cost savings.

14. As detailed below, Home Depot listed numerous products on its website at false-reference strikethrough prices for many months on end, and numerous others at strikethrough prices at which they were *never* sold. The Plaintiffs here, and numerous other consumers, understood these listings to indicate that Home Depot had recently offered the products listed at the strikethrough price, and thus that they would get a bargain by purchasing the product.

15. Home Depot's deceptive-pricing scheme had the intended effect. In reasonable reliance on Home Depot's deceptive advertising, numerous consumers bought products that they would not otherwise have purchased at artificially inflated prices.

### A. Home Depot's Motivations

16. False-reference pricing schemes are highly profitable. Consumers frequently lack fundamental information about a product and as a result often rely on information from sellers to make purchasing

decisions, especially when a product's value or quality is otherwise difficult to discern.

17. False-reference pricing schemes take advantage of several well-document aspects of consumer psychology. First, consumers view a product's price as an indicator of that product's quality. Accordingly, advertising a product at a fictitious or outdated "false reference" price creates an artificially inflated impression of the product's quality, causing consumers to believe they are purchasing a higher-grade product.

18. Second, an indication that a product is being sold at a price lower than a higher "reference price" creates the impression that there is a "bargain" or "deal" to be had. Studies have repeatedly shown that the *experience* of obtaining a product at a perceived bargain is valuable to consumers—and that the fleeting nature of such bargains creates a sense of urgency, causing consumers to make purchases that they would not otherwise make.

19. Third, it is well-known that consumer demand can be influenced by both "internal" and "external" reference prices. Internal-reference prices are prices stored in a consumer's memory, while external-reference prices are provided by the observed stimuli in the purchase environment. Researchers report that consumers' internal reference prices adjust toward external reference prices when valuing a product.

This is especially true for products purchased infrequently, such as the the large appliances purchased by the Plaintiffs and numerous members of the proposed class. Because consumers have relatively few internal price references for these products, the deceptive potential of false-reference prices is much greater.

20. Home Depot understood that for all these reasons, consumers are vulnerable to perceived bargains. It thus had substantial financial interest in exploiting these tendencies by inducing consumers into believing they were receiving bargains even when they were not. It did so on a large scale by engaging in false-reference pricing on the Website.

## B.     The False-Reference Pricing Scheme

21.     Home Depot advertised numerous purportedly discounted items for sale on the Website by the following means. When a site visitor searches for "Dryer," for example, the search results displayed include a prominently displayed link to "Special Buy" products, which invites the customer to "Shop Savings." These pages are displayed to customers as follows.



22. When the customer navigates to the "Special Buy" page, listings for the purportedly discounted products appear. Those listing pages, in turn, display the purportedly discounted price on the left and a strikethrough price on the right. The consumer is invited to "Save" by buying the product at the discount price, with the purported savings displayed in green as both a dollar amount and a percentage difference between the strikethrough price and discount price. These pages are displayed to customers as follows.



23. Investigation has revealed that Home Depot advertised numerous products on the Website with misleading strikethrough prices. Many such products were *never* sold at their purported original price— while others were listed at false-reference "savings" prices for many months or even years on end. Documentation of eight such product

listings is set out in Appendix 1 to this Complaint.[6] One product, a Whirlpool microwave, has been listed at various discounts from a strikethrough reference price for nearly *six years*, apparently without ever having been offered at for sale at that price during that period.

24. Home Depot's own source code makes clear that the strikethrough prices listed on its website were intended to communicate to consumers that the strikethrough prices referred to Home Depot's own past offering price for each product. The code for each "Special Buy" product page refers to the strikethrough price as the "was-price," as reflected below.

```
▼<div id="was-price">
  ▼<div class="price">
     <div class="value-price-badge__Special-Buy price-format__badge pric
     e-format__badge-align"></div>
    ▼<div class="price-format__large price-format__main-price">
       <span class="price-format__large-currency-symbols">$</span>
       <span>648</span>
       <span class="sui-sr-only">.</span>
       <span class="price-format__large-currency-symbols">00</span>
     </div>
   </div>
  ▼<div class="price-detailed__was-price">
    ▼<span class="u__strike">
      ▼<span>
         "$"
         <!-- -->
...      "999" == $0
         <!-- -->
         "."
         <!-- -->
         "00"
       </span>
     </span>
```

[6] The product listings reflected in Appendix 1 are expressly made a part of this Complaint's factual allegations, as if fully set out in this section.

25. This designation of the strikethrough price as the "was-price" shows that Home Depot intended consumers to understand the strikethrough price as the price at which that product "was" offered *by Home Depot*. Consumers, including the Plaintiffs, understood the strikethrough prices in precisely this way—and bought products from Home Depot in reliance on this understanding. This was the most reasonable interpretation of the product listings in question in light of the designation of each product as a "Special Buy," the prominent display showing the amount customers would "save" by purchasing the product as listed, and the lack of any indication that the strikethrough price should be understood in any way other than as a reference to Home Depot's own prior pricing.

26. Home Depot's strikethrough prices were misleading *even if* reasonable consumers would have understood them as comparisons to the amounts charged by other retailers. As reflected in Appendix 2 to this Complaint, the reference prices listed by Home Depot are consistently and significantly *higher* than the prices at which those products

are offered for sale by similar big-box retailers such as Best Buy, Lowe's, and Walmart.[7]

27.    For example, as of July 8, 2024, Home Depot advertised a Whirlpool microwave[8] with a strikethrough price of $399.00 and a purported discount price of $198.00. As noted above, this purported discount has been advertised on Home Depot's website for *nearly six years*, as detailed in Appendix 2. As of July 8, 2024, this same product is offered by Best Buy for $199.99, Lowe's for $199.99, and Walmart for $258.03. The other product listings described in Appendix 2 show similar disparities. Throughout the relevant period, Home Depot's website has featured numerous products with reference prices higher than the prevailing market prices for those products.

C.    The Plaintiffs' Purchases

28.    Plaintiff Eric Berger purchased one of the products that Home Depot listed with a misleading false-reference price. Mr. Berger purchased a Samsung Front Load Gas Dryer from the Website in

---

[7] The product listings reflected in Appendix 2 are expressly made a part of this Complaint's factual allegations, as if fully set out in this section.

[8] Whirlpool 1.7 cu. ft. Over the Range Microwave in Stainless Steel with Electronic Touch Controls.

November 2023 at a price of $798.00.[9] The unit was advertised at a purported thirty-three percent discount from its strikethrough price of $1,199.00. But the dryer Mr. Berger purchased had been listed at various "sale" prices far below the $1,199.00 strikethrough price since at least September 2023.

29.     Mr. Berger interpreted the strikethrough price advertised on Home Depot's website as indicating that this product was being sold at a limited-time discount from a price at which Home Depot had recently offered it. This motivated him to purchase the product right away, to take advantage of what he perceived to be a fleeting deal.

30.     The long-advertised "discount" on the dryer Mr. Berger purchased induced him to purchase the product, and the artificial demand created by Home Depot's false-reference pricing scheme caused him to pay more than he would have otherwise. He would not have purchased this product from Home Depot were it not for the deceptive strikethrough price that Home Depot listed on the product page.

31.     Home Depot did not intend the strikethrough price it advertised to Mr. Berger to serve as a comparison price to what other retailers charged for the same product, and Mr. Berger did not

---

[9] Samsung 7.4 cu. ft. Vented Smart Front Load Gas Dryer with Steam Sanitize+ in Brushed Black.

understand it this way. But, in any event, Home Depot lists this product at reference price *higher* than the prevailing market price. As of July 8, 2024, Home Depot lists this product with a $1,399.00 strikethrough reference price. As of this same date, Samsung's website lists this dryer for sale at $1,259.00. On information and belief, a similar disparity existed at the time Mr. Berger purchased his dryer from Home Depot.

32. Plaintiff Jason Londrigan purchased another of the products that Home Depot listed with a misleading false-reference price. Mr. Londrigan purchased a Samsung Top-Load Washer[10] from the Website in September 2023 at a price of $578.00. The unit was advertised at a purported thirty-five percent discount from its strikethrough price of $899.00. But, on information and belief, the washer Mr. Londrigan purchased had been listed at various "sale" prices far below the $899.00 strikethrough price for many months prior. In the months since Mr. Londrigan's purchase, this washer has *never* been sold at its "original" price—with "discount" prices ranging from $550.00 to $800.00.

33. Mr. Londrigan interpreted the strikethrough price advertised on Home Depot's website as indicating that this product was being sold at a limited-time discount from a price that Home Depot had

---

[10] Samsung 5 cu. ft. High-Efficiency Top Load Washer with Impeller and Active Water Jet in White.

offered the product in the past. This motivated him to purchase the product right away, to take advantage of what he perceived to be a fleeting deal.

34. The long-advertised "discount" on the dryer Mr. Londrigan purchased induced him to purchase the product, and the artificial demand created by Home Depot's false-reference pricing scheme caused him to pay more than he would have otherwise. He would not have purchased this product from Home Depot were it not for the deceptive strikethrough price that Home Depot listed on the product page.

35. Home Depot did not intend the strikethrough price it advertised to Mr. Londrigan to serve as a comparison price to what other retailers charged for the same product, and Mr. Londrigan did not understand it this way. But, in any event, Home Depot lists this product at reference price *higher* than the prevailing market price. As of July 8, 2024, Home Depot lists this product with an $899.00 strikethrough reference price. Samsung's website lists this dryer for sale at $809.00. On information and belief, a similar disparity existed at the time Mr. Londrigan purchased his washer from Home Depot.

36. The events described above notwithstanding, both Mr. Berger and Mr. Londrigan would consider patronizing Home Depot again *if* it discontinued the deceptive practices described herein. But they

cannot be assured that the prices listed on Home Depot's website are reliable absent the injunctive relief requested herein.

### D. Home Depot's Exclusive Products

37. Home Depot's false-reference pricing included and continues to include products sold exclusively at Home Depot. These include but are not limited to products offered under the brand names Glacier Bay, Ryobi, Husky, Hampton Bay, Everbilt, Defiant, LifeProof, and HDX—each of which has an exclusive-retailer relationship with Home Depot. In addition, Home Depot is the exclusive retailer of particular products or product lines for a variety of other brands. And its deceptive pricing scheme applied to these exclusive products too.

38. To take but one example, Home Depot's website lists an American Standard toilet[11] with a prominent notice that this product is "Exclusive" to Home Depot. As of July 8, 2024, this product was listed on the Website at a purported discount price of $287.00, with a strikethrough price of $338.10. This same product was listed at a discount price of $289.00 with a strikethrough price of $338.10 as of January 18, 2024—nearly six months prior. Publicly available product reviews indicate that droves of customers purchased this product at the

---

[11] American Standard Lexington 2-Piece 1.28 GPF Single Flush Elongated Toilet in White.

purported "savings" price during the period that the deceptive strikethrough pricing has been displayed. Home Depot sold numerous exclusive products to its customers on the basis of deceptive strikethrough prices throughout the relevant period.

## V. Tolling & Discovery Rule

39. All applicable statutes of limitations have been tolled by the delayed-discovery doctrine. Reasonable consumers of ordinary technical skill do not repeatedly check product listings over periods of months or years and track the veracity of purported discounts. Nor do they have the technical abilities required to gather and analyze archival materials or website source code. For these reasons, Plaintiffs and the members of the proposed class could not reasonably be expected to have discovered the deceptive practices described herein prior to initiation of this litigation.

## VI. Class Allegations

40. Plaintiffs bring this action on behalf of themselves and all other similarly situated class members pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3). They seek certification of the following class in this matter (the "Class"):

> All persons who purchased one or more products from www.homedepot.com at discounts from an advertised

reference price during the Class Period, and who have not received a refund or credit for their purchase(s).

41. Excluded from the Class are Home Depot, as well as its officers, employees, agents or affiliates, parent companies and/or subsidiaries, and each of their respective officers, employees, agents or affiliates, and any judge who presides over this action.

42. Plaintiffs reserve the right to expand, limit, modify, or amend this Class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, inter alia, changing circumstances or new facts obtained in discovery.

43. The "Class Period" is the time period beginning on the date established by the Court's determination of any applicable statutes of limitations, after consideration of any tolling, discovery, concealment, and accrual issues, and ending on the date of entry of judgment.

44. **Numerosity**. Members of the Class are so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe that the proposed Class contains at least thousands of individuals who have been damaged by Home Depot's conduct as alleged herein. The precise number of Class members is unknown at this time, but Plaintiffs expect it can be established through Home Depot's records.

45. **Commonality & Predominance**. This action involves common questions of law and fact that predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

a. whether, during the Class Period, Home Depot used advertised false reference prices on products sold through the Website;

b. whether, during the Class Period, the original price advertised by Home Depot was the prevailing market price for the products in question during the three months period preceding the dissemination and/or publication of the advertised former prices;

c. whether Home Depot's alleged conduct constitutes violations of the laws asserted;

d. whether Home Depot engaged in unfair, unlawful and/or fraudulent business practices under the laws asserted;

e. whether Home Depot engaged in false or misleading advertising;

f. whether Plaintiffs and Class members are entitled to damages and/or restitution and the proper measure of that loss;

g. whether an injunction is necessary to prevent Home Depot from continuing to use false, misleading or illegal price comparison, and;

h. whether Plaintiffs and the Class are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

46. **Typicality**. Plaintiffs' claims are typical of the claims of the Class members because, inter alia, all Class members have been deceived (or were likely to be deceived) by Home Depot's false and deceptive price advertising scheme, as alleged herein. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all Class members.

47. **Adequacy**. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no antagonistic or adverse interest to those of the Class.

48. **Superiority**. The nature of this action and the nature of laws available to Plaintiffs and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to them and the Class for the wrongs alleged. The damages or other financial detriment suffered by individual Class members is

relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Home Depot. It would thus be virtually impossible for Plaintiffs and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent the class action, Class members and the public would not likely recover, or would not likely have the chance to recover, damages, restitution, or injunctive relief, and Home Depot will be permitted to retain the proceeds of its misdeeds.

49. All Class members, including Plaintiffs, were exposed to one or more of Home Depot's misrepresentations or omissions of material fact in advertising false reference prices. Due to the scope and extent of Home Depot's consistent false sale prices, advertising scheme, disseminated in a constant years-long campaign to consumers, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class. In addition, it can be reasonably presumed that all members of the Class, including Plaintiffs, affirmatively acted in response to the representations contained in Home Depot's false advertising scheme when purchasing products sold through Home Depot's e-commerce website.

50. **Ascertainability**. Home Depot keeps extensive records of its customers through their online sales data, as well as through

general marketing programs. Home Depot has one or more databases through which all, or a significant majority of, Class members may be identified and ascertained, and they maintain contact information, including email and home address, through which notice of this action could be disseminated in accordance with due-process requirements.

### VII. Causes of Action

51. Plaintiffs hereby bring the following causes of action against Home Depot. All the preceding allegations are incorporated into each cause of action as if fully restated therein.

**COUNT ONE**
**VIOLATION OF GEORGIA FAIR BUSINESS PRACTICES ACT ("FBPA")**
**O.C.G.A. § 10-1-393**

52. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Home Depot for violations of the Georgia Fair Business Practices Act ("FBPA").[12]

53. Plaintiffs bring this action as members of the consuming public who have suffered damages because of Home Depot's deceptive acts and practices. These practices have had and have the potential to have a harmful effect on the general consuming public.

---

[12] O.C.G.A. § 10-1-393.

54. Under the FBPA, unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are unlawful.

55. Home Depot is an entity that can be sued under the FBPA.

56. The Plaintiffs, and the members of the proposed Class, are natural persons and thus "consumers" within the meaning of the statute.

57. Plaintiffs have satisfied the statute's demand requirement.

58. Home Depot's false-reference pricing scheme described above is a practice intended to encourage consumer transactions—*i.e.*, the sale of goods for household purposes—and is thus a "consumer act or practice" within the meaning of the statute.

59. The FBPA provides a list of deceptive trade practices giving rise to liability under the statute, but also provides that the scope of unfair and deceptive trade practices under the statute is not limited to the specific practices listed. Home Depot's false-reference pricing scheme described above violates at least one of the specifically prohibited practices because, in perpetrating this scheme, Home Depot has repeatedly "ma[de] false or misleading statements concerning the

reasons for, existence of, [and] amounts of price reductions."[13] In addition, by perpetrating the false-reference pricing scheme described above, Home Depot engaged in a course of deceptive trade practices under the statute's general definition of such practices.[14]

60.     Home Depot engaged in the deceptive false-reference pricing scheme described above intentionally, motivated by its desire to increase its sales and artificially inflate the prices of its products at the expense of consumers.

61.     Home Depot's deceptive false-reference pricing scheme did in fact artificially inflate the prices of its products and thereby caused financial damage to Plaintiffs and the members of the proposed Class.

62.     Home Depot continues to engage in false-reference pricing as of the date of the filing of this Amended Complaint.

## COUNT II
### FRAUD

63.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Home Depot for common-law fraud under the law of the state of Georgia.

---

[13] O.C.G.A. § 10-1-393(b)(11).

[14] *Id*. § 10-1-393(a).

64.     As set out in detail above, Home Depot made false and misleading statements of fact and omitted material information concerning the existence of and amounts of the purported price reductions listed on its website. These representations were false because the false reference prices advertised in connection with products offered on the Website misled and continue to mislead consumers into believes that these same products were recently offered for sale by Home Depot at the "strikethrough" prices advertised.

65.     Home Depot knew that its representations about product pricing were false when made, or at least made them with recklessly and with disregard for their truth. Home Depot knew the items Plaintiffs and the class members purchased had not recently been offered or sold on the Website at the substantially higher strikethrough prices, and in many instances had never been offered at those prices.

66.     Home Depot made these representations with the intent that Plaintiffs and the class members would rely on them and spend money they would not otherwise have spent, or that they would spend more money for an item than they otherwise would have absent the deceptive marketing scheme. It engaged in this course of conduct with the intent to maximize its profit to the detriment of its customers.

67. Plaintiffs and the class members reasonably relied on Home Depot's misrepresentations. Absent those misrepresentations, they would not have purchased the items they did, or at least would have paid less for them due to the absence of artificial demand generated by Home Depot's deceptive-pricing scheme.

68. As a direct and proximate result of Home Depot's conduct, Plaintiffs and the class members have suffered damages in an amount to be proven at trial.

## COUNT III
### NEGLIGENT MISREPRESENTATION

69. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Home Depot for negligent misrepresentation under the laws of the state of Georgia.

70. As set out in detail above, Home Depot made false and misleading statements of fact and omitted material information concerning the existence of and amounts of the purported price reductions listed on the Website. These representations were false because the false reference prices advertised in connection with products offered on the Website misled and continue to mislead consumers into believes that these same products were recently offered for sale by Home Depot at the "strikethrough" prices advertised.

71. Home Depot had a duty to disclose the truth about its product prices, including by disclosing that the reference prices advertised and published on the Website were not prices at which it had recently sold the relevant products, if at all.

72. Home Depot breached its duty to advertise its products truthfully by advertising these products with the false-reference prices described herein. Home Depot should have known that its misrepresentations were false when made.

73. Plaintiffs and the class members reasonably relied on Home Depot's misrepresentations. Absent those misrepresentations, they would not have purchased the items they did, or at least would have paid less for them due to the absence of artificial demand generated by Home Depot's deceptive-pricing scheme.

74. As a direct and proximate result of Home Depot's conduct, Plaintiffs and the class members have suffered damages in an amount to be proven at trial.

## VIII. Relief Sought

75. On behalf of themselves and all other members of the proposed Class, Plaintiffs request that the Court award relief against Home Depot.

a.    An order certifying the Class and designating Plaintiffs as the Class Representatives and their counsel as the Class Counsel;

b.    An award of actual, statutory, and punitive damages to the Plaintiffs and the members of the Class, including triple damages as authorized by statute in light of Home Depot's intentional conduct;

c.    An award of declaratory and injunctive relief, as permitted by law or equity, enjoining Home Depot from continuing the unlawful practices described herein, and directing Home Depot to identify, with Court supervision, victims of its misconduct and compensate them for the damages suffered;

d.    An order directing Home Depot to engage in a corrective advertising and notice campaign;

e.    An award of attorneys' fees and costs, and;

f.    Such other and further relief as the Court may deem necessary or appropriate.

## IX.   Demand for Jury Trial

76.    Plaintiffs demand a jury trial for all the claims so triable.

# APPENDIX 1

| Product 1: GE 25.3 cu. ft. Side by Side Refrigerator in Fingerprint Resistant Stainless Steel, Standard Depth | | |
|---|---|---|
| Date | Discount Price | Strikethrough Price |
| 7/8/2024 | $1,098.00 | $1799.00 |
| 3/21/2024 | $998.00 | $1799.00 |
| 12/25/2023 | $1,198.00 | $1799.00 |
| 12/19/2023 | $1,198.00 | $1799.00 |
| 12/13/2023 | $1,198.00 | $1799.00 |
| 12/3/2023 | $1,198.00 | $1799.00 |
| 10/31/2023 | $1,198.00 | $1799.00 |
| 10/23/2023 | $1,198.00 | $1799.00 |
| 10/14/2023 | $1,198.00 | $1799.00 |
| 9/29/2023 | $1,198.00 | $1799.00 |
| 9/22/2023 | $1,198.00 | $1799.00 |
| 9/5/2023 | $1,198.00 | $1799.00 |
| 8/21/2023 | $1,198.00 | $1799.00 |
| 7/31/2023 | $1,198.00 | $1799.00 |
| 7/24/2023 | $1,198.00 | $1799.00 |
| 01/15/2023 | $1,348.00 | $1549.00 |
| 11/10/2022 | $1,198.00 | $1799.00 |

**Product 2: Samsung 4.5 cu. ft. High-Efficiency Front Load Washer with Self-Clean+ in Brushed Black**

| Date | Discount Price | Strikethrough Price |
|---|---|---|
| 7/8/2024 | $598.00 | $999.00 |
| 3/18/2024 | $648.00 | $999.00 |
| 1/20/2024 | $648.00 | $999.00 |
| 12/25/2023 | $628.00 | $999.00 |
| 12/12/2023 | $628.00 | $999.00 |
| 12/5/2023 | $628.00 | $999.00 |
| 11/29/2023 | $548.00 | $999.00 |
| 11/22/2023 | $598.00 | $999.00 |
| 11/15/2023 | $628.00 | $999.00 |
| 11/8/2023 | $628.00 | $999.00 |
| 10/17/2023 | $628.00 | $999.00 |
| 10/10/2023 | $628.00 | $999.00 |
| 10/3/2023 | $628.00 | $999.00 |
| 9/28/2023 | $628.00 | $999.00 |
| 9/21/2023 | $628.00 | $999.00 |
| 9/14/2023 | $628.00 | $999.00 |
| 9/7/2023 | $628.00 | $999.00 |
| 04/19/2023 | $678.00 | $999.00 |
| 11/10/2022 | $648.00 | $999.00 |

**Product 3: Whirlpool 24 in. Fingerprint Resistant Stainless Steel Top Control Dishwasher**

| Date | Discount Price | Strikethrough Price |
|---|---|---|
| 7/8/2024 | $458.00 | $679.00 |
| 4/10/2024 | $448.00 | $679.00 |
| 1/20/2024 | $498.00 | $679.00 |
| 12/27/2023 | $611.00 | $829.00 |
| 12/19/2023 | $448.00 | $829.00 |
| 12/12/2023 | $448.00 | $829.00 |
| 12/5/2023 | $398.00 | $829.00 |
| 11/28/2023 | $398.00 | $829.00 |
| 11/21/2023 | $398.00 | $829.00 |
| 11/14/2023 | $398.00 | $829.00 |
| 11/7/2023 | $398.00 | $829.00 |
| 10/31/2023 | $398.00 | $829.00 |
| 12/12/2022 | $548.00 | $679.00 |
| 10/05/2022 | $578.00 | $679.00 |

| Product 4: Whirlpool 1.7 cu. ft. Over the Range Microwave in Stainless Steel with Electronic Touch Controls | | |
|---|---|---|
| *Date* | *Discount Price* | *Strikethrough Price* |
| 7/8/2024 | $198.00 | $399.00 |
| 4/19/2024 | $198.00 | $399.00 |
| 2/24/2024 | $228.00 | $399.00 |
| 12/26/23 | $228.00 | $399.00 |
| 12/19/2023 | $228.00 | $399.00 |
| 12/12/2023 | $198.00 | $399.00 |
| 12/19/2023 | $198.00 | $399.00 |
| 12/5/2023 | $198.00 | $399.00 |
| 11/28/2023 | $198.00 | $399.00 |
| 11/21/2023 | $198.00 | $399.00 |
| 11/14/2023 | $198.00 | $399.00 |
| 11/7/2023 | $198.00 | $399.00 |
| 11/1/2023 | $198.00 | $399.00 |
| 11/25/2022 | $228.00 | $399.00 |
| 10/04/2019 | $228.00 | $319.00 |
| 10/30/2018 | $198.00 | $210.00 |

**Product 5: GE Profile 5.0 cu. ft. High-Efficiency Smart Top Load Washer in Diamond Gray with Microban Technology**

| Date | Discount Price | Strikethrough Price |
| --- | --- | --- |
| 1/18/2024 | $698.00 | $999.00 |
| 12/25/2023 | $698.00 | $999.00 |
| 12/12/2023 | $698.00 | $999.00 |
| 12/5/2023 | $628.00 | $999.00 |
| 11/29/2023 | $628.00 | $999.00 |
| 11/22/2023 | $628.00 | $999.00 |
| 11/15/2023 | $628.00 | $999.00 |
| 11/8/2023 | $628.00 | $999.00 |
| 11/1/2023 | $628.00 | $999.00 |
| 10/19/2023 | $698.00 | $999.00 |
| 10/12/2023 | $698.00 | $999.00 |
| 10/5/2023 | $698.00 | $999.00 |
| 9/28/2023 | $698.00 | $999.00 |
| 9/21/2023 | $698.00 | $999.00 |
| 9/14/2023 | $698.00 | $999.00 |
| 9/7/2023 | $698.00 | $999.00 |
| 8/29/2023 | $698.00 | $999.00 |

**Product 6: GE Profile 36 in. 5 Burner Element Smart Smooth Induction Touch Control Cooktop in Black**

| Date | Discount Price | Strikethrough Price |
|---|---|---|
| 7/8/2024 | $598.00 | $2665.00 |
| 1/18/2024 | $698.00 | $2665.00 |
| 12/26/2023 | $2,098.00 | $2665.00 |
| 12/18/2023 | $2,098.00 | $2665.00 |
| 12/11/2023 | $2,098.00 | $2665.00 |
| 12/5/2023 | $1,998.00 | $2665.00 |
| 11/28/2023 | $1,998.00 | $2665.00 |
| 11/21/2023 | $1,998.00 | $2665.00 |
| 11/14/2023 | $1,998.00 | $2665.00 |
| 11/7/2023 | $1,998.00 | $2665.00 |
| 10/31/2023 | $2,098.00 | $2665.00 |
| 7/14/2023 | $1,998.00 | $2665.00 |

| Product 7: GE 30 in. 5.0 cu. ft. Freestanding Gas Range in Stainless Steel with Griddle | | |
|---|---|---|
| *Date* | *Discount Price* | *Strikethrough Price* |
| 4/18/2024 | $698.00 | $949.00 |
| 2/15/2024 | $648.00 | $949.00 |
| 12/25/23 | $648.00 | $849.99 |
| 12/19/2023 | $648.00 | $849.99 |
| 12/12/2023 | $648.00 | $849.99 |
| 12/4/2023 | $648.00 | $849.99 |
| 11/28/2023 | $648.00 | $849.99 |
| 11/21/2023 | $648.00 | $849.99 |
| 11/14/2023 | $648.00 | $849.99 |
| 11/7/2023 | $648.00 | $849.99 |
| 11/1/2023 | $648.00 | $849.99 |
| 9/29/2023 | $648.00 | $849.99 |
| 9/22/2023 | $648.00 | $849.99 |
| 9/15/2023 | $648.00 | $849.99 |
| 9/8/2023 | $648.00 | $849.99 |
| 9/1/2023 | $648.00 | $849.99 |
| 8/25/2023 | $648.00 | $849.99 |

**Product 8: LG 24 in. Stainless Steel Front Control Dishwasher with QuadWash, 3rd Rack & Dynamic Dry, 48 dBA**

| Date | Discount Price | Strikethrough Price |
|---|---|---|
| 2/23/2024 | $548.00 | $849.00 |
| 12/26/23 | $598.00 | $849.00 |
| 12/19/2023 | $598.00 | $849.00 |
| 12/12/2023 | $548.00 | $849.00 |
| 12/6/2023 | $548.00 | $849.00 |
| 11/29/2023 | $548.00 | $849.00 |
| 11/21/2023 | $548.00 | $849.00 |
| 11/15/2023 | $548.00 | $849.00 |
| 11/9/2023 | $548.00 | $849.00 |
| 11/1/2023 | $548.00 | $849.00 |
| 05/12/2023 | $548.00 | $849.00 |

# APPENDIX 2

**Product 1: 25.3 cu. ft. Side by Side Refrigerator in Fingerprint Resistant Stainless Steel, Standard Depth**

**Pricing as of: 7/8/2024**

| Home Depot Reference Price | Best Buy Offering Price | Lowe's Offering Price | Walmart Offering Price |
|---|---|---|---|
| $1,799.00 | $1,099.99 | $1,099.99 | $1,098.00 |

**Product 2: Samsung 4.5 cu. ft. High-Efficiency Front Load Washer with Self-Clean+ in Brushed Black**

**Pricing as of: 7/8/2024**

| Home Depot Reference Price | Best Buy Offering Price | Lowe's Offering Price | Walmart Offering Price |
|---|---|---|---|
| $999.99 | $629.99 | $628.00 | $624.00 |

**Product 3: Whirlpool 24 in. Fingerprint Resistant Stainless Steel Top Control Dishwasher**

**Pricing as of: 7/8/2024**

| Home Depot Reference Price | Best Buy Offering Price | Lowe's Offering Price | Walmart Offering Price |
|---|---|---|---|
| $999.99 | $629.99 | $628.00 | $624.00 |

**Product 4: Whirlpool 1.7 cu. ft. Over the Range Microwave in Stainless Steel with Electronic Touch Controls**

**Pricing as of: 7/8/2024**

| Home Depot Reference Price | Best Buy Offering Price | Lowe's Offering Price | Walmart Offering Price |
|---|---|---|---|
| $399.00 | $199.99 | $199.00 | $285.03 |

**Product 5: GE Profile 36 in. 5 Burner Element Smart Smooth Induction Touch Control Cooktop in Black**

**Pricing as of: 7/8/2024**

| Home Depot Reference Price | Best Buy Offering Price | Lowe's Offering Price | |
|---|---|---|---|
| $2,777.00 | $2,299.99 | $2,299.00 | |

//

Dated: July 8, 2024

Respectfully submitted,

**CROSS KINCAID LLC**
Meredith C. Kincaid
Georgia Bar No. 148549
Anna Green Cross
Georgia Bar No. 306674
315 W. Ponce de Leon Avenue
Suite 715
Decatur, GA 30030
Phone: (404) 948-3022
meredith@crosskincaid.com
anna@crosskincaid.com

**DON BIVENS, PLLC**
Don Bivens
AZ Bar No. 005134
don@donbivens.com
Teresita T. Mercado
AZ Bar No. 020578
teresita@donbivens.com
o. (602) 708-1450
15169 N. Scottsdale Road
Scottsdale, Arizona 85254
Admitted *Pro Hac Vice*

**THE HODA LAW FIRM, PLLC**

*/s/ Marshal J. Hoda*
Marshal J. Hoda
Texas Bar No. 24110009
mar-shal@thehodalawfirm.com
o. (832) 848-0036
12333 Sowden Road
Suite B, PMB 51811
Houston, TX 77080
Admitted *Pro Hac Vice*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in Century Schoolbook 13-point font in accordance with Local Rule 5.1(C).

This 8th day of July 2024.

<div align="right">

*/s/ Marshal J. Hoda*
Marshal J. Hoda
TX Bar No. 24110009
Admitted *Pro Hac Vice*

</div>