IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC BERGER and JASON LONDRIGAN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendant. | Civil Action No. 1:24-CV-01435-VMC<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO CONSOLIDATE AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 42(a), Defendant Home Depot U.S.A., Inc. ("Home Depot") respectfully moves this Court to consolidate this action with *Culbertson v. Home Depot U.S.A., Inc.*, 1:24-cv-02666-VMC (N.D. Ga.) ("*Culbertson*").[1]  This action and *Culbertson* involve overlapping putative class action claims that challenge overlapping Home Depot pricing practices.  *See Berger*, Dkt. 28 ¶¶ 1, 40 (seeking to represent a nationwide class challenging alleged "false-reference pricing"); *Culbertson*, Dkt. 1 ¶¶ 3, 94 (seeking to represent a nationwide class challenging alleged "false reference pricing").  The Eleventh Circuit strongly encourages courts to consolidate similar actions to conserve the valuable time and

---

[1] Simultaneously herewith, Home Depot is filing a substantially identical motion in *Culbertson*.  Both actions are pending before this Court.

resources of the Court and the parties, as well as to avoid potential inconsistent rulings between cases. The Court and the parties to these actions would benefit immensely from consolidation for these very reasons. Each action is in its initial stage before Home Depot has filed a responsive pleading to the operative complaint, making this the apt time for consolidation.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

On April 4, 2024, Plaintiffs Eric Berger and Jason Londrigan filed a Class Action Complaint in this case. *Berger* Dkt. 1. In that complaint, Plaintiffs asserted a single claim alleging that Home Depot's use of reference pricing—listing a higher price alongside a lower price (the latter which the consumer ultimately pays)—violates the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. §§ 10-1-390 *et seq.*, in supposedly misleading consumers into believing they are receiving a discount on a product that Plaintiffs contend they do not actually receive. *Id.* ¶¶ 31–41. Plaintiffs sought to represent themselves and a nationwide class of consumers who purchased one or more products listed for sale on Home Depot's website. *Id.* ¶ 21. On June 17, 2024, Home Depot timely moved to dismiss Plaintiffs' complaint. *Berger* Dkt. 24. Rather than respond to the motion, Plaintiffs filed an amended complaint on July 8, 2024 that includes FBPA, fraud, and negligent

---

[2] Home Depot is conferring with counsel for the plaintiffs in both actions regarding the prospect of a consented-to extension of the responsive pleading deadline in each action pending resolution of consolidation.

misrepresentation claims that challenge the same conduct at issue in the original complaint. *Berger* Dkt. 28. Plaintiffs continue to seek to represent a nationwide class of consumers. *Id.* ¶ 40.

On June 20, 2024, plaintiffs Kevin Culbertson, Maria Gonzalez, and Grace Condon filed a Class Action Complaint. *Culbertson* Dkt. 1. In *Culbertson*, the plaintiffs also challenge Home Depot's use of reference pricing as being purportedly misleading. *Id.* ¶¶ 5–14. As in the amended complaint in *Berger*, the plaintiffs in *Culbertson* assert FBPA, fraud, and negligent misrepresentation claims. *Id.* ¶¶ 109–44. In addition, they assert claims under three California consumer protection statutes: the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, and the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq. Id.* ¶¶ 145–207. The plaintiffs in *Culbertson* purport to represent a nationwide class of consumers who purchased products from Home Depot, and they seek to certify a subclass of California residents. *Id.* ¶ 94.

In both actions, Home Depot's responsive pleading is due on August 19, 2024.[3] *Berger* Dkt. 31; *Culbertson* Dkt. 11.

---

[3] In addition to *Berger* and *Culbertson*, there is a third related action pending in the Eastern District of California, styled *Timmins v. The Home Depot U.S.A., Inc.*, Case No. 2:24-cv-01141-CSK (E.D. Cal.) ("*Timmins*"). Home Depot has moved to transfer that case to the Northern District of Georgia to be with *Berger* and *Culbertson*.

**ARGUMENT AND CITATION OF AUTHORITY**

**I.     The Federal Rules Allow for Consolidation of *Berger* and *Culbertson*.**

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The rule "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta ex rel. DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995) (citation omitted). "The Rule is permissive and vests a purely discretionary power in the district court," *id.*, and "[t]he trial court's managerial power is especially strong and flexible in matters of consolidation." *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Courts in the Eleventh Circuit are "urged . . . to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (citation omitted).

The *Berger* and *Culbertson* actions involve questions of law and fact common to each other which permit consolidation under Federal Rule of Civil Procedure 42(a).[4] Both complaints seek relief from Home Depot on behalf of a nationwide

---

[4] Home Depot notes that while the *Berger* and *Culbertson* actions contain questions of law and fact common to each other, the positions taken in this consolidation motion should not be construed as an explicit or implied admission that common

class of consumers for the use of reference pricing that allegedly misleads consumers into believing they are getting a discount that they supposedly do not receive. Both complaints also raise claims for violation of the FBPA, negligent misrepresentation, and fraud. Resolution of whether such challenged conduct is unlawful, and whether a class action can be maintained, will require the parties to engage in nearly the same discovery and the Court to address many of the same legal questions in both actions. Rule 42(a) thus allows for consolidation, and the many benefits of consolidation discussed *infra* resoundingly show that the Court should follow the Eleventh Circuit's instruction "to make good use of Rule 42(a)," *Eghnayem*, 873 F.3d at 1314, and grant consolidation. *See, e.g.*, *In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*, 2020 WL 9071422, at *1–2 (S.D. Fla. Aug. 5, 2020) (consolidating four putative class actions challenging similar conduct); *Beaulieu Grp., LLC v. Mohawk Carpet Distrib., Inc.*, 2016 WL 4607879, at *3–4 (N.D. Ga. Jan. 4, 2016) (consolidating cases against the same defendant based on different trademarks); *Mae v. S. Trace Apts., Inc.*, 2007 WL 2187382, at *2–3 (N.D. Ga. Jul. 27, 2007) (consolidating cases against different defendants under different loans where the cases concerned the same language).

---

questions of fact or law exist in or permeate throughout each putative class such that class certification could be appropriate. Home Depot denies that class treatment in either case is appropriate and reserves all rights to oppose any request for class certification on the grounds that the putative class does not satisfy the dictates of Federal Rule 23.

## II. The Resounding Benefits of Consolidation Weigh Heavily in Favor of Consolidating the *Berger* and *Culbertson* Actions.

Where consolidation is permitted under Rule 42(a), "the decision to consolidate cases is committed to the sound discretion of the trial court." *Baker v. City of Atlanta*, 2022 WL 18777369, at *1 (N.D. Ga. Mar. 8, 2022). Courts weigh the risks of prejudice and confusion against the benefits derived from consolidation, including the convenience of the parties and witnesses, the conservation of judicial resources, and the efficiency of time and expense compared to adjudicating multiple suits. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *accord Manhattan Const. Co. v. McArthur Elec., Inc.*, 2007 WL 295535, at *5 (N.D. Ga. Jan. 30, 2007) ("Consolidating actions where appropriate can help avoid needless duplication of time, effort and expense on the part of the parties and the Court in discovery and at trial."). Courts also consider that if similar cases are not consolidated, "some of them may move forward quicker than others, which may lead to inconsistent rulings." *Baker*, 2022 WL 18777369, at *2.

Consolidation is particularly warranted in these actions. Consolidation will allow the Court and the parties to save valuable resources by avoiding adjudication of the claims about Home Depot's use of reference pricing and the viability of a nationwide class action in two separate actions and will avert the possibility of inconsistent judgments. Home Depot sees no prejudice flowing from consolidation, as the cases are in a similar procedural posture before the filing of Home Depot's

responsive pleading to the operative complaints, but any possible prejudice would be vastly outweighed by the substantial benefits of consolidation. Courts routinely grant consolidation under similar circumstances. *See, e.g.*, *Eghnayem*, 873 F.3d at 1313 (affirming consolidation where the district court properly considered "the risk of inconsistent adjudications . . . , the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives"); *In re Univ. of Miami*, 2020 WL 9071422, at *1 ("[T]here is no dispute that proceeding on [multiple] nearly identical [class action] cases at the same time will burden the Court, the parties, and witnesses with unnecessary expenditures of time and resources."); *Mae*, 2007 WL 2187382, at *2 (holding that although cases involved "different corporate defendants and two separate loan transactions secured by different properties with different events of default . . . it is in the interests of judicial economy and conservation of resources to consolidate"); *Baker*, 2022 WL 18777369, at *2 ("Consolidating these cases will expedite pretrial proceedings, avoid duplication and harassment of parties and witnesses, and minimize expenditure of time and money by all.").

## **CONCLUSION**

To promote the most efficient use of the Court's limited resources and to prevent burdening the parties with the cost and delay of adjudicating separate cases,

Home Depot requests that the Court consolidate the two above-captioned cases pursuant to Federal Rule of Civil Procedure 42(a).[5]

Respectfully submitted, this 1st day of August, 2024.

/s/ *Lindsey B. Mann*
Lindsey B. Mann
GA Bar No. 431819
lindsey.mann@troutman.com
W. Alex Smith
GA Bar No. 532647
alex.smith@troutman.com
Samuel D. Lack
GA Bar No. 749769
samuel.lack@troutman.com

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree St., N.E., Suite 3000
Atlanta, Georgia 30308
T: 404.885.3000
F: 404.885.3900

*Counsel for Defendant*

---

[5] Upon the Court's grant of this motion, Home Depot will confer with counsel for plaintiffs in both actions and will propose a scheduling order for the potential filing of a Consolidated Class Action Complaint and Home Depot's response thereto.

## LOCAL RULE 7.1D CERTIFICATION

Counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1B.

This 1st day of August, 2024.

/s/ *Lindsey B. Mann*
Lindsey B. Mann
GA Bar No. 431819

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing ***Defendant Home Depot U.S.A., Inc.'s Motion to Consolidate and Incorporated Memorandum of Law in Support*** was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 1st day of August, 2024.

/s/ *Lindsey B. Mann*
Lindsey B. Mann
GA Bar No. 431819