## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ERIC BERGER, JASON LONDRIGAN, LACEY TIMMINS, KEVIN CULBERTSON, MARIA GONZALEZ, and GRACE CONDON, *individually and on behalf of all others similarly situated*, | |
| Plaintiffs, | Civil Action No. 1:24-CV-01435-VMC |
| v. | |
| HOME DEPOT U.S.A., INC., a Delaware corporation, | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS
## PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Lindsey B. Mann, GA Bar No. 431819
lindsey.mann@troutman.com
W. Alex Smith, GA Bar No. 532647
alex.smith@troutman.com
Samuel D. Lack, GA Bar No. 749769
samuel.lack@troutman.com

**Troutman Pepper Locke LLP**
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Tel: 404.885.3000
Fax: 404.885.3900

Matthew A. Macdonald, *pro hac vice*
matthew.macdonald@wsgr.com
Matthew K. Donohue, *pro hac vice*
mdonohue@wsgr.com

**Wilson Sonsini
Goodrich & Rosati, P.C.**
953 East 3rd Street, Suite 100
Los Angeles, CA 90013
Tel: 323.210.2900
Fax: 323.210.7329

*Counsel for Defendant Home Depot U.S.A., Inc.*

# <u>TABLE OF CONTENTS</u>

**Page(s)**

INTRODUCTION ............................................................................................1

BACKGROUND ............................................................................................4

    I.    Factual Allegations ...............................................................4

    II.    Procedural History................................................................6

LEGAL STANDARD.....................................................................................7

    I.    Federal Rule of Civil Procedure 12(b)(6)...................................7

    II.    Federal Rule of Civil Procedure 9(b) .......................................8

ARGUMENT AND CITATION TO AUTHORITY ..........................................9

    I.    Plaintiffs Fail to State an FBPA Claim ....................................9

        A.    Plaintiffs Fail to Allege Injury ........................................10

        B.    Plaintiffs Fail to Allege Justifiable Reliance ..................16

        C.    Plaintiffs Berger, Londrigan, and Timmins Fail to Allege a Violation of the FBPA.......................................17

    II.    Alternatively, the Court Should Dismiss California Plaintiffs' Claims Under California Law .................................20

        A.    Plaintiff Timmins' Claims Under California Law Fail.................21

        B.    Plaintiffs Culbertson's and Gonzalez's California Law Claims Fail ....................................................................22

        C.    Plaintiff Condon's Claims Under California Law Fail.................23

CONCLUSION.............................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................7, 11

*Belcastro v. Burberry Ltd.*,
    2017 WL 5991782 (S.D.N.Y. Dec. 1, 2017) ......................................15

*Belcastro v. Burberry Ltd.*,
    2017 WL 744596 (S.D.N.Y. Feb. 23, 2017) ......................................12

*Binder v. Premium Brands Opco LLC*,
    2024 WL 2978506 (S.D.N.Y. June 11, 2024) ............................14, 15

*Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*,
    135 F.3d 750 (11th Cir. 1998) ........................................................23

*Byung Ho Cheoun v. Infinite Energy*,
    2009 WL 10690518 (N.D. Ga. July 1, 2009) ..............................16, 17

*Camasta v. Omaha Steaks Int'l, Inc.*,
    2013 WL 4495661 (N.D. Ill. Aug. 21, 2013) ......................................14

*Carvalho v. HP, Inc.*,
    2022 WL 2290595 (N.D. Cal. June 24, 2022).................18, 19, 22, 24

*Clausen v. Lab'y Corp. of Am.*,
    290 F.3d 1301 (11th Cir. 2002) ..................................................20, 24

*Conservit, Inc. v. Glob. Mill Supply, Inc.*,
    2019 WL 13207586 (N.D. Ga. Nov. 12, 2019) ..........................20, 24

*Culbertson v. Home Depot U.S.A., Inc.*,
    1:24-cv-2666-VMC (N.D. Ga.) ..........................................................6

*DiCicco v. PVH Corp.*,
    2020 WL 5237250 (S.D.N.Y. Sept. 2, 2020) ............................14, 15

*Edwards-Astin v. Medtronic Minimed, Inc.*,
    2008 WL 11319723 (N.D. Ga. June 4, 2008)......................................8

*FTC v. Tashman*,
   318 F.3d 1273 (11th Cir. 2003) .......................................................................18

*Gomez v. Kohl's Corp.*,
   2024 WL 3363216 (W.D. Wis. July 9, 2024)...................................................13

*Goody Prods., Inc. v. Dev. Auth. of City of Manchester*,
   320 Ga. App. 530 (2013) ..................................................................................11

*Ham v. Lenovo (U.S.) Inc.*,
   2024 WL 1348707 (S.D.N.Y. Mar. 29, 2024)............................................14, 15

*Irvine v. Kate Spade & Co.*,
   2017 WL 4326538 (S.D.N.Y. Sept. 28, 2017) ...........................................13, 15

*Johnson v. Jos. A. Bank Clothiers, Inc.*,
   2014 WL 4129576 (S.D. Ohio. Aug. 19, 2014) ................................................13

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .......................................................................9, 21

*Leigh-Pink v. Rio Props., LLC*,
   512 P.3d 322 (Nev. 2022)..................................................................................13

*McCrary v. Pritchard*,
   119 Ga. 876 (1904) ...........................................................................................11

*Miller v. NextGen Healthcare, Inc.*,
   742 F. Supp. 3d 1304 (N.D. Ga. 2024)................................................................9

*Monopoli v. Mercedes-Benz USA, LLC*,
   2022 WL 409484 (N.D. Ga. Feb. 10, 2022)......................................................10

*Murray v. ILG Techs., LLC*,
   378 F. Supp. 3d 1227 (S.D. Ga. 2019) ..............................................................22

*Nalley v. Gen. Motors LLC*,
   2022 WL 18459646 (N.D. Ga. Aug. 30, 2022)...................................................8

*Newbauer v. Carnival Corp.*,
   26 F.4th 931 (11th Cir. 2022) .............................................................................7

*Parker v. Perdue Foods, LLC*,
  2024 WL 3993855 (M.D. Ga. Aug. 29, 2024) ....................................................23

*Purcelley v. Ekster Inc.*,
  2024 WL 2107710 (C.D. Cal. Apr. 4, 2024) ...............................................*passim*

*Shaulis v. Nordstrom, Inc.*,
  865 F.3d 1 (1st Cir. 2017) ......................................................................................13

*Small v. Savannah Int'l Motors, Inc.*,
  275 Ga. App. 12 (2005) ..........................................................................................10

*Sperling v. DSW Inc.*,
  2015 WL 13309476 (C.D. Cal. Nov. 19, 2015) .....................................................21

*Stires v. Carnival Corp.*,
  243 F. Supp. 2d 1313 (M.D. Fla. 2002)....................................................................9

*Tiismann v. Linda Martin Homes Corp.*,
  281 Ga. 137 (2006) ....................................................................................9, 16, 18

*Timmins v. The Home Depot U.S.A., Inc.*,
  2:24-cv-1141-TLN-CSK (E.D. Cal.) ................................................................6, 23

*Zeeman v. Black*,
  156 Ga. App. 82 (1980) .................................................................................16, 18

*Ziemba v. Cascade Int'l, Inc.*,
  256 F.3d 1194 (11th Cir. 2001) ...............................................................................8

**Statutes**

15 U.S.C. § 45 ...............................................................................................................18

Cal. Civ. Code §§ 1750, *et seq.* ...................................................................................7

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ...................................................................6

Cal. Bus. & Prof. Code §§ 17500, *et seq.* ...................................................................7

Cal. Bus. & Prof. Code § 17501 ...................................................................................24

O.C.G.A. §§ 10-1-390 *et seq.* ......................................................................................2

O.C.G.A. § 10-1-391 .......................................................................18

O.C.G.A. § 10-1-393 .....................................................................6, 18

**Other Authorities**

Federal Rule of Civil Procedure 9 ..............................................*passim*

Federal Rule of Civil Procedure 12 .................................................1, 7

Defendant Home Depot U.S.A., Inc. ("Home Depot") files this memorandum of law in support of its Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (the "Consolidated Complaint" or "CC"), Dkt. 40, in its entirety for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

This case challenges the routine retail practice of using reference, or strikethrough, prices. The practice involves listing a higher price (the "reference price") alongside a lower price (the "purchase price")—the latter which the consumer pays. Plaintiffs complain that the practice is misleading because (they say) the reference price is rarely charged, so the apparent discount is overstated.

The Consolidated Complaint shows Plaintiffs could have exercised due diligence like many consumers do nowadays—by shopping around. Had Plaintiffs shopped around, they could have found what they were able to determine when filing the Consolidated Complaint: Home Depot's purchase price is often below or equivalent to that charged by other retailers:

| Product[1] | Home Depot's Purchase Price | Best Buy's Purchase Price | Lowe's Purchase Price | Walmart's Purchase Price |
|---|---|---|---|---|
| GE Refrigerator | $1,098.00 | $1,099.99 | $1,099.99 | $1,098.00 |
| Samsung Washer | $598.00 | $629.99 | $628.00 | $624.00 |
| Whirlpool Dishwasher | $458.00 | $629.99 | $628.00 | $624.00 |
| Whirlpool Microwave | $198.00 | $199.99 | $199.00 | $285.03 |
| GE Induction Cooktop | $598.00 | $2,299.99 | $2,299.00 | n/a |

But Plaintiffs do not contend that they exercised due diligence, by shopping around or otherwise. Instead, they allege they purchased appliances from homedepot.com (and, in one case, a Home Depot store) without any pricing research at all. Notably, Plaintiffs do not complain about the quality of the products they purchased, and they implicitly concede that they received products worth the amount they paid (or sometimes more). In other words, Plaintiffs received the benefit of the bargain, and their alleged disappointment in supposedly not receiving a discount fails to show actual damages.

Courts have routinely dismissed challenges to reference prices because they fail to state an injury, among other fatal insufficiencies. This case is no different. Five of the six Plaintiffs attempt to make claims under the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. §§ 10-1-390 *et seq.*, based on their purchases of

---

[1] *See* CC App. 1 at 89–93; App. 2 at 97–98.

appliances from www.homedepot.com ("homedepot.com"). And they purport to represent a nationwide class of consumers who purchased "one or more" of tens of thousands of unidentified and unique products listed for sale online.

To state an FBPA claim, Plaintiffs must allege: (1) a statutory violation, (2) causation, and (3) injury. The most basic defect, cutting across all of Plaintiffs' claims, is that they have not established an injury—making no allegations that the products they purchased were defective or worth less than they paid. Additionally, Plaintiffs' FBPA claims fail for the independent reason that they do not adequately plead causation. Plaintiffs' allegations demonstrate they failed to exercise due diligence and therefore could not have justifiably relied on allegedly misleading reference prices. The FBPA claims of Plaintiffs Berger, Londrigan, and Timmins further fail because they do not adequately allege that Home Depot's reference price is misleading.

Seeking to distance themselves from an unsustainable FBPA claim, Plaintiffs raise California statutory claims in the alternative, with Timmins, Culbertson, and Gonzalez seeking relief on behalf of California online purchasers and Condon seeking relief on behalf of California in-store purchasers. The reason Plaintiffs seek to pursue FBPA claims on behalf of a nationwide online purchaser class in the first place is because the online purchasers agreed that Georgia law governs their claims. Regardless, even for the plaintiffs who could attempt to pursue claims under

3

California law, their claims fail because they do not sufficiently plead that Home Depot's reference prices are misleading.

## BACKGROUND

### I.    Factual Allegations

Home Depot is the leading home-improvement retailer in the world, CC ¶ 19, and is headquartered in Georgia, *id.* ¶ 16. It operates over 2,000 stores across North America. *Id.* ¶ 19. Home Depot also manages homedepot.com. *Id.* ¶ 1.

Plaintiffs[2] allege they are consumers who purchased large appliances from Home Depot:

| Plaintiff | State of Residence | Product Purchased | Date of Purchase | Purchased Online / Store | Consolidated Complaint |
|---|---|---|---|---|---|
| Eric Berger | Texas | Samsung Front-Load Gas Dryer | November 2023 | Online | CC ¶¶ 8, 38 |
| Jason Londrigan | Texas | Samsung Top-Load Washer | September 2023 | Online | CC ¶¶ 9, 44 |
| Lacey Timmins | California | GE Portable Dishwasher | February 2024 | Online | CC ¶¶ 10, 50 |
| Kevin Culbertson | California | GE Electric Dryer | January 2024 | Online | CC ¶¶ 11, 59 |
| Maria Gonzalez | California | GE Dishwasher | January 2024 | Online | CC ¶¶ 12, 69 |

---

[2] Plaintiffs Berger, Londrigan, Timmins, Culbertson, and Gonzalez are referred to as "Online Plaintiffs"; Plaintiffs Timmins, Culbertson, and Gonzalez are referred to as "California Online Plaintiffs"; and Plaintiffs Timmins, Culbertson, Gonzalez, and Condon are referred to as "California Plaintiffs."

| Grace Condon | California | GE Electric Range | October 2022 | Store | CC ¶ 78 |

Online Plaintiffs allege that, for their respective products, homedepot.com included a "strikethrough" price that was higher than the purchase price and that Home Depot rarely, if ever, actually sells the items at the strikethrough (the reference) price. CC ¶¶ 22, 24. Plaintiffs Berger and Londrigan do not allege the prevailing market price of the products when they purchased them. They allege only that, "[o]n information and belief," the strikethrough prices were higher than the prices charged on the manufacturers' website. *Id*. ¶¶ 42, 48. Plaintiff Timmins alleges even less, including no mention at all of the prevailing market price and alleging "on information and belief" that Home Depot "very rarely, if ever, offered any of the discounted items sold on its website" at the reference price. *Id.* ¶ 56.

Online Plaintiffs allege that the reference prices "induced" their purchases and "caused [them] to pay more than [they] would have otherwise." *Id.* ¶ 41. No Online Plaintiff alleges that Home Depot is the exclusive retailer of the purchased product, nor that the purchased product is worth less than the price paid.

Plaintiff Condon alleges that Home Depot referenced a "'was' price" next to a "sale price" for the product she purchased in-store. CC ¶ 78. She alleges "on information and belief" that Home Depot rarely, if ever, sold her product for the reference price. *Id*. ¶ 82. Plaintiff Condon does not allege that the reference price was not the prevailing market price for in-store purchases when she made her

5

purchase, that Home Depot is the exclusive retailer of the product she purchased, or that the product she purchased is not worth the price she paid.

## II.  **Procedural History**

On February 21, 2025, Plaintiffs filed a Consolidated Class Action Complaint.[3]  Dkt. 40.  Five of the six Plaintiffs assert an FBPA claim.[4]  CC ¶¶ 125–37.  They allege that "Home Depot has repeatedly 'ma[de] false or misleading statements concerning the reasons for, existence of, [and] amounts of price reductions,'" *id.*  ¶ 133 (alterations in original) (quoting O.C.G.A. § 10-1-393(b)(11)), and has "engaged in a course of deceptive trade practices under the statute's general definition of such practices," *id.* (citing O.C.G.A. § 10-1-393(a)).  They seek to represent a nationwide class of consumers who purchased any of tens of thousands of different (and unspecified) products sold on homedepot.com.  *Id.* ¶ 101.  In the alternative, California Plaintiffs raise claims under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; the

---

[3] Plaintiffs filed the Consolidated Complaint after the Court entered an Order on December 13, 2024 granting Home Depot's motion to consolidate this action with *Culbertson v. Home Depot U.S.A., Inc.*, 1:24-cv-2666-VMC (N.D. Ga.), and *Timmins v. The Home Depot U.S.A., Inc.*, 2:24-cv-1141-TLN-CSK (E.D. Cal.).  *See* Dkt. 36.  The Eastern District of California Court in *Timmins* had transferred that action to this Court on October 21, 2024.  *Timmins*, Dkt. 37.

[4] Plaintiff Condon does not state an FBPA claim because that claim is brought "[o]n behalf of the Nationwide Website Purchaser Class."  CC at 52.  Condon made her purchase at a store in California, and not online.  *Id.* ¶ 78.

California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, and seek to pursue those claims on behalf of a California class of consumers who purchased products online as well as a separate California class of consumers who purchased products in stores. *Id.* ¶¶ 138–235.

## LEGAL STANDARD

### I.    <u>Federal Rule of Civil Procedure 12(b)(6)</u>

A court should dismiss a complaint for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6) if it does not contain allegations that support recovery under a recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] complaint that provides labels and conclusions or a formulaic recitation of the elements of a cause of action is not adequate to survive a Rule 12(b)(6) motion to dismiss." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (citation omitted).  "[T]hreadbare recitals of the elements of a cause of action and conclusory statements are insufficient" to support a plausible claim for the purposes of Rule 12(b)(6).  *Id.* (citation omitted). "When evaluating a motion to dismiss, the first step is to eliminate any allegations in the complaint that are merely legal conclusions," and the second step is to determine whether the remaining "well-pleaded factual allegations . . . give rise to an entitlement to relief." *Id.* at 934–35 (citation omitted).  Here, they do not.

7

## II.    Federal Rule of Civil Procedure 9(b)

A complaint alleging fraud also must comply with Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, which requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff must allege: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making . . . the same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted). Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Id.* (citation omitted).

Courts routinely apply the heightened pleading standard of Rule 9(b) to FBPA claims because violation of the statute constitutes "a fraud-based offense." *Nalley v. Gen. Motors LLC*, 2022 WL 18459646, at *7 (N.D. Ga. Aug. 30, 2022); *accord Edwards-Astin v. Medtronic Minimed, Inc.*, 2008 WL 11319723, at *4 (N.D. Ga. June 4, 2008). Indeed, "most courts construing claims that allege violations of the Federal Deceptive Trade Practices Act or its state counterparts have required the

heightened pleading standard requirements of Rule 9(b)." *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002) (collecting cases).

Rule 9(b) likewise applies to California Plaintiffs' claims under California law. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (applying Rule 9(b) to CLRA and UCL claims, reasoning that claims are "grounded in fraud" where plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim"); *see also Miller v. NextGen Healthcare, Inc.*, 742 F. Supp. 3d 1304, 1323–24 (N.D. Ga. 2024) (same).

Plaintiffs allege that Home Depot engaged in a "deceptive false-reference pricing scheme" and did so "intentionally," CC ¶¶ 134, 223, 235, which plainly triggers Rule 9(b)'s pleading requirements. Yet certain Plaintiffs' claims rely on allegations made "on information and belief" that do not satisfy Rule 9(b).

## ARGUMENT AND CITATION TO AUTHORITY

### I.    **Plaintiffs Fail to State an FBPA Claim.**

Plaintiffs fail to allege adequately multiple elements of their FBPA claims. "A private FBPA claim has three elements: a violation of the Act, causation, and injury." *Tiismann v. Linda Martin Homes Corp.*, 281 Ga. 137, 139 (2006) (citation omitted). The five Plaintiffs who assert FBPA claims fail to allege the second (causation) and third (injury) elements, providing two independent bases for

dismissal; Plaintiffs Berger, Londrigan, and Timmins also fail to allege the first element (violation).

A.    Plaintiffs Fail to Allege Injury.

Plaintiffs' FBPA claims fail because Plaintiffs have not alleged that they suffered actual damages. "[A] private right of action [under the FBPA] is available only to a person who suffers injury or damages as a result of a violation." *Small v. Savannah Int'l Motors, Inc.*, 275 Ga. App. 12, 15 (2005) (citation omitted).[5] Georgia courts "have consistently held that in accordance with the statutory requirements of the FBPA, the measure of damages to be applied for an FBPA violation is that of actual injury suffered." *Id.* (citation omitted). "Actual damages, for purposes of the FBPA, means relief other than the refund of the purchase price and restitution." *Id.* at 16. Actual damages for a fraud-based claim are calculated using the benefit-of-the-bargain formula: "the difference between the value of the thing sold at the time of delivery and what would have been its value if the representation made by the

---

[5] Plaintiffs allege that "Georgia law applies to the Nationwide Website Purchaser Class Claims," CC ¶ 118, because Online Plaintiffs—non-Georgia residents who made purchases outside of Georgia—agreed in making their purchases that Georgia law governs their claims, *id.* ¶ 121. Absent that agreement, Online Plaintiffs could not pursue FBPA claims. *See Monopoli v. Mercedes-Benz USA, LLC*, 2022 WL 409484, at *5 (N.D. Ga. Feb. 10, 2022) (dismissing non-Georgia residents' Georgia Unfair and Deceptive Trade Practices Act claims because, absent a Georgia choice-of-law provision, the statutory laws of non-Georgia residents' home states apply to fraud-based claims as the alleged injury occurred in the state of purchase).

seller had been true." *McCrary v. Pritchard*, 119 Ga. 876, 876 (1904); *accord Goody Prods., Inc. v. Dev. Auth. of City of Manchester*, 320 Ga. App. 530, 541 (2013).

Each Online Plaintiff alleges that Home Depot's reference price "induced him [or her] to purchase the product," CC ¶¶ 41, 47, or "motivated [him or] her to purchase the product right away," *id.* ¶¶ 50, 59, 69. And each Plaintiff alleges that he or she "would not have purchased the item . . . or would not have paid as much as she did" absent the reference price. *Id.* ¶¶ 41, 47, 57, 67, 76, 83. Yet no Plaintiff alleges that the specific product purchased is defective or worth less than what he or she paid, meaning Plaintiffs received the benefit of their bargain and suffered no actual harm.[6] Nor do they allege that they could have purchased the products elsewhere for a lower price.

Courts regularly dismiss similar claims predicated on purportedly deceptive reference prices where the allegations do not show that the plaintiff received a product worth less than the amount paid, thereby demonstrating that the plaintiff received the benefit of the bargain and did not suffer actual injury. For example, the Seventh Circuit in *Kim v. Carter's Inc.* affirmed dismissal of a claim predicated on

---

[6] Plaintiffs allege in a conclusory manner that "consumers received a product worth less than the price paid." CC ¶¶ 6, 94. But Plaintiffs allege no *facts* that make their claim plausible. *Cf. Iqbal*, 556 U.S. at 666. None of the named Plaintiffs has alleged that the specific product he or she purchased is worth less than what was paid, that he or she could have purchased the product for less elsewhere, or that a better product was available for less somewhere else. Indeed, Plaintiffs' allegations show that Home Depot's prices were generally lower than its competitors. *See supra* at 2.

allegations that the defendant's reference prices were higher than the prices at which the defendant typically sold its items and supposedly misled "customers to believe that they were getting a great deal."  598 F.3d 362, 363 (7th Cir. 2010).  The court reasoned it was "not enough that [the defendant]'s price comparisons deceived the plaintiffs and induced them to buy [the defendant's products]" to allege injury under Illinois law.  *Id.* at 366.  Because the plaintiffs "got the benefit of their bargain and suffered no actual pecuniary harm" where they "agreed to pay a certain price for [defendant's products], which they do not allege [were] defective or worth less than what they actually paid, . . . [i]t follows that the plaintiffs' allegations fail to establish the actual damages element" of their claim.  *Id.* at 365–66.

A Southern District of New York court reached the same conclusion: "[s]imply alleging that plaintiff would not have made the same purchasing decision but for the misrepresentation is not adequate" to allege actual injury.  *Belcastro v. Burberry Ltd.*, 2017 WL 744596, at *5 (S.D.N.Y. Feb. 23, 2017).  Actual injury "requires some connection between the deception and the price actually paid by the plaintiff or the intrinsic value of the good."  *Id.*

So did the Supreme Court of New Jersey.  In *Robey v. SPARC Group, LLC*, the court affirmed dismissal of reference price claims for failure to allege injury under New Jersey law.  311 A.3d 463, 467–68 (N.J. 2024).  The court held that because "plaintiffs do not allege that the items purchased were materially different

from what was promised," "[n]or have they alleged any dissatisfaction with or defects in the items purchased," "plaintiffs . . . are not entitled to benefit-of-the-bargain damages because they suffered no loss – they purchased and received [items] that [were] not defective or damaged or worth less than they paid." *Id.* at 474–75.

Numerous other courts have reached the same result. *See, e.g., Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 10–14 (1st Cir. 2017) (Massachusetts law); *Gomez v. Kohl's Corp.*, 2024 WL 3363216, at *2–4 (W.D. Wis. July 9, 2024) (Wisconsin law); *Irvine v. Kate Spade & Co.*, 2017 WL 4326538, at *4 (S.D.N.Y. Sept. 28, 2017) (Florida and New York law); *Johnson v. Jos. A. Bank Clothiers, Inc.*, 2014 WL 4129576, at *5–8 (S.D. Ohio. Aug. 19, 2014) (Ohio law); *Leigh-Pink v. Rio Props., LLC*, 512 P.3d 322, 328 (Nev. 2022) (Nevada law).

Nor does subjective disappointment about the size of a purportedly promised discount constitute actual injury where the plaintiff received a product worth the amount paid. In affirming dismissal of a similar action under Missouri law, the Eighth Circuit in *Hennessey v. Gap, Inc.* agreed with "the district court's decision to join[ ] a growing number of courts, in finding that complaints based solely on a plaintiff's disappointment over not receiving an advertised discount at the time of purchase has not suffered an ascertainable loss." 86 F.4th 823, 830 (8th Cir. 2023) (alteration in original) (citation omitted). That is because "[w]ithout allegations to suggest that the [products the plaintiff] bought were worth less than he paid, [the

plaintiff] is left only with allegations that suggest he was harmed because he did not receive as much of a discount as expected. These defeated expectations do not constitute actual harm." *Camasta v. Omaha Steaks Int'l, Inc.*, 2013 WL 4495661, at *11 (N.D. Ill. Aug. 21, 2013); *accord DiCicco v. PVH Corp.*, 2020 WL 5237250, at *6 (S.D.N.Y. Sept. 2, 2020) (collecting cases). This Court should reach the same result as many others and dismiss Plaintiffs' claims for failure to allege actual injury.

Plaintiffs similarly fail to adequately plead an injury based on a price premium theory. "The traditional price premium claim proceeds by a plaintiff alleg[ing] that a company marketed a product as having a unique quality, that the marketing allowed the company to charge a price premium for the product, and that the plaintiff paid the premium and later learned that the product did not, in fact, have the marketed quality." *Ham v. Lenovo (U.S.) Inc.*, 2024 WL 1348707, at *7 (S.D.N.Y. Mar. 29, 2024) (alteration in original) (citation omitted); *see also Binder v. Premium Brands Opco LLC*, 2024 WL 2978506, at *7 (S.D.N.Y. June 11, 2024) ("To properly allege a price premium injury, plaintiff must show 'either that because of a misrepresentation the plaintiff received a good worth less than what he paid for, i.e., a good of inferior quality, or that because of a misrepresentation the plaintiff paid an inflated price.'" (citation omitted)). "[A] plaintiff's allegation that she paid more than she was subjectively willing to otherwise pay is not the same as factual allegations that [the defendant] uses deceptive reference prices to charge consumers

a higher price for the same merchandise." *Irvine*, 2017 WL 4326538, at *4 (alteration in original) (citation omitted); *see also Belcastro v. Burberry Ltd.*, 2017 WL 5991782, at *4 (S.D.N.Y. Dec. 1, 2017) (same). "[W]ithout allegations as to the value, or the unique quality for which the premium was paid, there can be no connection between the misrepresentation and the harm from the product." *Binder*, 2024 WL 2978506, at *7.

Plaintiffs' conclusory allegation that Home Depot's reference prices supposedly "artificially . . . drive[ ] up the price" of products fares no better. CC ¶ 94. Plaintiffs fail to allege by any "objective measure" that they overpaid for the *specific* products that they purchased, *Binder*, 2024 WL 2978506, at *8; that is, that Home Depot supposedly sold the products for a higher price than it otherwise would have without the use of the reference prices. Courts have dismissed similar cases supported only by similarly conclusory allegations to the contrary, and this Court should too.[7]

---

[7] California Online Plaintiffs seek to pursue in-the-alternative claims under California law likely because California is an outlier in allowing some reference price cases to survive dismissal on the grounds that a disappointed bargain hunter may have suffered damages. Courts across the country regularly reject attempts to graft California law onto reference price claims brought under other states' laws, reasoning that cases in the Ninth Circuit are "in tension with holdings of other federal courts" and that such allegations are "insufficient to establish actual injury" under other states' laws. *Ham*, 2024 WL 1348707, at *7 (citations omitted); *accord Dicicco*, 2020 WL 5237250, at *6. The same result holds true under Georgia law.

B.    <u>Plaintiffs Fail to Allege Justifiable Reliance.</u>

This Court also should dismiss Plaintiffs' FBPA claims because Plaintiffs do not adequately allege the justifiable reliance element of causation.

Georgia courts have construed the FBPA "as incorporating the 'reliance' element of the common law tort of misrepresentation into the causation element of an individual claim under the FBPA." *Zeeman v. Black*, 156 Ga. App. 82, 87 (1980); *see also Tiismann*, 281 Ga. at 138–39 (applying *Zeeman*).  An FBPA plaintiff "must demonstrate that he was injured as the result of the reliance upon the alleged misrepresentation," and "the claimant is not entitled to recover if he had an equal and ample opportunity to ascertain the truth but failed to exercise proper diligence to do so." *Zeeman*, 156 Ga. App. at 87.

While Plaintiffs allege that they "relied on the website's purported . . . promotion," *see, e.g.*, CC ¶ 40, Plaintiffs do not allege that any such reliance was "justifiable."  A court in this district dismissed an FBPA claim for similarly failing to plead justifiable reliance where the plaintiffs "failed to allege that they exercised any due diligence to ascertain the veracity of Defendant's alleged misrepresentation." *Byung Ho Cheoun v. Infinite Energy*, 2009 WL 10690518, at *7 (N.D. Ga. July 1, 2009), *aff'd*, 363 F. App'x 691 (11th Cir. 2010) (per curiam).

Plaintiffs' claims fail for the same reason.  No Plaintiff alleges that he or she exercised due diligence to assess whether the reference prices reflected the

16

prevailing market price. At minimum, a reasonable consumer purchasing an appliance would have examined other retailers' websites before purchasing a product to determine the truth of the reference price and the price offered by other retailers. Indeed, the allegations of Plaintiffs Culbertson and Gonzalez demonstrate that such an undertaking is entirely within Plaintiffs' ability, as they list competitor pricing at the time of their purchases alongside Home Depot's prices. *See* CC ¶¶ 63, 64, 73.

And although Plaintiffs' failure to allege due diligence by examining the prevailing market price warrants dismissal standing alone, Plaintiffs also fail to allege they exercised due diligence to the extent they allege they were misled in believing the reference prices reflected Home Depot's former prices of the products. According to Plaintiffs' own allegations, pricing information was available from publicly available "archived copies" of homedepot.com, *see* CC ¶ 50, and Plaintiffs could have reviewed the website over a period of time prior to purchasing. Because Plaintiffs fail to allege they exercised due diligence necessary to allege justifiable reliance, their claims fail. *See Byung Ho*, 2009 WL 10690518, at *7.

C.    Plaintiffs Berger, Londrigan, and Timmins Fail to Allege a Violation of the FBPA.

Plaintiffs Berger, Londrigan, and Timmins fail to plead an FBPA violation because they do not include allegations regarding prevailing market prices and thus fail to adequately allege that Home Depot's reference prices are misleading.

17

Plaintiffs allege that Home Depot has violated the FBPA by making "false or misleading statements concerning . . . price reductions," CC ¶ 133 (quoting O.C.G.A. § 10-1-393(b)(11)), and by engaging "in a course of deceptive trade practices" in using reference prices in marketing and selling products on homedepot.com, *id.* (citing O.C.G.A. § 10-1-393(a)). The FBPA proscribes "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." O.C.G.A. § 10-1-393(a). To show a violation of the Federal Trade Commission Act (the "FTCA"), 15 U.S.C. § 45 (and similarly the FBPA),[8] Plaintiffs must establish in relevant part that "the representation was likely to mislead customers acting reasonably under the circumstances." *FTC v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003); *see also Tiismann*, 281 Ga. at 138–39 (recognizing that "[t]he FBPA is no panacea for the congenital ills of the marketplace" and "does not instantly convert every (misrepresentation) into a violation of the FBPA" (citation omitted)).

Reference price cases are divided into "two categories: cases involving 'exclusive products' and those involving 'non-exclusive products.'" *Carvalho v. HP, Inc.*, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022).[9] Because Plaintiffs

---

[8] The FTCA "is expressly made the appropriate standard by which the purpose and intent of the [FBPA] is to be effectuated, implemented and construed." *Zeeman*, 156 Ga. App. at 83; *see also* O.C.G.A. § 10-1-391(b).

[9] Courts outside of the Ninth Circuit resoundingly dismiss reference price cases for failure to allege injury and, thus, often do not address the issue of exclusivity, *see*

do not allege that Home Depot is the exclusive retailer of the products they purchased, to survive dismissal they must allege the "reference[ ] price is misleading" because it does "not accurately reflect prevailing market prices" of the same or similar products sold by third-party retailers. *Id.* (citations omitted); *accord Purcelley v. Ekster Inc.*, 2024 WL 2107710, at *5 (C.D. Cal. Apr. 4, 2024) (same). These allegations also must satisfy the dictates of Rule 9(b). *Id.*

A court "cannot infer that the [reference] price is misleading solely from the allegation that Defendant rarely, if ever, sells its items at the Reference Price." *Id.* at *5 (citation omitted). Courts thus dismiss claims predicated on such deficient allegations. *Id.*; *Carvalho*, 2022 WL 2290595, at *4.

Plaintiffs Berger, Londrigan, and Timmins fail to allege that Home Depot's reference prices do not accurately reflect prevailing market prices for the same or similar products sold by third-party retailers. Plaintiffs Berger and Londrigan allege only the at-issue products' pricing from the manufacturer's website almost a year after they made their purchases, CC ¶¶ 42, 48, which is immaterial to the "prevailing market prices" when they made their purchases. While they allege in a conclusory manner also that "on information and belief a similar disparity [between the prevailing market price and reference price] existed at the time [Plaintiff] purchased

---

*supra* § I(A). Plaintiffs nevertheless fail to adequately allege misleading conduct even under the Ninth Circuit courts' analysis of reference price claims.

his [appliance] from Home Depot," *id.*, that allegation fails to satisfy Rule 9(b), *see Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002) ("[W]hen Rule 9(b) applies, pleadings generally cannot be based on information and belief."); *Conservit, Inc. v. Glob. Mill Supply, Inc.*, 2019 WL 13207586, at *5 (N.D. Ga. Nov. 12, 2019) (same). Plaintiffs Berger and Londrigan do not allege Home Depot's reference prices are misleading, and their claims fail.

Plaintiff Timmins alleges even less. She fails to allege a prevailing market price at all, instead contending that she believed the reference price to be the former price, *see* CC ¶ 54, and that "on information and belief . . . Defendant very rarely, if ever, offered any of the discounted items sold on its website at the reference prices." *Id*. ¶ 56. But the Court "cannot infer that the [reference] price is misleading solely from the allegation that Defendant rarely, if ever, sells its items at the Reference Price." *Purcelley*, 2024 WL 2107710, at *5 (citation omitted). Thus, Plaintiff Timmins's FBPA claim likewise fails.

## II.  **Alternatively, the Court Should Dismiss California Plaintiffs' Claims Under California Law.**

Three of the four California Plaintiffs (Timmins, Culbertson, and Gonzalez) raise claims under California law in the alternative to their FBPA claims; the fourth (Condon) asserts only California law claims. Their California law claims fail.

A.    <u>Plaintiff Timmins' Claims Under California Law Fail.</u>

Plaintiff Timmins' California law claims fail.    Like her FBPA claim, Timmins' UCL, CLRA, and FAL claims must comply with Rule 9(b).    *See Kearns*, 567 F.3d at 1125; *Purcelley*, 2024 WL 2107710, at *4.    "When deciding whether complaints satisfy 9(b)'s pleading standards," California courts in reference price cases "have drawn distinctions between so-called 'exclusive product cases and non-exclusive product cases.'"    *Id*. at *4 (citation omitted).    *See* discussion of FBPA claims, *supra* § I(C).    When the defendant is not the exclusive retailer of the product at issue, the "[p]laintiff's allegations must reflect a 'reasonable investigation'" into the prices of the product at other retailers, *Purcelley*, 2024 WL 2107710, at *4 (citation omitted), such that the plaintiff alleges with specificity that the "reference prices do not represent the prevailing market prices for Defendants' products," *Sperling v. DSW Inc.*, 2015 WL 13309476, at *9 (C.D. Cal. Nov. 19, 2015). Allegations merely that Home Depot "rarely, if ever, sells its items at the Reference Price" are insufficient.    *Purcelley*, 2024 WL 2107710, at *5.

Timmins fails to satisfy Rule 9(b).    She purchased a non-exclusive GE dishwasher from homedepot.com, CC ¶¶ 50–57, but alleges nothing about the price for which that product was ever offered by other retailers.    Nor does she allege, even in the most generalized terms, the prevailing market price of the dishwasher when she made her purchase.    Timmins' conclusory allegation that Home Depot "very

rarely, if ever, offered any of the discounted items sold on its website at the reference prices," *id.* ¶ 56, mirror those in *Purcelley* and fail for the same reasons: they do not speak to the possibility that the reference price remains "an accurate reflection of what third-party sellers charge for the same or similar goods." 2024 WL 2107710, at *5; *see also Carvalho*, 2022 WL 2290595, at *4. Thus, her claims under California law fail.

B.    <u>Plaintiffs Culbertson's and Gonzalez's California Law Claims Fail.</u>

Plaintiffs Culbertson's and Gonzalez's in-the-alternative California law claims also should be dismissed because they are barred by the Georgia choice-of-law provision. All Online Plaintiffs agreed that Georgia law would govern their claims under the Georgia choice-of-law provision; indeed, they necessarily rely on application of Georgia law as the basis for claiming a nationwide class. *See supra* at 10 n.5. To assert claims under California law, Plaintiffs Culbertson and Gonzalez would have to overcome that provision. Because Plaintiffs Culbertson and Gonzalez originally filed suit in this Court, Georgia choice-of-law rules apply to decide the enforceability of the Georgia choice-of-law provision, which, in turn, determines whether they can assert California law claims. *See Murray v. ILG Techs., LLC*, 378 F. Supp. 3d 1227, 1236 (S.D. Ga. 2019), *aff'd*, 798 F. App'x 486 (11th Cir. 2020) ("In this diversity action, the Court must apply the choice-of-law rules of its forum

state of Georgia to determine which state's substantive laws apply," which includes

deciding the enforceability of a choice-of-law provision).

"Georgia courts will generally enforce [a choice-of-law] agreement" unless

its application would "violate Georgia's public policy." *Parker v. Perdue Foods,*

*LLC*, 2024 WL 3993855, at *4–5 & n.9 (M.D. Ga. Aug. 29, 2024).   Because

Culbertson and Gonzalez do not allege that application of the Georgia choice-of-law

provision would violate Georgia public policy, their claims are subject to Georgia

law.[10]

C.    Plaintiff Condon's Claims Under California Law Fail.

Like Timmins, Condon's California law claims fall short of the dictates of

Rule 9(b).  Condon alleges that she purchased a GE 30-inch Electric Range, CC ¶ 78,

---

[10] Home Depot expects Plaintiff Timmins will argue that the outcome should be
different as to her because in transferring *Timmins* to this Court pursuant to the
parties' stipulation, the Eastern District of California Court stated that "California's
choice-of-law rules continue to apply to the California claims and California class
asserted in *Timmins* to the same extent they would were this case to have remained
in the Eastern District of California," *Timmins*, Dkt. 37 at 3, and Plaintiff Timmins
argued previously that the Georgia choice-of-law provision was unenforceable under
California choice-of-law rules, *see Timmins*, Dkt. 28 at 9–10.  In the normal course,
when a court is faced with consolidation of actions implicating different choice-of-
law rules that would select different substantive law, the court must "balance the
interests of each state in having its laws apply and apply the law of the state with the
greater interests."  *See Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135
F.3d 750, 753 (11th Cir. 1998) (directing such an inquiry when separate lawsuits
that require application of different state laws are consolidated).  But because
Timmins' claims fail even under California law, *see supra* § II(A), this Court need
not resolve this choice-of-law question.

a non-exclusive product, *id.* ¶ 80.  Thus, it was her burden to allege a reasonable investigation revealing that the "reference prices do not represent the prevailing market prices for Defendants' products."  *DSW*, 2015 WL 13309476, at *9.  Yet Condon relies on allegations, "on information and belief," that the "product was regularly discounted from the reference price" and was offered by other retailers below the reference price.  CC ¶ 80.  Plaintiff Condon's allegations "on information and belief" are insufficient to satisfy Rule 9(b) as to the former price as well as to the prevailing market price.  *Clausen*, 290 F.3d at 1310; *Conservit*, 2019 WL 13207586, at *5.  Further, her deficient allegations regarding other retailers' pricing fail to offer an apples-to-apples comparison.  Despite purchasing her range from a "store in Oakland, California," CC ¶ 78, Plaintiff Condon alleges only examples of prices offered on two other "retailers' websites," *id.* ¶ 80, and not competing stores in the same market, *cf.* Cal. Bus. & Prof. Code § 17501 (defining "prevailing market price" by reference to the "locality wherein the advertisement is published").  These allegations that there may have been *some* less expensive options *online* do not come close to establishing the prevailing market price or that Home Depot's reference price was false.  *Purcelley*, 2024 WL 2107710, at *5; *Carvalho*, 2022 WL 2290595, at *4.

24

## CONCLUSION

Home Depot requests the Court dismiss the Consolidated Complaint in its entirety.  In particular, Home Depot seeks the following as to each Plaintiff:

| Plaintiff | Claims | Grounds for Dismissal |
|---|---|---|
| Eric Berger | FBPA | - Fails to Allege Injury (§ I(A))<br>- Fails to Allege Justifiable Reliance (§ I(B))<br>- Fails to Allege Violation (§ I(C)) |
| | California Claims | n/a |
| Jason Londrigan | FBPA | - Fails to Allege Injury (§ I(A))<br>- Fails to Allege Justifiable Reliance (§ I(B))<br>- Fails to Allege Violation (§ I(C)) |
| | California Claims | n/a |
| Lacey Timmins | FBPA | - Fails to Allege Injury (§ I(A))<br>- Fails to Allege Justifiable Reliance (§ I(B))<br>- Fails to Allege Violation (§ I(C)) |
| | California Claims | - Fails to Allege Violation (§ II(A)) |
| Kevin Culbertson | FBPA | - Fails to Allege Injury (§ I(A))<br>- Fails to Allege Justifiable Reliance (§ I(B)) |
| | California Claims | - Barred by Choice-of-Law Provision (§II(B)) |
| Maria Gonzalez | FBPA | - Fails to Allege Injury (§ I(A))<br>- Fails to Allege Justifiable Reliance (§ I(B)) |
| | California Claims | - Barred by Choice-of-Law Provision (§II(B)) |
| Grace Condon | FBPA | n/a |
| | California Claims | - Fails to Allege Violation (§ II(C)) |

Respectfully submitted this 4th day of April, 2025.

/s/ *Lindsey B. Mann*
Lindsey B. Mann (GA Bar No. 431819)
lindsey.mann@troutman.com
W. Alex Smith (GA Bar No. 532647)
alex.smith@troutman.com
Samuel D. Lack (GA Bar No. 749769)
samuel.lack@troutman.com

**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St., N.E., Suite 3000
Atlanta, Georgia 30308
T: 404.885.3000
F: 404.885.3900

Matthew A. Macdonald, *pro hac vice*
matthew.macdonald@wsgr.com
Matthew K. Donohue, *pro hac vice*
mdonohue@wsgr.com
**WILSON SONSINI
GOODRICH & ROSATI, P.C.**
953 East 3rd Street, Suite 100
Los Angeles, CA 90013
T: 323.210.2900
F: 323.210.7329

***Counsel for Defendant
Home Depot U.S.A., Inc.***

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D) of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, as permitted by Local Rule 5.1.

This 4th day of April, 2025.

/s/ *Lindsey B. Mann*
Lindsey B. Mann
GA Bar No. 431819
lindsey.mann@troutman.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on April 4, 2025, I electronically filed the foregoing

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically serve notification of such filing to all counsel of record.

/s/ *Lindsey B. Mann*
Lindsey B. Mann
GA Bar No. 431819
lindsey.mann@troutman.com