# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **ERIC BERGER, JASON LONDRIGAN, LACEY TIMMINS, KEVIN CULBERTSON, MARIA GONZALEZ, and GRACE CONDON,** *individually and on behalf of all others similarly situated*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **HOME DEPOT U.S.A., INC.,** <br><br> **Defendant.** | **Civil Action** <br> **No. 1:24-CV-01435-VMC** |

## DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Lindsey B. Mann, GA Bar No. 431819
lindsey.mann@troutman.com
W. Alex Smith, GA Bar No. 532647
alex.smith@troutman.com
Samuel D. Lack, GA Bar No. 749769
samuel.lack@troutman.com

**Troutman Pepper Locke LLP**
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Tel: 404.885.3000
Fax: 404.885.3900

Matthew A. Macdonald, *pro hac vice*
matthew.macdonald@wsgr.com
Matthew K. Donohue, *pro hac vice*
mdonohue@wsgr.com

**Wilson Sonsini
Goodrich & Rosati, P.C.**
953 East 3rd Street, Suite 100
Los Angeles, CA 90013
Tel: 323.210.2900
Fax: 323.210.7329

*Counsel for Defendant Home Depot U.S.A., Inc.*

# <u>TABLE OF CONTENTS</u>

**Page(s)**

INTRODUCTION ................................................................................... 1

ARGUMENT AND CITATION OF AUTHORITY ........................................ 3

    I.     Plaintiffs Fail to State an FBPA Claim. ................................... 3

         A.     Plaintiffs Fail to Allege an FBPA Injury. .................... 3

         B.     Plaintiffs Fail to Allege Justifiable Reliance. ............ 7

         C.     Plaintiffs Berger, Londrigan, and Timmins Fail to Allege a Violation of the FBPA. ............................ 8

    II.    Plaintiffs' Alternative California Claims Fail. .................... 11

         A.     Plaintiffs Culbertson and Gonzalez Cannot Bring California Claims. .................................................... 11

         B.     Plaintiffs Timmins' Claims Under California Law Fail. ......... 14

         C.     Plaintiff Condon's Claims Under California Law Fail. ........... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agnew v. Great Atl. & Pac. Tea Co.*,
  232 Ga. App. 708 (1998) ...................................................................................6

*Amin v. Mercedes-Benz USA, LLC*,
  301 F. Supp. 3d 1277 (N.D. Ga. 2022)..............................................................8

*U.S. ex rel. Atkins v. McInteer*,
  470 F.3d 1350 (11th Cir. 2006) ........................................................................10

*Barnes v. AstraZeneca Pharms. LP*,
  253 F. Supp. 3d 1168 (N.D. Ga. 2017)..............................................................6

*Belcastro v. Burberry Ltd.*,
  2017 WL 5991782 (S.D.N.Y. Dec. 1, 2017) ......................................................5

*Belcastro v. Burberry Ltd.*,
  2017 WL 744596 (S.D.N.Y. Feb. 23, 2017) .......................................................5

*Binder v. Premium Brands Opco LLC*,
  2024 WL 2978506 (S.D.N.Y. June 11, 2024) ............................................4, 5, 6

*Byung Ho Cheoun v. Infinite Energy*,
  2009 WL 10690518 (N.D. Ga. July 1, 2009) ......................................................8

*Carvalho v. HP, Inc.*,
  2022 WL 2290595 (N.D. Cal. June 24, 2022)..........................................8, 9, 10

*DaCorta v. AM Retail Group, Inc.*,
  2018 U.S. Dist. LEXIS 10733 (S.D.N.Y. Jan. 23, 2018) ....................................5

*Ham v. Lenovo (U.S.) Inc.*,
  2024 WL 1348707 (S.D.N.Y. Mar. 29, 2024)......................................................5

*Hanson v. Experian Info. Sols., Inc.*,
  2024 WL 3509482 (N.D. Ga. July 22, 2024) ...............................................11, 13

*Hennessey v. Gap, Inc.*,
  86 F.4th 823 (8th Cir. 2023) ..............................................................................6

*Hill v. Morehouse Med. Assocs., Inc.*,
2003 WL 22019936 (11th Cir. Aug. 15, 2003) ..................................................8

*Holiday Hosp. Franchising, LLC, v. Morning Star Hotel Victorville 4, LLC*,
2014 WL 11393569 (N.D. Ga. May 2, 2014)......................................................13

*Irvine v. Kate Spade*,
2017 WL 4326538 (S.D.N.Y. Sept. 28, 2017) .....................................................5

*Nalley v. Gen. Motors LLC*,
2022 WL 18459646 (N.D. Ga. Aug. 30, 2022) ....................................................8

*Purcelley v. Ekster Inc.*,
2024 WL 2107710 (C.D. Cal. Apr. 4, 2024)........................................8, 9, 10, 14

*Rahim v. Chime Fin., Inc.*,
2022 WL 18459836 (N.D. Ga. Nov. 14, 2022) ...................................................13

*Ramirez v. SnapMedTech, Inc.*,
2023 WL 3641836 (N.D. Ga. Mar. 28, 2023) .....................................................11

*Shaulis v. Nordstrom, Inc.*,
865 F.3d 1 (1st Cir. 2017)...................................................................4, 5, 6

*Shimono v. Harbor Freight Tools USA, Inc.*,
2016 WL 6238483 (C.D. Cal. Oct. 24, 2016) ......................................................8

*Small v. Savannah Int'l Motors, Inc.*,
275 Ga. App. 12 (2005) ....................................................................3, 5

*Sperling v. DSW Inc.*,
2015 WL 13309476 (C.D. Cal. Nov. 19, 2015) ...................................................9

*Taylor v. Experian Info. Sols., Inc.*
2024 WL 5265371 (N.D. Ga. Dec. 31, 2024) ................................................12, 13

*Vizcarra v. Michaels Stores, Inc.*,
710 F. Supp. 3d 718 (N.D. Cal 2024)......................................................9, 10, 14

*Zeeman v. Black*,
156 Ga. App. 82 (1980) .........................................................................7

## Other Authorities

Cal. Bus. & Prof. Code § 17501 .........................................................................14, 15

16 C.F.R. § 233.1 ....................................................................................................10

16 C.F.R. § 233.2 ......................................................................................................8

Federal Rule of Civil Procedure 9 ...............................................................*passim*

## INTRODUCTION

Plaintiffs' near silence in their Response as to their putative nationwide FBPA claims is revealing: there is not a single case they can cite from any court in the country outside of the Ninth Circuit concluding that reference prices cause injury. And that is because courts widely reject reference price claims on the pleadings regardless of the theory of injury alleged—price premium included—because a plaintiff who receives a product that is worth the price paid has not been (and cannot be) injured.  Contrary to Plaintiffs' assertions, this is not a "factual disagreement." Instead, like the consumers in those many other cases, Plaintiffs fail to plead facts, by an objective measure, that they overpaid for the products they purchased.  Indeed, Plaintiffs' own pricing examples in the Consolidated Complaint show that Home Depot often sells products at a price *lower* than other retailers, *see* Mot. 2, and not at a price premium.  While Georgia courts have yet to address a reference price case, Plaintiffs identify no authority of any kind suggesting Georgia would—or should— depart from the overwhelming majority of courts that have rejected these claims.

Because Plaintiffs have not alleged injury, the Court need not reach the other FBPA elements.  But Plaintiffs fail to adequately plead those as well.  Plaintiffs do not dispute that they fail to allege the requisite diligence; instead, they incorrectly argue they do not need to do so because pricing information supposedly is uniquely within Home Depot's control.  Plaintiffs' own allegations, however, make clear what

already is obvious: a consumer can check whether a reference price reflects prevailing market price or former price with a few clicks of a mouse or taps on a phone. Plaintiffs' FBPA claim thus fails for lack of diligence. And Berger, Londrigan, and Timmins—all of whom purchased non-exclusive products—further fail to state an FBPA claim because they do not allege misrepresentation (required to show an FBPA violation); relevant here, they fail to adequately allege that the reference price was not the prevailing market price for the products they purchased.

Plaintiffs' California claims fare no better. The applicable Georgia choice-of-law provision provides the only basis for Plaintiffs to pursue an FBPA claim. Mot. 10 n.5. Yet Culbertson and Gonzalez argue they can pursue California claims because they supposedly did not assent to the provision (despite relying on it for the FBPA claims). Because Culbertson and Gonzalez filed claims in this forum, their assent is determined by Georgia choice-of-law rules. And applying Georgia choice-of-law principles to Plaintiffs' allegations makes plain that Culbertson and Gonzalez assented to the provision and thus cannot pursue California claims. Timmins raises other arguments relating to the choice-of-law provision under California choice-of-law rules, but this Court need not (and should not) reach those issues because Timmins has failed to adequately allege California law claims. Finally, Condon's in-store purchaser claims do not satisfy Rule 9(b) because Condon failed to raise anything more than legally deficient "on information and belief" allegations.

The Court should dismiss the Consolidated Complaint with prejudice. Despite multiple opportunities to rectify the deficiencies raised in this Motion—many of which were raised in Home Depot's Motion to Dismiss filed nearly a year ago in *Berger*—Plaintiffs have not and cannot do so.

## ARGUMENT AND CITATION OF AUTHORITY

I.  **Plaintiffs Fail to State an FBPA Claim.**

    A.    **Plaintiffs Fail to Allege an FBPA Injury.**

Plaintiffs' FBPA claims fail out of the gate because Plaintiffs have not alleged actual injury, which is required to maintain an action under the FBPA. Mot. 10–15.

The sole theory of injury advanced in the Response is that Plaintiffs supposedly paid a "price premium" for their products because the use of reference prices allegedly allows Home Depot to charge inflated prices. Resp. 20. But under the FBPA, an injury occurs only if the purchaser is misled into spending more than the "fair market value at the time of purchase." *Small v. Savannah Int'l Motors, Inc.*, 275 Ga. App. 12, 16 (2005) (rejecting argument that the plaintiff was injured because "if he knew the car had been wrecked he may have tried to negotiate a lower purchase price"). Plaintiffs have not alleged by an objective measure that their purchase prices were not fair market value and, thus, have not alleged injury. Indeed, Plaintiffs' appendices reflect that Home Depot's price was, in each example, the lowest offered

among the competitors Plaintiffs identify, belying any suggestion that Home Depot's practices allowed it to charge customers above the fair market value.  *See* Mot. 2.

Courts applying similar principles to reference price claims reason that to allege "overpayment price premium theory, a plaintiff must allege that he overpaid by some *objective measure*, and not just that he felt, subjectively, that he overpaid." *Binder v. Premium Brands Opco LLC*, 2024 WL 2978506, at *7 (S.D.N.Y. June 11, 2024) (emphasis in original) (citation omitted); *accord Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 12 (1st Cir. 2017) ("[C]laims of injury premised on 'overpayment' for a product, or a loss of the benefit of the bargain, require an objective measure against which the plaintiff's allegations may be evaluated.").  To plead facts supporting "an objective measure," the plaintiff must allege "that the products she purchased due to [supposedly] false reference prices were previously (or are simultaneously) sold [by the defendant] at lower prices *without* the use of reference prices" or that "similar quality products from other retailers were sold without reference prices and routinely cost less." *Binder*, 2024 WL 2978506, at *9 (emphasis in original).

Plaintiffs' generic allegations fall woefully short.  Plaintiffs fail to attempt to allege that Home Depot or other retailers sell the purchased (or similar) products at lower prices without reference prices as necessary to show objective measure of a price premium.  Instead, Plaintiffs allege in a cursory manner that reference prices "artificially drive[ ] up demand for the products, and by extension drive[ ] up the

price of the products," such that "consumers received a product worth less than the price paid."  CC ¶ 94.  These are the same types of generic allegations that courts routinely reject at the pleading stage for lack of an objective measure of overpayment.  *See Binder*, 2024 WL 2978506, at *9 ("academic studies" that allegedly "support the notion that defendant uses reference prices to inflate sales prices" fail to plead objective measure); *see also Shaulis*, 865 F.3d at 12; *DaCorta v. AM Retail Group, Inc.*, 2018 U.S. Dist. LEXIS 10733, at *22 (S.D.N.Y. Jan. 23, 2018); *Belcastro v. Burberry Ltd.*, 2017 WL 5991782, at *4 (S.D.N.Y. Dec. 1, 2017); *Irvine v. Kate Spade*, 2017 WL 4326538, at *4–5 (S.D.N.Y. Sept. 28, 2017).[1]

Rather than meaningfully contending with the wealth of on-point authority cited in Home Depot's Motion, Plaintiffs rely on an inapposite line of price premium cases that involve allegations that consumers purchased a product believing it had a unique quality and then later learned the quality was lacking.  Resp. 20–21.  Those cases are "wholly inapt" to reference price claims.  *Binder*, 2024 WL 2978506, at *9.  In these inferior-product cases, "a product is marketed as having a unique quality, which allows the company to charge a premium for the product.  Plaintiff

---

[1] Plaintiffs cite one contrary Ninth Circuit case, Resp. 20, but California law allows a plaintiff to survive dismissal based merely "on allegations that the defendant's false advertising caused them subjectively to assign a higher value to the good than they would have otherwise."  *Belcastro v. Burberry Ltd.*, 2017 WL 744596, at *5 (S.D.N.Y. Feb. 23, 2017).  These cases are "in tension with holdings of other federal courts," *Ham v. Lenovo (U.S.) Inc.*, 2024 WL 1348707, at *7 (S.D.N.Y. Mar. 29, 2024) (citation omitted), and Georgia law, *Small*, 275 Ga. App. at 16.

pays that premium and learns that the product does not have the unique quality it was marketed as having." *Id.*; *accord Shaulis*, 865 F.3d at 11–12.  Here, however, Plaintiffs "do not claim that the products they purchased from [Home Depot] lacked some unique quality that they were marketed as having or that they were otherwise of an inferior quality." *Binder*, 2024 WL 2978506, at *9.  Indeed, no Plaintiff alleges the specific products purchased were worth even a penny less than what they paid.

Contrary to Plaintiffs' assertion, Home Depot's cases *did* involve Plaintiffs who "*attempt*[ed] to articulate a price-premium injury in their pleadings." *Cf.* Resp. 22 & n.4 (emphasis in original); *see* Mot. 14–15.  Regardless, even cases in which a "price premium" theory was not expressly invoked[2] underscore that Plaintiffs fail to allege injury: "[I]n cases where plaintiff" contends that he was "fraudulently induced to purchase a product that was no different in quality than defendant represented at the time of sale, . . . there is no ascertainable loss . . . because the price paid was both the represented value and the value of the product plaintiff received." *Hennessey v. Gap, Inc.*, 86 F.4th 823, 828 (8th Cir. 2023).  The same result is true here: Plaintiffs received exactly the products that were offered at the prices they agreed to pay.

The FBPA allows "only those 'who suffer injury or damages as a result' of a violation" to bring an action for damages. *Agnew v. Great Atl. & Pac. Tea Co.*, 232

---

[2] By failing to address other damages theories in their Response, Plaintiffs have abandoned them.  *See Barnes v. AstraZeneca Pharms. LP*, 253 F. Supp. 3d 1168, 1171 (N.D. Ga. 2017) (claim "abandoned" when party fails to respond at dismissal).

Ga. App. 708, 711 (1998) (quoting O.C.G.A. § 10-1-399). Plaintiffs' conclusory assertions about a price premium are insufficient to meet that standard.

### B.    Plaintiffs Fail to Allege Justifiable Reliance.

Failure to allege a cognizable injury is fatal to Plaintiffs' FBPA claims, and the Court can and should dismiss them on that basis alone. But Plaintiffs' FBPA claims also fail because Plaintiffs do not allege they conducted *any* diligence before making their purchases as is necessary to plead justifiable reliance on a reference price. Mot. 16–17. Plaintiffs apparently concede as much, and they do not argue they have alleged diligence (or even assert they could allege diligence).

Instead, Plaintiffs argue they should be excused from doing basic comparison shopping because they supposedly lacked "equal" access to price information. Resp. 24. Plaintiffs' allegations contradict that claim. The complaint shows that product pricing is readily available on the internet and not "peculiarly within [Home Depot's] control." *Id.* A simple online search before Plaintiffs made their purchases would have revealed product pricing at other retailers. The same holds true for Home Depot's former online pricing, which Plaintiffs make clear in the complaint is available and accessible without any "technical expertise." *Id.*; *see* CC ¶ 50.

Stated differently, Plaintiffs "had an equal and ample opportunity to ascertain" the veracity of reference prices but "failed to exercise proper diligence to do so" before making expensive online purchases. *Zeeman v. Black*, 156 Ga. App. 82, 87

(1980).[3]  Plaintiffs' "failure to allege any due diligence on their part is fatal."  *Byung Ho Cheoun v. Infinite Energy*, 2009 WL 10690518, at *7 (N.D. Ga. July 1, 2009).

### C.    Plaintiffs Berger, Londrigan, and Timmins Fail to Allege a Violation of the FBPA.

Berger, Londrigan, and Timmins also fail to plead an FBPA violation because they do not allege the prevailing market price of the products they purchased and thus fail to adequately allege the reference prices are misleading.  Mot. 17–20.

Plaintiffs argue that Home Depot "overlooks" their "theory" that reference prices are allegedly misleading "former" prices.  Resp. 5.  Plaintiffs ignore that, in non-exclusive products cases like this one, they must *also* allege the "reference[ ] price is misleading" because it does "not accurately reflect prevailing market prices" of the same or similar[4] products sold by other retailers.  *Carvalho v. HP, Inc.*, 2022

---

[3] Plaintiffs' cases are distinguishable, Resp. 24, as those cases involved defects not evident at purchase, not public pricing information available from an internet search. *See Nalley v. Gen. Motors LLC*, 2022 WL 18459646, at *7 (N.D. Ga. Aug. 30, 2022); *Amin v. Mercedes-Benz USA, LLC*, 301 F. Supp. 3d 1277, 1291 (N.D. Ga. 2022). Plaintiffs raise no such allegation; nor could they, as the pricing allegations in the appendices to the complaint make clear. *Hill v. Morehouse Medical Associates, Inc.*, 2003 WL 22019936, at *3–5 (11th Cir. Aug. 15, 2003), does not support a "less stringent[ ]" pleading standard as to justifiable reliance; there, the court addressed information that must be pled for misrepresentation and *not* for justifiable reliance.

[4] Contrary to Plaintiffs' argument, Resp. 13–14, courts often refer to the "same *or similar*" products in examining prevailing market price.  *See Purcelley v. Ekster Inc.*, 2024 WL 2107710, at *5 (C.D. Cal. Apr. 4, 2024); *Shimono v. Harbor Freight Tools USA, Inc.*, 2016 WL 6238483, at *6 (C.D. Cal. Oct. 24, 2016); *see also* 16 C.F.R. § 233.2(c) (products "of like grade and quality").  Regardless, Berger, Londrigan, and Timmins fail to allege prevailing market price for the same *or* similar products.

WL 2290595, at *4 (N.D. Cal. June 24, 2022) (citations omitted); *see also Purcelley*, 2024 WL 2107710, at *5; *Sperling v. DSW Inc.*, 2015 WL 13309476, at *9 (C.D. Cal. Nov. 19, 2015). An allegation standing alone—like Plaintiffs'—that "Defendant never (or almost never) sells its goods at the Reference Prices" requires dismissal at the pleading stage because "[t]he other possibility, of course, is that the Reference Price is not misleading at all but rather an accurate reflection of what third-party sellers charge for the same or similar goods." *Purcelley*, 2024 WL 2107710, at *5. No FBPA violation exists under such circumstances. Plaintiffs' cases fail to suggest otherwise, as the courts generally (1) ignored the non-exclusive product distinction without explanation, or (2) concluded the distinction did not apply to a California claim not governed by Rule 9(b) and grafted that conclusion onto other California claims. *See Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 727–29 & n.3 (N.D. Cal 2024). Rule 9(b) applies to FBPA claims, Mot. 8–9, as it did in *Carvalho*, *Purcelley*, and *DSW*. Plaintiffs must allege with particularity "why" the reference price "is false," including that it supposedly does "not accurately reflect prevailing market prices." *Purcelley*, 2024 WL 2107710, at *5.

Plaintiffs' attempts to distinguish Home Depot's cases fail. Resp. 8–9. The *Purcelley* court addressed the issue before this Court in holding that the plaintiff must allege more than simply that the purchased product "was not substantially marked down or discounted" because it "had never been offered" for the reference

price.  2024 WL 2107710, at *1.  The plaintiff also must allege the reference price was not the prevailing market price.  *Id.* at *5.  And the reference to MSRP in *Carvalho* did not dictate the result, *see* Resp. 9; rather, the salient point in all of these cases is that the reference price for a non-exclusive product could refer to prevailing market price and thus be truthful—i.e., not misleading—regardless of former price.[5]

Plaintiffs likewise cannot avoid their obligation under Rule 9(b) to allege the prevailing market price by arguing that "the Court should infer" that Home Depot "would not continually sell its products" below prevailing market price[6] and that allegations of "representative examples, standing alone, are sufficient."  Resp. 11–12.  The cases Plaintiffs cite to support such an "infer[ence]" are wholly inapposite, as they did not apply Rule 9(b).  *See Vizcarra*, 710 F. Supp. 3d at 728 n.4.

In short, Plaintiffs' "representative product" pricing allegations, Resp. 12–13, are insufficient under Rule 9(b) to plead an FBPA violation as to the products that Plaintiffs purchased.  *See U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1358–59

---

[5] Indeed, Plaintiffs' reliance upon 16 C.F.R. § 233.1 for former price comparisons is misplaced, as Plaintiffs do not allege that Home Depot's online strikethrough pricing includes language such as "formerly" or "regularly" as exemplified in the regulation.

[6] Of course, an inference that Home Depot's purchase prices "tend to converge on the [prevailing] market price," Resp. 11 (quoting CC ¶ 34), would fly in the face of Plaintiffs' theory that they were injured because Home Depot supposedly artificially inflated purchase prices through reference prices.  Regardless, the examples cited in the Consolidated Complaint refute Plaintiffs' requested inference by showing that Home Depot often offers products for less than other retailers.  *See* Mot. 2.

(11th Cir. 2006) (affirming dismissal of False Claims Act claims under Rule 9(b) because, even where plaintiff alleged a "scheme to defraud" "with particularity," he failed to allege fraud as to at-issue representations that could be actionable). Because Berger, Londrigan, and Timmins fail to allege prevailing market prices with particularity as to the products they purchased, their claims fail under Rule 9(b).

## II.    **Plaintiffs' Alternative California Claims Fail.**

### A.    **Plaintiffs Culbertson and Gonzalez Cannot Bring California Claims.**

Culbertson and Gonzalez cannot bring California claims—in the alternative or otherwise—because they agreed that Georgia law governs. Mot. 22–23.

Culbertson and Gonzalez do not dispute that Georgia choice-of-law rules apply to the enforceability of the applicable Georgia choice-of-law provision. *See* Mot. 22. Yet they improperly rely on California common law in arguing they did not assent. Resp. 18–20. Georgia choice-of-law rules require the Court to apply Georgia contract law to assess enforceability of the provision. *See Ramirez v. SnapMedTech, Inc.*, 2023 WL 3641836, at *6 (N.D. Ga. Mar. 28, 2023) (under Georgia choice-of-law rules, "the Court must look to Georgia common law on contract formation" regardless of where the contract was formed). And Georgia contract law makes clear that Culbertson and Gonzalez assented to the provision.

"Georgia courts 'apply an objective theory of intent'" in determining assent. *Hanson v. Experian Info. Sols., Inc.*, 2024 WL 3509482, at *9 (N.D. Ga. July 22,

2024) (citation omitted). Courts applying Georgia law "routinely enforce internet agreements where, as here: (1) the user is required to affirmatively acknowledge the agreement before proceeding with use of the website, or (2) the website puts a reasonably prudent user on inquiry notice of the terms of the contract, which depends on the design and content of the website and the agreement's webpage." *Taylor v. Experian Info. Sols., Inc.* 2024 WL 5265371, at *7 (N.D. Ga. Dec. 31, 2024), *R&R adopted*, 2025 WL 431630 (N.D. Ga. Jan. 22, 2025) (citation omitted).[7]

The Court need look no further than the complaint's allegations to determine that Culbertson and Gonzalez assented to the choice-of-law provision. Plaintiffs acknowledge that when customers select "Create an Account," they "are agreeing to the <u>Pro Xtra Terms and Conditions</u>, <u>Privacy and Security Statement</u>, & <u>My Account Terms and Conditions</u>," and are provided hyperlinks to the terms. Resp. 19; *see also* CC ¶ 123. The complaint includes a screenshot from the "'Place Order' page during the checkout process" stating in blue contrasting text that "[u]se of this site is subject to certain Terms of Use which constitute a legal agreement between you and Home Depot U.S.A., Inc. View our My Account Terms and Conditions and Privacy & Security Statement." CC ¶ 122. And Plaintiffs allege that the terms "impose Georgia law upon certain disputes between consumers and Home Depot." *Id.* ¶ 121.

---

[7] While many cases address assent to an arbitration provision, the underlying contract principles apply with equal force to assent to a choice-of-law provision.

"[A]s many courts have found, the hyperlink to [terms of use are] conspicuous enough to put a reasonably prudent person on notice of the terms," such that Culbertson and Gonzalez are deemed to have assented. *Taylor*, 2024 WL 5265371, at *8; *see also Rahim v. Chime Fin., Inc.*, 2022 WL 18459836, at *2 (N.D. Ga. Nov. 14, 2022) (where terms are "hyperlinked and available," "Plaintiff could not have opened the account at issue without assenting"); *Hanson*, 2024 WL 3509482, at *9 (assent where "user would know that more information would be found if he clicked upon the hyperlink" and the webpage was "relatively uncluttered, and the entire screen is visible at once"); *Hawkins v. CMG Media Corp.*, 2024 WL 559591, at *5 (N.D. Ga. Feb. 12, 2024) (party "assented . . . when she pressed the continue button and signed up for her [ ] account" and the "relevant hyperlink [was] placed directly below the sentence that explains what happens when a user elects to continue").

Georgia law applies, and Culbertson and Gonzalez cannot pursue California claims. *Holiday Hosp. Franchising, LLC, v. Morning Star Hotel Victorville 4, LLC*, 2014 WL 11393569, at *5 (N.D. Ga. May 2, 2014) (Georgia choice-of-law clause applied "[e]ven though the contract was made and performed in California").[8]

---

[8] Culbertson and Gonzalez rightly do not attempt to rely on Timmins' arguments that the provision allegedly violates California policy, as "no precedent" supports that "any other state's law" matters in resolving whether application of the provision "would contravene a strong public policy *of this State*." *Parker v. Perdue Foods, LLC*, 2024 WL 3993855, at *5 n.9 (M.D. Ga. Aug. 29, 2024) (emphasis in original) (citation omitted). Regardless, Home Depot disagrees with Timmins' arguments.

### B.    Plaintiffs Timmins' Claims Under California Law Fail.

Timmins, unlike the other Plaintiffs, does not allege *anything* about the prevailing market price for the product she purchased.[9]  Resp. 10–11.  She fails to allege the reference price "do[es] not reflect the prevailing market price[ ]," and her claims should be dismissed.  *Purcelley*, 2024 WL 2107710, at *5; *see* Mot. 21–22.

While certain California courts have allowed plaintiffs to pass the pleading stage by pointing to the frequency of discounts, Resp. 11–12, those cases are inconsistent with Rule 9(b).[10]  Absent such allegations, Plaintiffs have alleged only that it is "*possible* that the reference price is misleading."  *Purcelley*, 2024 WL 2107710, at *5.  Timmins points to pricing advertised for *other* products, Resp. 12, but this only makes the absence of allegations as to the product she purchased more stark.  Because Timmins fails to plead the prevailing market price of the product she purchased, her claims fail *even if* she could raise them under California law.[11]

---

[9] Berger's and Londrigan's allegations "on information and belief" as to prevailing market price of the products they purchased still fail under Rule 9(b).  Mot. 19–20.

[10] Plaintiffs cite in passing a quote from *Vizcarra* that some FAL § 17501 claims "do not necessarily" trigger Rule 9(b) for challenges of "entirely truthful" advertising.  710 F. Supp. 3d at 728 n.4; *see* Resp. 10.  Plaintiffs have not alleged a standalone FAL § 17501 claim based on truthful advertising; instead, they allege the reference prices were "false and misleading" and that Home Depot "knew" they were false.  CC ¶¶ 191, 194.  Even so, at most this case applies to an FAL § 17501 claim.

[11] This Court thus need not reach Timmins' choice-of-law arguments; nor should it, as her Response raises issues beyond the pleadings and not raised in the Motion.

### C.    Plaintiff Condon's Claims Under California Law Fail.

Condon's claims fail because she relies on generalized allegations that do not support the claim that the *in-store* price tag she saw was misleading.  Mot. 23–24.  Condon admits she pleads nothing about in-store prices.  Resp. 22–23.  She alleges that Home Depot's "online prices only 'vary occasionally'" from in-store prices, Resp. 23, which, if true, would suggest that she has had the ability to conduct a reasonable investigation into former pricing of the product that she purchased.  But she failed to do so, and her "on information and belief" allegations as to former pricing fail under Rule 9(b).  *See* Mot. 19–20, 24.

Further, because Condon's claim does not concern an exclusive product, she must *also* allege facts as to the prevailing market price to satisfy Rule 9(b).  *See supra* 8–10.  While Condon claims the location and method of sales is irrelevant, *see* Resp. 23, the law on which she relies makes clear that the "prevailing market price" must be determined by "the locality wherein the advertisement is published," FAL § 17501.  Because the "advertisement" Condon relies upon is a price tag in Oakland, California, *see* CC ¶ 78, she must allege the tag was false as to the prevailing market price at stores in that locality.  She does not do so, and her claims therefore fail.

15

Respectfully submitted this 23rd day of May, 2025.

/s/ *Lindsey B. Mann*
Lindsey B. Mann (GA Bar No. 431819)
lindsey.mann@troutman.com
W. Alex Smith (GA Bar No. 532647)
alex.smith@troutman.com
Samuel D. Lack (GA Bar No. 749769)
samuel.lack@troutman.com

**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St., N.E., Suite 3000
Atlanta, Georgia 30308
T: 404.885.3000
F: 404.885.3900

Matthew A. Macdonald, *pro hac vice*
matthew.macdonald@wsgr.com
Matthew K. Donohue, *pro hac vice*
mdonohue@wsgr.com
**WILSON SONSINI
GOODRICH & ROSATI, P.C.**
953 East 3rd Street, Suite 100
Los Angeles, CA 90013
T: 323.210.2900
F: 323.210.7329

***Counsel for Defendant
Home Depot U.S.A., Inc.***

## **FONT CERTIFICATION**

Counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1(B).

This 23rd day of May, 2025.

/s/ *Lindsey B. Mann*
Lindsey B. Mann (GA Bar No. 431819)
lindsey.mann@troutman.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the within and foregoing *Defendant Home Depot U.S.A., Inc.'s Reply Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint* was served via the Court CM-ECF electronic filing system upon all Counsel of Record.

This 23rd day of May, 2025.

/s/ *Lindsey B. Mann*
Lindsey B. Mann (GA Bar No. 431819)
lindsey.mann@troutman.com