**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **LACEY TIMMINS, KEVIN CULBERTSON, MARIA GONZALEZ, and GRACE CONDON,** *individually and on behalf of all others similarly situated*, <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **HOME DEPOT U.S.A., INC.,** <br><br> **Defendant.** | **Civil Action No. 1:24-CV-01435-VMC** |

<u>**ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT**</u>

Defendant Home Depot U.S.A., Inc. ("Defendant") hereby timely files its

Answer to the Consolidated Class Action Complaint ("Complaint") filed by

Plaintiffs Eric Berger, Jason Londrigan, Lacey Timmins, Kevin Culbertson, Maria

Gonzalez, and Grace Condon ("Plaintiffs") on February 21, 2025 (Dkt. 40).[1]

**I.      NATURE OF THE ACTION.**

**1.**

<u>Complaint:</u>  This is a class action lawsuit brought to remedy Defendant's
misleading and unlawful pricing, sales, and discounting practices on its website
www.homedepot.com and in its California stores. The products at issue include all
goods offered at a sale or discounted price from a higher reference price, including

---

[1] In its March 31, 2026 Order granting in part and denying in part Home Depot's
Motion to Dismiss (Dkt. 50), the Court dismissed the claims of Plaintiffs Berger and
Londrigan.

without limitation: appliances, tools, outdoor equipment, home equipment, furniture, and garden equipment, and many other categories. Defendant advertises false, misleading, and inflated comparison reference prices to deceive customers into a belief that the sale price is a discounted bargain price.

Answer: Paragraph 1 consists of Plaintiffs' description of the claims asserted in the Complaint to which no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 1.

**2.**

Complaint:  Anyone visiting the website who buys an item on "sale" from a stricken former or regular price is misled because that item has not been listed for sale or sold *on the website*, in the recent past and for a substantial time, at the former price. Yet Defendant's use of inflated reference prices, strikethrough pricing and discounting, and purported limited time sales all lead reasonable consumers to believe the products in fact had been offered on the website at the former and regular price, in the recent past, for a substantial period of time.

Answer: Home Depot denies the allegations in Paragraph 2.

**3.**

Complaint:  Likewise, consumers who visit Home Depot's California stores and buy an item on "sale" are misled because that item has not been offered or sold at Home Depot, in the recent past and for a substantial time, at the reference price. Yet Defendant's use of inflated reference prices, discounting, and purported limited time sales all lead reasonable consumers to believe the products in fact had been offered at Home Depot at the former and regular price, in the recent past, for a substantial period of time.

Answer: Home Depot denies the allegations in Paragraph 3.

**4.**

Complaint:  When Defendant employs this fake sale scheme, the reference prices are false and misleading. They are not former or regular prices at which products were offered on the website in the recent past, for a substantial period of time. Nor are they former or regular prices offered at local stores in the recent past,

for a substantial period of time. Online and in stores, they are inflated prices posted to lure consumers into purchasing items from Defendant on the false promise of a sale price.

Answer: Home Depot denies the allegations in Paragraph 4.

**5.**

Complaint:    Additionally, and in the alternative, reasonable consumers expected the products were valued in the marketplace at the reference prices. Said differently, reasonable consumers interpret Defendant's advertisements to mean that, if they buy now, they will receive a price reduction from the price at which Defendant ordinarily sells its products and a price reduction from the products' market value. But the products were rarely, if ever, sold in the marketplace at the reference prices, let alone in the recent past and for a substantial period of time.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 5 regarding the expectations and interpretations of a "reasonable consumer," and on that basis denies them.  The remaining allegations in Paragraph 5 purport to apply to all products sold by Home Depot without temporal or other limitations and, so, Home Depot is without knowledge or information sufficient to admit or deny the truthfulness of the remaining allegations in Paragraph 5 and on that basis denies them.

**6.**

Complaint:  Beyond that, Defendant's discounted products not only have a market value lower than the promised regular price, but the market value is also lower than the discounted "sale" price. By using false reference pricing and sales, Defendant artificially drives up demand for the products, and by extension drives up the price of the products. As a result, consumers received a product worth less than the price paid. To illustrate, assume a company knows a product will sell in the

marketplace at $30. But to increase revenue and capture market share, the company advertises the product as having a "regular" price of $100 and being on "sale" at 60% off (i.e., $60 off). Because consumers value products based on the regular price, and a purported limited-time sale conveys additional savings, the company can sell that $30 product for $40.

Answer: Home Depot denies the allegations in the first, second, and third sentences of Paragraph 6. The fourth, fifth, and sixth sentences of Paragraph 6 contain no factual allegations but instead present an incomplete hypothetical set of circumstances to which no meaningful response is possible. To the extent a response is required, Home Depot denies the allegations in the fourth, fifth, and sixth sentences.

### 7.

Complaint: As a result, consumers are deceived into spending money they otherwise would not have spent, purchasing items they would not have purchased, and/or spending more money for an item than they otherwise would have absent deceptive marketing.

Answer: Home Depot denies the allegations in Paragraph 7.

## II. PARTIES.

### 8.

Complaint: Plaintiff Eric Berger is an individual citizen of the State of Texas and resident of Harris County, Texas. He was present in Texas at the time he made his purchase from the website.

Answer: The Court dismissed Plaintiff Berger's claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 8.

4

**9.**

Complaint:  Plaintiff Jason Londrigan is an individual citizen of the State of Texas and resident of Tarrant County, Texas. He was present in Texas at the time he made his purchase from the website.

Answer: The Court dismissed Plaintiff Londrigan's claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 9.

**10.**

Complaint:  Plaintiff Lacey Timmins is a resident of the State of California and County of Stanislaus. She was present in Stanislaus County at the time she made her purchase from the website.

Answer: Home Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

**11.**

Complaint:  Plaintiff Kevin Culbertson is a resident of the State of California and County of San Mateo. He was present in San Mateo County at the time he made his purchase from Home Depot's website.

Answer: Home Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies them.

**12.**

Complaint:  Plaintiff Maria Gonzalez is a resident of the State of California and County of Merced. She was present in Merced County at the time she made her purchase from Home Depot's website.

Answer: Home Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies them.

**13.**

Complaint:  Plaintiff Grace Condon is a resident of the State of California and County of Alameda. She was physically present when she made her purchase from Home Depot's store in Oakland, Alameda County, California.

Answer: Home Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies them.

**14.**

Complaint:  Defendant Home Depot is a Delaware corporation. Defendant is an online and brick-and-mortar retailer of home and gardening products, including without limitation appliances, tools, outdoor equipment, home equipment, furniture, garden equipment, and hundreds of other categories. Through the website, Defendant sells its products to consumers in California and nationwide. Defendant is headquartered in Georgia.

Answer: Home Depot admits the allegations in Paragraph 14.

## III.  JURISDICTION AND VENUE.

**15.**

Complaint:   This Court has jurisdiction over this lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because this is a proposed class action in which: (i) there are at least 100 class members; (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (iii) at least one putative class member and one Defendant are citizens of different states.

Answer: Home Depot admits that this Court has jurisdiction under the Class Action Fairness Act of 2005 at this time, but reserves all rights, defenses, and arguments as the case develops.  Home Depot also admits that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2) at this time, but reserves all rights, defenses, and arguments as the case develops.  Home Depot lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations

in Paragraph 15 and on that basis denies them.

**16.**

Complaint:  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. As set forth herein, Defendant owns and operates the website, and marketed, sold, and shipped products to purchasers located in this district, and is headquartered in this district.

Answer: Home Depot admits that venue is proper in this Court, that Home

Depot operates a website from which it conducts sales to residents of the Northern

District of Georgia, and that Home Depot is headquartered in the Northern District

of Georgia.  The remainder of Paragraph 16 consists of legal argument to which no

response is required.  To the extent a response is required, Home Depot denies the

remaining allegations in Paragraph 16.

**17.**

Complaint:  Further, as set forth herein, Defendant has contacts in this district sufficient to subject it to the personal jurisdiction of this district as if this district were a separate state. Defendant continuously and systematically places goods into the stream of commerce for distribution in Georgia, maintains an interactive commercial website, offers to ship products to Georgia, and allows customers in Georgia to order products. Exercising jurisdiction over Defendant is fair, just, and reasonable considering the quality and nature of Defendant's acts that occur in Georgia and which affect interests located in Georgia. Defendant has purposefully availed itself of the privilege of conducting activities in Georgia, and should reasonably anticipate being haled into court in Georgia.

Answer:  Home Depot admits that this Court may exercise personal

jurisdiction over Home Depot in this case and that Home Depot operates a website

from which it conducts sales to residents of the Northern District of Georgia. The remainder of Paragraph 17 consists of legal argument to which no response is required. To the extent a response is required, Home Depot denies the remaining allegations in Paragraph 17.

## IV.    GENERAL ALLEGATIONS.

### A.    Company Background.

**18.**

Complaint: On the website's About Us page, Defendant describes itself as "the world's largest home improvement retailer."[2]

Answer: Paragraph 18 purports to quote and summarize a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 18 that concern the content or legal effect of documents that speak for themselves.

**19.**

Complaint: Home Depot was "founded in 1978."[3] "Today, The Home Depot is the world's largest home improvement retailer with approximately 475,000 orange-blooded associates and more than 2,300 stores in the U.S., Canada and Mexico. The typical store today averages 105,000 square feet of indoor retail space, interconnected with an e-commerce business that offers more than one million products for the DIY customer, professional contractors, and the industry's largest installation business for the Do-It-For-Me customer."[4]

---

[2] https://corporate.homedepot.com/page/about-us
[3] Id.
[4] Id.

Answer: Paragraph 19 purports to quote and summarize a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 19 that concern the content or legal effect of documents that speak for themselves.

**20.**

Complaint:  Defendant, through the website, has sold millions of units of merchandise to consumers in Georgia, California, and nationwide.

Answer: Home Depot admits the allegations in Paragraph 20.

**B.      Defendant's False and Deceptive Pricing Scheme.**

      **1.      The Products Are Not Regularly Listed or Sold on the Website at the Reference Prices.**

**21.**

Complaint:  Defendant's business model relies on deceiving consumers with false or misleading sales.

Answer: Home Depot denies the allegations in Paragraph 21.

**22.**

Complaint:  On any given date, many products on the website are represented as being discounted from a substantially higher reference price. On individual listing pages, the supposed markdowns are represented to the consumer by prominently displaying a "crossed-out" reference price next to the sale price, and "Save $__" or "Save __%". A representative example is shown below. (For some products, the sale prices are only shown when added to a customer's cart to further incentivize a purchase.)



Answer:  Home Depot admits that www.homedepot.com displays information regarding certain products in various ways.  Product information pages may contain a strike-through number, the word "save" coupled with a dollar amount and/or percentage, or pricing shown in cart, among other information.  Additionally, Paragraph 22 contains what purports to be a screenshot of a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 22 that concern the content or legal effect of documents that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct.  Home Depot denies any remaining allegations in Paragraph 22.

**23.**

Complaint:    Defendant employs these deceptive tactics to convey to customers that the product was regularly listed or sold on the website at the reference price. Reasonable consumers understand the strikethrough reference price, or the adjacent "Save $__" or "Save __%", independently and/or collectively convey the product was listed or sold *on the website* at the reference price, in the recent past and for a substantial period of time, but is now being listed and sold to the customer at a substantial discount.

10

Answer:  Home Depot denies the allegations in Paragraph 23.

**24.**

Complaint:  However, this reference price is a falsely inflated price because Defendant rarely, if ever, lists or sells the items at the reference price. Instead, the reference price misleads customers into believing that the displayed reference price is a former or regular price at which Defendant usually lists and sells the item in the recent past. As a result, Defendant falsely conveys to customers that they are receiving a substantial markdown or discount. Representative examples of such false and misleading advertising are shown below.

a.    18 cu. ft. Top Freezer Refrigerator in Stainless Steel

 i. 04/16/2024: $678.00 (sale price); $999.00 (reference price)



 ii. 02/15/2024: $648.00 (sale price); $999.00 (reference price)

 iii. 01/09/2024: $648.00 (sale price); $999.00 (reference price)

 iv. 12/17/2023: $648.00 (sale price); $999.00 (reference price)

 v. 11/19/2023: $648.00 (sale price); $999.00 (reference price)

 vi. 09/22/2023: $678.00 (sale price); $999.00 (reference price)

 vii. 06/01/2023: $648.00 (sale price); $999.00 (reference price)

b.    Electrolux 4.5 cu. ft. Stackable Front Load Washer in Titanium with SmartBoost, Optic Whites, and Pure Rinse

 i. 04/16/2024: $898.00 (sale price); $1349.00 (reference price)

11



    ii.     01/18/2024: $898.00 (sale price); $1349.00 (reference price)

    iii.    12/17/2023: $898.00 (sale price); $1349.00 (reference price)

    iv.    09/01/2023: $1098.00 (sale price); $1349.00 (reference price)

c.    <u>GE 24 in. Built-In Tall Tub Top Control Stainless Steel Dishwasher w/Sanitize, Dry Boost, 52 dBA</u>

    i.     04/16/2024: $428.00 (sale price); $729.00 (reference price)



    ii.    12/16/2023: $428.00 (sale price); $729.00 (reference price)

    iii.    09/28/2023: $428.00 (sale price); $729.00 (reference price)

d.    <u>Whirlpool 1.7 cu. ft. Over the Range Microwave in Stainless Steel with Electronic Touch Controls</u>

    i.     04/16/2024: $198.00 (sale price); $399.00 (reference price)

12



ii.　01/07/2024: $228.00 (sale price); $399.00 (reference price)

iii.　02/04/2024: $248.00 (sale price); $399.00 (reference price)

iv.　03/03/2024: $228.00 (sale price); $399.00 (reference price)

v.　12/07/2023: $198.00 (sale price); $399.00 (reference price)

vi.　11/07/2023: $198.00 (sale price); $399.00 (reference price)

e.　<u>LG Smart 30 in. W 2 cu. ft. Over the Range Microwave with EasyClean 1,050-Watt in PrintProof Stainless Steel</u>

i.　04/16/2024: $348.00 (sale price); $459.00 (reference price)



ii.　12/05/2023: $298.00 (sale price); $459.00 (reference price)

iii.　09/29/2023: $298.00 (sale price); $459.00 (reference price)

iv.　07/03/2023: $298.00 (sale price); $459.00 (reference price)

v.　03/13/2023: $398.00 (sale price); $459.00 (reference price)

13

f.  LG 30 in. 6.3 cu. ft. Smart Wi-Fi Enabled Fan Convection Electric Range Oven with AirFry and EasyClean in. Stainless Steel

   i.  04/16/2024: $898.00 (sale price); $1049.00 (reference price)



   ii.  03/22/2024: $898.00 (sale price); $1049.00 (reference price)

   iii.  02/15/2024: $898.00 (sale price); $1049.00 (reference price)

   iv.  01/04/2024: $898.00 (sale price); $1049.00 (reference price)

   v.  12/14/2023: $948.00 (sale price); $1049.00 (reference price)

   vi.  11/03/2023: $798.00 (sale price); $1049.00 (reference price)

   vii.  09/23/2023: $798.00 (sale price); $1049.00 (reference price)

   viii.  08/06/2023: $948.00 (sale price); $1049.00 (reference price)

g.  Samsung 6.3 cu. ft. Smart Wi-Fi Enabled Convection Electric Range with No Preheat AirFry in Stainless Steel

   i.  04/16/2024: $798.00 (sale price); $1099.00 (reference price)



       ii.      02/15/2024: $798.00 (sale price); $1099.00 (reference price)

      iii.     01/04/2024: $798.00 (sale price); $1099.00 (reference price)

      iv.     12/17/2023: $798.00 (sale price); $1099.00 (reference price)

      v.     11/03/2023: $698.00 (sale price); $1099.00 (reference price)

      vi.     09/21/2023: $778.00 (sale price); $1099.00 (reference price)

      vii.     08/25/2023: $778.00 (sale price); $1099.00 (reference price)

h.    <u>GE 30 in. 5 Element Free-Standing Electric Range in Stainless Steel with Crisp Mode</u>

      i.      04/16/2024: $848.00 (sale price); $949.00 (reference price)



      ii.     01/04/2024: $848.00 (sale price); $949.00 (reference price)

      iii.     12/14/2023 $698.00 (sale price); $949.00 (reference price)

      iv.     11/03/2023: $678.00 (sale price); $949.00 (reference price)

      v.     09/25/2023: $648.00 (sale price); $949.00 (reference price)

      vi.     08/25/2023: $648.00 (sale price); $949.00 (reference price)

i.    <u>Milwaukee M12 FUEL 12V Lithium-Ion Brushless Cordless Hammer Drill Impact Driver</u>

      i.      04/08/2024: $229.00 (sale price); $339.00 (reference price)



      ii.     05/13/2024: $269.00 (sale price); $339.00 (reference price)

      iii.    07/03/2024: $269.00 (sale price); $339.00 (reference price)

  j.    <u>DEWALT 20-Volt MAX ToughSystem Lithium-Ion 6-Tool Cordless Combo Kit</u>

      i.     04/08/2024: $499.00 (sale price); $749.00 (reference price)



      ii.     07/03/2024: $499.00 (sale price); $749.00 (reference price)

  k.    <u>Milwaukee M12 12V Lithium-Ion Cordless Drill Driver Impact Driver Combo Kit (2-Tool)</u>

      i.     04/08/2024: $139.00 (sale price); $195.97 (reference price)

      ii.     07/03/2024: $139.00 (sale price); $195.97 (reference price)



Answer:  Home Depot denies the allegations in Paragraph 24.

**25.**

Complaint:  Additional representative examples of Home Depot's false and misleading reference pricing are shown at "**Appendix 1.**"

Answer: Home Depot denies the allegations in Paragraph 25 and Appendix 1.

16

**26.**

Complaint:  On information and belief, this is not a new or isolated sales practice by Defendant, but currently occurs and continued regularly throughout at least 2024, 2023, and years earlier.

Answer: Home Depot denies the allegations in Paragraph 26.

**27.**

Complaint:  These pricing and advertising practices are deceptive and pressure consumers into purchasing products from Defendant at an inflated price.

Answer: Home Depot denies the allegations in Paragraph 27.

**2.    Defendant Advertises the Same or Substantially Similar Discounts on its Website and in California Stores.**

**28.**

Complaint:  The discounted prices on Defendant's website are consistent with the discounted prices in its California stores.

Answer: The allegations in Paragraph 28 are overbroad, vague, and ambiguous to the extent they reference all products offered at Home Depot over an unspecified time frame.  As such, no meaningful response is possible.  To the extent a response is required, Home Depot denies the allegations in Paragraph 28.

**29.**

Complaint:  Buried on Home Depot's website is an FAQ page entitled "About Shopping Online At The Home Depot." There, Home Depot states its online prices only "vary occasionally" from the prices charged at local stores. Stated differently, Home Depot's discounted prices are consistent online and in local stores, with few exceptions.

17

Answer: Paragraph 29 purports to summarize and/or quote a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 29 that concern the content or legal effect of documents that speak for themselves or that suggest that Home Depot engaged in any misconduct.  Home Depot denies any remaining allegations in Paragraph 29.

**30.**

Complaint:  Thus, Plaintiffs allege on information and belief that Home Depot advertises the same discounts, using the same reference pricing, online and in California stores.

Answer: Home Depot denies the allegations in Paragraph 30.

**3.    The Reference Prices are not the Market Price of the Products, Including During the Rolling Three-Month Period Prior to Offering.**

**31.**

Complaint:  Separately, the advertised reference prices were not prevailing market prices.

Answer:  The allegations in Paragraph 31 are vague and ambiguous with respect to the phrase "prevailing market price," and overbroad to the extent Paragraph 31 references all products offered at Home Depot over an unspecified time frame.  As such, no meaningful response is possible.  To the extent a response is required, Home Depot denies the allegations in Paragraph 31.

**32.**

Complaint: On information and belief, the reference prices are unsubstantiated and based on an undisclosed formula, are outdated, or are cherrypicked, and thus not representative of the prevailing market prices.

Answer: Home Depot denies the allegations in Paragraph 32.

**33.**

Complaint: To the extent competing retailers concurrently sell the identical products offered by Defendant, on information and belief, Defendant does not independently verify the reference prices are the prevailing market prices at which the products are listed for sale by other retailers for a substantial period of time and in substantial quantities. And on information and belief, Defendant does not update the reference prices on a daily basis.

Answer: The allegations in Paragraph 33 purport to apply to unidentified products by unidentified retailers and all products sold by Home Depot without temporal or other limitations and, so, Home Depot is without knowledge or information sufficient to admit or deny the truthfulness of the allegations in Paragraph 33 and on that basis denies them.

**34.**

Complaint: On information and belief, Defendant's advertised reference prices are higher than the prevailing market prices for the identical products. Because Defendant consistently sells the products at issue at prices significantly (i.e., 25% or more) lower than its advertised former prices, there is no reasonable basis to believe Defendant consistently sells its products at prices below the prevailing market prices. Economic principles dictate that, in competitive markets, the actual prices offered by vendors selling the same item tend to converge on the market price.

Answer: The allegations in Paragraph 34 are vague and ambiguous with respect to the phrases "prevailing market price," "advertised," "identical products,"

19

"consistently," "products at issue," "significantly," "former prices," "reasonable basis," "consistently," and "same item," and overbroad to the extent they purport to apply to all products sold by Home Depot without temporal or other limitations and, so, Home Depot is without knowledge or information sufficient to admit or deny the truthfulness of the remaining allegations in Paragraph 34 and on that basis denies them.

**35.**

Complaint:  For example, from at least September 2023 through January 2024, Home Depot claimed the former or regular price for a GE 7.2 cu. Ft. Electric Dryer in White with Wrinkle Care ("GE Electric Dryer") was $779. However, since at least August 2023 through December 2023, one of Home Depot's primary competitors in the retail home appliance market, Best Buy, sold that same dryer for, at most, $549—sometimes reducing the price even further to $499. Similarly, Orville's also sold that same dryer from at least November 2023 through December 2023 for $497. More representative examples for which Home Depot's advertised reference prices are higher than the actual prices charged at comparable big-box retailers are identified in **Appendix 2**.

Answer: Home Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and Appendix 2 and on that basis denies them.

**36.**

Complaint:  Additionally, many of Defendant's products are sold exclusively by Defendant. These include but are not limited to products offered under the brand names Glacier Bay, Ryobi, Husky, Hampton Bay, Everbilt, Defiant, LifeProof, and HDX—each of which has an exclusive-retailer relationship with Home Depot. And Defendant's deceptive pricing scheme applied to these exclusive products too. Accordingly, the prevailing market price for Defendant's exclusive products is Defendant's discounted offering price—not the fictitious reference price.

20

Answer: Home Depot admits that Glacier Bay, Husky, Hampton Bay, Everbilt, Defiant, LifeProof, and HDX are Home Depot private label brands and that there are some products sold exclusively to Home Depot. Home Depot denies any remaining allegations in Paragraph 36.

**37.**

Complaint:   To take but one example, Home Depot's website lists an American Standard toilet[5] with a prominent notice that this product is "Exclusive" to Home Depot. As of July 8, 2024, this product was listed on the website at a purported discount price of $287.00, with a strikethrough price of $338.10. This same product was listed at a discount price of $289.00 with a strikethrough price of $338.10 as of January 18, 2024—nearly six months prior. Publicly available product reviews indicate droves of customers purchased this product at the purported "savings" price during the period the deceptive strikethrough pricing has been displayed. Home Depot thus sold numerous exclusive products to its customers on the basis of deceptive strikethrough prices throughout the relevant period.

Answer:  Home Depot denies the allegations in Paragraph 37.

**C.    Plaintiffs' Purchases.**

*Plaintiff Berger*

**38.**

Complaint:   Plaintiff Eric Berger purchased one of the products from the website that Home Depot advertised with a false reference price. Mr. Berger purchased a Samsung Front Load Gas Dryer from the website in November 2023 for $798.00.[6] The unit was advertised at a purported 33% discount from its strikethrough price of $1,199.00. But the dryer Mr. Berger purchased had been listed at various

---

[5] American Standard Lexington 2-Piece 1.28 GPF Single Flush Elongated Toilet in White.

[6] Samsung 7.4 cu. ft. Vented Smart Front Load Gas Dryer with Steam Sanitize+ in Brushed Black.

"sale" prices far below the $1,199.00 strikethrough price since at least September 2023.

Answer: The Court dismissed Plaintiff Berger's claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 38.

**39.**

Complaint: Mr. Berger interpreted the strikethrough price advertised on Home Depot's website as indicating this product was being sold at a limited-time discount from the price Home Depot regularly charged in the recent past and for a substantial time. This motivated him to purchase the product right away, to take advantage of what he perceived to be a fleeting deal.

Answer: The Court dismissed Plaintiff Berger's claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 39.

**40.**

Complaint: Mr. Berger thus viewed and relied on the website's purported current and limited-time sale promotion. He reasonably relied on the above representations that the product (1) had a former and regular price of the stated reference price, (2) had been offered for sale *on the website* at the stated reference price, in the recent past, on a regular basis, and for a substantial time, and (3) was truly on sale and being sold at a substantial discount, such that the product was valued at the false reference price.

Answer: The Court dismissed Plaintiff Berger's claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 40.

**41.**

Complaint:    The long-advertised "discount" on the dryer Mr. Berger purchased induced him to purchase the product, and the artificial demand created by Home Depot's false-reference pricing scheme caused him to pay more than he would have otherwise. He would not have purchased this product from Home Depot, or would have paid less for it, were it not for the deceptive strikethrough price that Home Depot listed on the product page.

Answer: The Court dismissed Plaintiff Berger's claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 41.

**42.**

Complaint:  Home Depot did not intend the strikethrough price it advertised to Mr. Berger to serve as a comparison price to what other retailers charged for the same product, and Mr. Berger did not understand it this way. But, in any event, Home Depot lists this product at a reference price *higher* than the prevailing market price. As of July 8, 2024, Home Depot lists this product with a $1,399.00 strikethrough reference price. As of this same date, Samsung's website lists this dryer for sale at $1,259.00. On information and belief, a similar disparity existed at the time Mr. Berger purchased his dryer from Home Depot.

Answer: The Court dismissed Plaintiff Berger's claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 42.

**43.**

Complaint:  Plaintiff Berger continues to be interested in purchasing home goods and products that are available at Home Depot and offered at discounted prices, but he will be unable to trust and rely on Defendant's advertising, and so will not purchase the products from HomeDepot.com. Absent injunctive relief, Plaintiff cannot know whether Defendant's former and regular prices represent honest prices

at which the products were listed for sale on the website, on a regular basis for a reasonably substantial period of time, or if Defendant's sales are perpetual.

Answer: The Court dismissed Plaintiff Berger's claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 43.

*Plaintiff Londrigan*

**44.**

Complaint:  Plaintiff Jason Londrigan purchased a Samsung Top-Load Washer[7] from the website in September 2023 advertised with a false reference price of $578.00. The unit was advertised at a purported 35% discount from its strikethrough price of $899.00. But, on information and belief, the washer Mr. Londrigan purchased had been listed at various "sale" prices far below the $899.00 strikethrough price for many months prior. In the months since Mr. Londrigan's purchase (at least as of July 2024), this washer has *never* been offered or sold at its "original" price—with "discount" prices ranging from $550.00 to $800.00.

Answer: The Court dismissed Plaintiff Londrigan's claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 44.

**45.**

Complaint:  Mr. Londrigan interpreted the strikethrough price advertised on Home Depot's website as indicating this product was being sold at a limited-time discount from the price Home Depot regularly charged in the recent past and for a substantial time. This motivated him to purchase the product right away, to take advantage of what he perceived to be a fleeting deal.

---

[7] Samsung 5 cu. ft. High-Efficiency Top Load Washer with Impeller and Active Water Jet in White.

Answer: The Court dismissed Plaintiff Londrigan's claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 45.

**46.**

Complaint:  Mr. Londrigan thus viewed and relied on the website's purported current and limited-time sale promotion. He reasonably relied on the above representations that the product (1) had a former and regular price of the stated reference price, (2) had been offered for sale *on the website* at the stated reference price, in the recent past, on a regular basis, and for a substantial time, and (3) was truly on sale and being sold at a substantial discount, such that the product was valued at the false reference price.

Answer: The Court dismissed Plaintiff Londrigan's claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 46.

**47.**

Complaint:   The long-advertised "discount" on the dryer Mr. Londrigan purchased induced him to purchase the product, and the artificial demand created by Home Depot's false-reference pricing scheme caused him to pay more than he would have otherwise. He would not have purchased this product from Home Depot, or would have paid less for it, were it not for the deceptive strikethrough price that Home Depot listed on the product page.

Answer: The Court dismissed Plaintiff Londrigan's claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 47.

25

**48.**

Complaint:  Home Depot did not intend the strikethrough price it advertised to Mr. Londrigan to serve as a comparison price to what other retailers charged for the same product, and Mr. Londrigan did not understand it this way. But, in any event, Home Depot advertises this product at reference price *higher* than the prevailing market price. As of July 8, 2024, Home Depot lists this product with an $899.00 strikethrough reference price. Samsung's website lists this dryer for sale at $809.00. On information and belief, a similar disparity existed at the time Mr. Londrigan purchased his washer from Home Depot.

Answer: The Court dismissed Plaintiff Londrigan's claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 48.

**49.**

Complaint:  Plaintiff Londrigan continues to be interested in purchasing home goods and products that are available at Home Depot and offered at discounted prices, but he will be unable to trust and rely on Defendant's advertising, and so will not purchase the products from HomeDepot.com. Absent injunctive relief, Plaintiff cannot know whether Defendant's former and regular prices represent honest prices at which the products were listed for sale on the website, on a regular basis for a reasonably substantial period of time, or if Defendant's sales are perpetual.

Answer: The Court dismissed Plaintiff Londrigan's claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 49.

***Plaintiff Timmins***

**50.**

Complaint:  On February 17, 2024, Plaintiff Timmins visited the website and purchased a GE 24-inch Top Control Portable Black Dishwasher with Stainless Steel Interior advertised with a false reference price. Based on and consistent with

archived copies of the website, Plaintiff saw on the listing page a strikethrough regular price of $949.00, an adjacent "Save 36%," and a sale price of $598.00. This motivated her to purchase the product right away, to take advantage of what she perceived to be a fleeting deal. She then proceeded to purchase the product for $598.00 with the understanding she was receiving all advertised discounts off the former and regular price charged by Home Depot. The product was shipped to her address in Stanislaus County, California.

Answer: Home Depot admits that on February 17, 2024, an individual identified as Lacey Timmins purchased a GE 24-inch Top Control Portable Black Dishwasher with Stainless Steel Interior from homedepot.com. Home Depot further admits that records of Plaintiff Timmins's purchase indicate that she was charged $598 dollars for the dishwasher (exclusive of taxes), and that the dishwasher was shipped to Patterson, California. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Timmins's conduct, beliefs, and motivations and on that basis denies them. Home Depot denies any remaining allegations in Paragraph 50.

**51.**

Complaint: A screenshot of the product listing dated April 17, 2024 is below. The product was still on sale, then for $628.00 with a strikethrough reference price of $949.00.



Answer: Paragraph 51 purports to summarize, quote, and/or contain what purports to be a partial screenshot of a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 51 that concern the content or legal effect of documents that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 51.

**52.**

Complaint: That sale was false and misleading. Based on archived copies of the website, the product was regularly offered on the website at a discounted price.

a.    04/14/2024 - $628.00 (sale price) / $949.00 (regular price)

b.    04/10/2024 - $628.00 (sale price) / $949.00 (regular price)

c.    12/09/2023 - $598.00 (sale price) / $949.00 (regular price)

d.    10/03/2023 - $598.00 (sale price) / $949.00 (regular price)

e.    03/13/2023 - $628.00 (sale price) / $949.00 (regular price)

Answer: Home Depot denies the allegations in the first sentence of Paragraph 52. Paragraph 52 purports to summarize and/or quote a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 52 that concern the content or legal effect of documents that speak for themselves. Home Depot denies any remaining allegations in Paragraph 52.

**53.**

Complaint:  Further, a screenshot of the product listing dated July 3, 2024 is below. On that date, the product was still on sale, again for $598.00 with a strikethrough reference price of $949.00 and "Save $351.00 (37%)."



Answer: Paragraph 53 purports to summarize, quote, and/or contain what

purports to be a partial screenshot of a webpage that speaks for itself, and Home

Depot denies the allegations in Paragraph 53 that concern the content or legal effect

of documents that speak for themselves or to the extent that they imply or suggest

that Home Depot engaged in any misconduct.  Home Depot denies any remaining

allegations in Paragraph 53.

**54.**

Complaint:  Plaintiff thus viewed and relied on the website's purported current and limited-time sale promotion. She reasonably relied on the above representations that the product (1) had a former and regular price of the stated reference price, (2) had been offered for sale *on the website* at the stated reference price, in the recent past, on a regular basis, and for a substantial time, and (3) was truly on sale and being sold at a substantial discount, such that the product was valued at the false reference price.

Answer: Home Depot lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 54 regarding Plaintiff Timmins's

conduct, beliefs, and motivations and on that basis denies them.  Home Depot denies

any remaining allegations in Paragraph 54.

## 55.

Complaint:  The dishwasher Plaintiff Timmins purchased was not substantially marked down or discounted, and any discount she was receiving had been grossly exaggerated.

Answer: Home Depot denies the allegations in Paragraph 55.

## 56.

Complaint:  For at least the three-month period prior to Plaintiff Timmins's purchase, and on information and belief months and years more, Defendant very rarely, if ever, offered any of the discounted items sold on its website at the reference prices.

Answer: The allegations in Paragraph 56 purport to apply to all products sold

by Home Depot without temporal or other limitations and, so, Home Depot is

without knowledge or information sufficient to admit or deny the truthfulness of the

allegations in Paragraph 56 and on that basis denies them.

## 57.

Complaint:  Plaintiff Timmins would not have purchased the item at the advertised price, or would not have paid as much as she did, had Defendant been truthful. Plaintiff Timmins was persuaded to make her purchase because of the misleading sale based on false reference prices.

Answer: Home Depot lacks knowledge or information sufficient to form a

belief as to the truth of the allegations regarding Plaintiff Timmins's conduct, beliefs,

and motivations and, therefore, denies all allegations in Paragraph 57, and denies

that any of Home Depot's advertising or pricing was false or misleading. Home

Depot denies any remaining allegations in Paragraph 57.

**58.**

Complaint: Plaintiff Timmins continues to be interested in purchasing home goods and products that are available at Home Depot and offered at discounted prices, but she will be unable to trust and rely on Defendant's advertising, and so will not purchase the products from HomeDepot.com. Absent injunctive relief, Plaintiff Timmins cannot know whether Defendant's former and regular prices represent honest prices at which the products were listed for sale on the website, on a regular basis for a reasonably substantial period of time, or if Defendant's sales are perpetual.

Answer: Home Depot lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 58 regarding Plaintiff Timmins's

conduct, beliefs, and motivations and on that basis denies them. Home Depot denies

any remaining allegations in Paragraph 58.

***Plaintiff Culbertson***

**59.**

Complaint: On January 2, 2024, Plaintiff Culbertson visited the Home Depot website and purchased a GE Electric Dryer. Based on and consistent with archived copies of the website, Plaintiff Culbertson saw on the listing page a former price of $779.00 which was stricken through and adjacent to a message that read "See Lower Price in Cart." This motivated him to purchase the product right away, to take advantage of what he perceived to be a fleeting deal. He added the GE Electric Dryer to his cart then proceeded to purchase the product for $528.00 with the understanding he was receiving all advertised discounts off the former and regular price charged by Home Depot. The product was shipped to his address in San Mateo County, California.

Answer: Home Depot admits that on January 2, 2024, an individual identified as Kevin Culbertson purchased a GE 7.2 cu. ft. Electric Dryer in White with Wrinkle Care from homedepot.com. Home Depot further admits that records of Plaintiff Culbertson's purchase indicate that he was charged $528 dollars for the dryer (exclusive of taxes), and that the dryer was delivered to Menlo Park, California. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Culbertson's conduct, beliefs, and motivations and on that basis denies them. Home Depot denies any remaining allegations in Paragraph 59.

**60.**

Complaint: That sale was false and misleading. Based on archived copies of Home Depot's website, the product was regularly offered on the website at a "discounted" price.

a.    09/01/2023 - $548.00 (sale price) / $779.00 (former price)

b.    10/02/2023 - $548.00 (sale price) / $779.00 (former price)

c.    11/30/2023 - $498.00 (sale price) / $779.00 (former price)

d.    01/02/2024 - $528.00 (sale price) / $779.00 (former price)

Answer: Home Depot denies the allegations in the first sentence of Paragraph 60. Paragraph 60 purports to summarize and/or quote a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 60 that concern the content or legal effect of documents that speak for themselves. Home Depot denies any remaining allegations in Paragraph 60.

**61.**

Complaint:  Plaintiff Culbertson thus viewed and relied on the website's purported then-current and limited time "sale." He reasonably relied on the above representations that the product (1) had a former and regular price of the stated reference price, (2) had been offered for sale *on the website* at the stated reference price, in the recent past, on a regular basis, and for a substantial time, and (3) was truly on sale and being sold at a substantial discount, such that the product was valued at the false reference price

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 regarding Plaintiff Culbertson's conduct, beliefs, and motivations and on that basis denies them.  Home Depot denies any remaining allegations in Paragraph 61.

**62.**

Complaint:  The sale was also false and misleading because, based on archived copies of Orville's and Best Buy's website, the prevailing market price for the same GE Electric Dryer was never $779.00.

Answer: Home Depot denies the allegations in Paragraph 62.

**63.**

Complaint:  Orville's offered the GE Electric Dryer on its website at the following prices:

a.     11/11/2023 - $497.00

b.     11/30/2023 - $497.00

c.     12/01/2023 - $497.00

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and on that basis denies them.

33

**64.**

Complaint:   Best Buy offered the GE Electric Dryer on its website at the following prices:

a.      08/09/2022 - $579.99

b.      08/18/2023 - $549.99

c.      08/25/2023 - $549.99

d.      09/02/2023 - $549.99

e.      09/15/2023 - $549.99

f.      09/21/2023 - $549.99

g.      10/06/2023 - $549.99

h.      11/03/2023 - $499.99

i.      11/04/2023 - $499.99

j.      11/10/2023 - $499.99

k.      11/17/2023 - $499.99

l.      11/23/2023 - $499.99

m.      12/05/2023 - $499.99

n.      12/14/2023 - $529.99

o.      12/20/2023 - $529.99

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and on that basis denies them.

**65.**

Complaint:   The electric dryer Plaintiff Culbertson purchased was not substantially marked down or discounted, and any discount he received had been grossly exaggerated.

34

Answer: Home Depot denies the allegations in Paragraph 65.

**66.**

Complaint:  For at least the three-month period prior to Plaintiff Culbertson's purchase, and on information and belief months and years more, Defendant very rarely, if ever, offered any of the discounted items sold on its website at the reference prices.

Answer: The allegations in Paragraph 66 purport to apply to all products sold by Home Depot without temporal or other limitations and, so, Home Depot is without knowledge or information sufficient to admit or deny the truthfulness of the allegations in Paragraph 66 and on that basis denies them.

**67.**

Complaint:  Plaintiff Culbertson would not have purchased the item at the advertised price, or would not have paid as much as he did, had Defendant been truthful—he would have paid less at another retailer, or would have waited for the product to *actually* go on sale. Plaintiff Culbertson was persuaded to make his purchase because of the misleading sale based on false reference prices.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Culbertson's conduct, beliefs, and motivations and, therefore, denies all allegations in Paragraph 67, and denies that any of Home Depot's advertising or pricing was false or misleading. Home Depot denies any remaining allegations in Paragraph 67.

**68.**

Complaint:  Plaintiff Culbertson continues to be interested in purchasing home goods and products that are available at Home Depot and offered at discounted prices, but he will be unable to trust and rely on Defendant's advertising, and so will

35

not purchase the products from HomeDepot.com unless he has assurances that Home Depot's deceptive pricing practices have been rectified. Absent injunctive relief, Culbertson cannot know whether Defendant's former and regular prices represent honest prices at which the products were listed for sale on the website, on a regular basis for a reasonably substantial period of time, or if Defendant's false sales practices are perpetual.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 regarding Plaintiff Culbertson's conduct, beliefs, and motivations and on that basis denies them.  Home Depot denies any remaining allegations in Paragraph 68.

### *Plaintiff Gonzalez*

### 69.

Complaint:   On January 2, 2024, Plaintiff Gonzalez visited Home Depot's website and purchased a GE 24 in. Built-In Tall Tub Top Control Fingerprint Resistant Stainless-Steel Dishwasher ("GE Dishwasher"). Based on and consistent with archived copies of the website, Plaintiff Gonzalez saw on the listing page a former or regular price of $829.00 which was stricken through, and adjacent to a sale price of $478.00. This motivated her to purchase the product right away, to take advantage of what she perceived to be a fleeting deal. She then proceeded to purchase the product for $478.00 with the understanding she was receiving all advertised discounts off the former and regular price charged by Home Depot. The product was shipped to her address in Merced County, California.

Answer: Home Depot admits that on January 2, 2024, an individual identified as Maria Gonzalez purchased a GE 24 in. Built-In Tall Tub Top Control Fingerprint Resistant Stainless Steel Dishwasher w/3rd Rack, Bottle Jets, 50 dBA from homedepot.com.  Home Depot further admits that records of Plaintiff Gonzalez's purchase indicate that she was charged $478 dollars for the dishwasher (exclusive

of taxes), and that the dishwasher was shipped to Los Banos, California. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Gonzalez's conduct, beliefs, and motivations and on that basis denies them. Home Depot denies any remaining allegations in Paragraph 69.

**70.**

Complaint: That sale was false and misleading. Based on archived copies of Home Depot's website, the product was regularly offered on the website at a "discounted" price.

a. 06/02/2023 - $478.00 (sale price) / $829.00 (former price)

b. 11/29/2023 - $478.00 (sale price) / $829.00 (former price)

c. 01/02/2024 - $478.00 (sale price) / $829.00 (former price)

Answer: Home Depot denies the allegations in the first sentence of Paragraph 70. Paragraph 70 purports to summarize and/or quote a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 70 that concern the content or legal effect of documents that speak for themselves. Home Depot denies any remaining allegations in Paragraph 70.

**71.**

Complaint: Plaintiff Gonzalez thus viewed and relied on the website's purported current and limited-time sale promotion. She reasonably relied on the above representations that the product (1) had a former and regular price of the stated reference price, (2) had been offered for sale *on the website* at the stated reference price, in the recent past, on a regular basis, and for a substantial time, and (3) was truly on sale and being sold at a substantial discount, such that the product was valued at the false reference price.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 regarding Plaintiff Gonzalez's conduct, beliefs, and motivations and on that basis denies them.  Home Depot denies any remaining allegations in Paragraph 71.

**72.**

Complaint:  A screenshot of the product listing dated April 30, 2024 is below. On that date, the product was still on sale for $478.00 with a strikethrough price of $829.00.



Answer: Paragraph 72 purports to summarize, quote, and/or contain what purports to be a partial screenshot of a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 72 that concern the content or legal effect of documents that speak for themselves or to the extent that they imply or suggest

that Home Depot engaged in any misconduct.  Home Depot denies any remaining allegations in Paragraph 72.

**73.**

Complaint:  The sale was also false and misleading because, based on archived copies of various retailers' websites who also sold the same GE Dishwasher, the prevailing market price of the GE Dishwasher was never $829.00.

a.    ABW Appliance, 06/01/2023 - $478.00

b.    Best Buy, 06/09/2023 - $479.00

c.    GE Appliances, 08/01/23 - $532.00

d.    Best Buy, 08/12/2023 - $479.00

e.    GE Appliances, 09/16/2023 - $532.00

f.    American Freight, 09/24/2023 - $346.11

g.    US Appliance, 10/04/2023 - $531

h.    Best Buy, 12/27/2023 - $479.00

Answer: Home Depot denies the allegations in Paragraph 73.

**74.**

Complaint:  The above-listed product Plaintiff Gonzalez purchased was not substantially marked down or discounted, and any discount she received had been grossly exaggerated.

Answer: Home Depot denies the allegations in Paragraph 74.

**75.**

Complaint:  Moreover, for at least the three-month period prior to Plaintiff Gonzalez's purchase, and on information and belief months and years more, Defendant very rarely, if ever, offered any of the discounted items sold on its website at the advertised reference prices.

Answer: The allegations in Paragraph 75 purport to apply to all products sold by Home Depot without temporal or other limitations and, so, Home Depot is without knowledge or information sufficient to admit or deny the truthfulness of the allegations in Paragraph 75 and on that basis denies them.

**76.**

Complaint: Plaintiff Gonzalez would not have purchased the item at the advertised "sale" price, or would not have paid as much as she did, had Defendant been truthful—she would have paid less at another retailer, or would have waited for the product to actually go on sale. Plaintiff Gonzalez was persuaded to make her purchase because of the misleading "sale" based on false reference prices.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Gonzalez's conduct, beliefs, and motivations and, therefore, denies all allegations in Paragraph 76, and denies that any of Home Depot's advertising or pricing was false or misleading.

**77.**

Complaint: Plaintiff Gonzalez continues to be interested in purchasing home goods and products that are available for purchase at Home Depot and offered at discounted prices, but she will be unable to trust and rely on Defendant's advertising, and so will not purchase the products from HomeDepot.com unless she has assurances that Home Depot's deceptive pricing practices have been rectified. Absent injunctive relief, Plaintiff Gonzalez cannot know whether Defendant's former and regular prices represent honest prices at which the products were listed for sale on the website, on a regular basis for a reasonably substantial period of time, or if Defendant's sales are perpetual.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 regarding Plaintiff Gonzalez's

conduct, beliefs, and motivations and on that basis denies them. Home Depot denies any remaining allegations in Paragraph 77.

*Plaintiff Condon*

## 78.

Complaint: On October 16, 2022, Plaintiff Condon visited Home Depot's store in Oakland, California and purchased a GE 30-inch Electric Range ("GE Range"). Plaintiff Condon saw that the GE Range was on sale. Plaintiff Condon saw a sign with a former or regular price (termed the "was" price) of about $649.00, and an adjacent "sale" price of $528.00. She then proceeded to purchase the product for $528.00 with the understanding that she was receiving all advertised discounts off the former and regular price charged by Home Depot. The product was delivered to her address in Alameda County, California.

Answer: Home Depot admits that on October 16, 2022, an individual identified as Grace Condon purchased a GE 30 in. 5.0 cu. ft. Electric Range in Black from a Home Depot store in Oakland, California. Home Depot further denies that Plaintiff Condon paid $528 for her purchase; records of her purchase indicate that she was charged $498 dollars for the range (exclusive of taxes), and that the range was delivered to Oakland, California. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Condon's conduct, beliefs, and motivations and on that basis denies them. Home Depot denies any remaining allegations in Paragraph 78.

## 79.

Complaint:   Plaintiff Condon thus viewed and relied on Defendant's purported current and limited-time sale promotion. She reasonably relied on the above representations that the product (1) had a former and regular price of the stated

41

reference price, (2) had been offered for sale at Home Depot's local stores at the stated reference price, in the recent past, on a regular basis, and for a substantial time, and (3) was truly on sale and being sold at a substantial discount, such that the product was valued at the false reference price.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 regarding Plaintiff Condon's conduct, beliefs, and motivations and on that basis denies them. Home Depot denies any remaining allegations in Paragraph 79.

**80.**

Complaint:  That sale was false and misleading. On information and belief, the product was regularly discounted from the reference price. The sale was also false and misleading because, based on archived copies of various retailers' websites who sold the same GE Range, the prevailing market price of the GE Range was not $649.00. Historical pricing is listed below.

    a.      GE Appliances, 07/13/22 - $529.00

    b.      GE Appliances, 09/25/22 - $529.00

    c.      Best Buy, 04/10/2022 - $479.00

    d.      Best Buy, 09/07/2022 - $499.00

    e.      Best Buy, 09/28/2022 - $499.00

    f.      Best Buy, 10/12/2022 - $499.00

Answer:  Home Depot denies the allegations in Paragraph 80.

**81.**

Complaint:  The above-listed product Plaintiff Condon purchased was not substantially marked down or discounted, and any discount she received had been grossly exaggerated.

Answer: Home Depot denies the allegations in Paragraph 81.

42

## 82.

Complaint:  Moreover, for at least the three-month period prior to Plaintiff Condon's purchase, and on information and belief months and years more, Defendant very rarely, if ever, offered any of the discounted items sold in its stores at the advertised reference prices.

Answer: The allegations in Paragraph 82 purport to apply to all products sold by Home Depot without temporal or other limitations and, so, Home Depot is without knowledge or information sufficient to admit or deny the truthfulness of the allegations in Paragraph 82 and on that basis denies them.

## 83.

Complaint:  Plaintiff Condon would not have purchased the item at the advertised "sale" price, or would not have paid as much as she did, had Defendant been truthful—she would have paid less at another retailer, or would have waited for the product to actually go on sale. Plaintiff Condon was persuaded to make her purchase because of the misleading "sale" based on a false reference price.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Condon's conduct, beliefs, and motivations and, therefore, denies all allegations in Paragraph 83, and denies that any of Home Depot's advertising or pricing was false or misleading.  Home Depot denies any remaining allegations in Paragraph 83.

## 84.

Complaint:  Plaintiff Condon continues to be interested in purchasing home goods and products that are available at Home Depot and offered at discounted prices, but she will be unable to trust and rely on Defendant's advertising, and so will not purchase the products from Home Depot unless she has assurances that Home Depot's deceptive pricing practices have been rectified. Absent injunctive

relief, Plaintiff Condon cannot know whether Defendant's former and regular prices represent honest prices at which the products were listed for sale, on a regular basis for a reasonably substantial period of time, or if Defendant's sales are perpetual.

Answer:  Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 regarding Plaintiff Condon's conduct, beliefs, and motivations and on that basis denies them.  Home Depot denies any remaining allegations in Paragraph 84.

> **D.  Research Shows That Reference Price Advertising Influences Consumer Behavior and Perceptions of Value.**

### 85.

Complaint:  Academic studies support the effectiveness of Defendant's deceptive pricing scheme.

Answer: Home Depot denies the allegations in Paragraph 85.

### 86.

Complaint:  "By creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product."[8]  Thus, "empirical studies indicate that, as discount size increases, consumers' perceptions of value and their willingness to buy the product increase, while their intention to search for a lower price decreases."[9]  Indeed, the U.S. Ninth Circuit Court of Appeals observed that "[m]isinformation about a product's 'normal' price is . . . significant to many consumers in the same way as a false product label would be."

Answer: Paragraph 86 purports to characterize the contents of a publication and a judicial decision, written materials that speak for themselves, and Home Depot

---

[8] Dhruv Grewal & Larry D. Compeau, *Comparative Price Advertising: Informative or Deceptive?*, 11 J. Pub. Pol'y & Mktg. 52, 55 (Spring 1992).
[9] *Id.* at 56 (emphasis added).

denies the allegations in Paragraph 86 that concern the content or legal effect of documents that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct.    Home Depot denies any remaining allegations in Paragraph 86.

**87.**

Complaint:    "[D]ecades of research support the conclusion that advertised reference prices do indeed enhance consumers' perceptions of the value of the deal."[10] According to academic studies, "[c]onsumers are influenced by comparison prices even when the stated reference prices are implausibly high."[11]

Answer: Paragraph 87 purports to quote and summarize a written publication that speaks for itself, and Home Depot denies the allegations in Paragraph 87 that concern the content or legal effect of documents that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 87.

**88.**

Complaint:    Another academic journal explains that "[r]eference price ads strongly influence consumer perceptions of value . . . . Consumers often make purchases not based on price but because a retailer assures them that a deal is a good bargain. This occurs when . . . the retailer highlights the relative savings compared with the prices of competitors . . . [T]hese bargain assurances (BAs) change consumers' purchasing behavior and may deceive consumers."[12]

---

[10] Dhruv Grewal & Larry D. Compeau, *Comparative Price Advertising: Believe It Or Not*, J. of Consumer Affairs, Vol. 36, No. 2, at 287 (Winter 2002).
[11] Id.
[12] Joan Lindsey-Mullikin & Ross D. Petty, *Marketing Tactics Discouraging Price Search: Deception and Competition*, 64 J. of Bus. Research 67 (January 2011).

Answer: Paragraph 88 purports to quote and summarize a written publication that speaks for itself, and Home Depot denies the allegations in Paragraph 88 that concern the content or legal effect of documents that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 88.

**89.**

Complaint:   "[R]esearch has shown that retailer-supplied reference prices clearly enhance buyers' perceptions of value" and "have a significant impact on consumer purchasing decisions."[13]

Answer: Paragraph 89 purports to quote and summarize a written publication that speaks for itself, and Home Depot denies the allegations in Paragraph 89 that concern the content or legal effect of documents that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 89.

**90.**

Complaint:   "[R]eference prices are important cues consumers use when making the decision concerning how much they are willing to pay for the product."[14] This study also concluded "consumers are likely to be misled into a willingness to

---

[13] Praveen K. Kopalle & Joan Lindsey-Mullikin, *The Impact of External Reference Price On Consumer Price Expectations*, 79 J. of Retailing 225 (2003).

[14] Jerry B. Gotlieb & Cyndy Thomas Fitzgerald, An Investigation Into the Effects of Advertised Reference Prices On the Price Consumers Are Willing To Pay For the Product, 6 J. of App'd Bus. Res. 1 (1990).

pay a higher price for a product simply because the product has a higher reference price."[15]

Answer: Paragraph 90 purports to quote and summarize a written publication that speaks for itself, and Home Depot denies the allegations in Paragraph 90 that concern the content or legal effect of documents that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 90.

**91.**

Complaint: One study quantified this economic injury, concluding that "fake list prices have a strong influence on purchase outcomes, with a 1-dollar increase in the list price having the same positive effect on purchase likelihood as a 77-cent decrease in the actual selling price."[16]

Answer: Paragraph 91 purports to quote and summarize a written publication that speaks for itself, and Home Depot denies the allegations in Paragraph 91 that concern the content or legal effect of documents that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 91.

**92.**

Complaint: Accordingly, research confirms deceptive advertising through false reference pricing is intended to, and does, influence consumer behavior by artificially inflating consumer perceptions of an item's value and causing consumers

---

[15] Id.

[16] Donald Ngwe, *Fake Discounts Drive Real Revenues in Retail*, Harvard Bus. Sch. (Oct. 14, 2017).

to spend money they otherwise would not have, purchase items they otherwise would not have, and/or purchase products from a specific retailer.

Answer: Home Depot denies the allegations in Paragraph 92.

### E.    Consumers Suffered Economic Harm.

**93.**

Complaint:   Defendant's falsely discounted products have a market value lower than the promised "regular" price, and as a result, consumers were harmed. As explained above, the reference prices are false and the products are rarely, if ever, offered or sold at the reference prices—let alone in the recent past and for a substantial time. In California, they were not during the rolling three-month period prior to the relevant purchases in this action.

Answer: Home Depot denies the allegations in Paragraph 93.

**94.**

Complaint:  Additionally, Defendant's products not only have a market value lower than the promised regular price, but the value is also lower than the "sale" price. By using deceptive reference pricing and discounts, Defendant artificially drives up demand for the products, and by extension drives up the price of the products. As a result, consumers received a product worth less than the price paid. Reasonable consumers would not have paid the prices charged had they known that the products were rarely, if ever, offered on the website at the reference prices. Alternatively, reasonable consumers would not have paid the prices charged had they known the reference prices were not the prevailing market prices.

Answer: Home Depot denies the allegations in Paragraph 94.

**95.**

Complaint:  Consumers thus paid a "price premium" for the products. If the reference prices were omitted from the product listings, then consumers would not have paid as much as they did for the products (or would not have purchased the products), and Defendant would not have been able to charge the prices it ultimately did.

Answer: Home Depot denies the allegations in Paragraph 95.

**96.**

Complaint:   Again, an example illustrates the point. Assume a company knows a product will sell in the marketplace at $30. But to increase revenue, the company advertises the product as having a "regular" price of $100 and being on "sale" at 60% off (i.e., $60 off). Because consumers value products based on the regular price, and a sale conveys additional savings, the company can sell that $30 product for $40. Defendant has done so.

Answer: The allegations contained in Paragraph 96 are vague, speculative and/or present an incomplete hypothetical set of circumstances to which no meaningful response is possible.  To the extent a response is required, Home Depot denies the allegations in Paragraph 96.

**F.     Defendant's Deceptive Pricing Practice Violates Federal Law.**

**97.**

Complaint:   The Federal Trade Commission Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce[.]" 15 U.S.C. § 45(a)(1). Under FTC regulations, false former pricing schemes like the ones employed by Defendant are deceptive practices that violate the FTCA.

Answer: The allegations in Paragraph 97 contain legal conclusions to which no response is required.  Home Depot denies the allegations in Paragraph 97 that concern the content or legal effect of statutes or regulations that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct.  Home Depot denies any remaining allegations in Paragraph 97.

**98.**

Complaint:    Pursuant  to  16  C.F.R.  §  233.1,  entitled  Former  Price Comparisons:

49

(a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the *former price* is the actual, bona fide price at which the article was offered to the public on a *regular basis* for a *reasonably substantial period of time*, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an *artificial, inflated price* was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a *reasonably substantial period of time*, in the *recent*, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

(c) The following is an example of a price comparison based on a fictitious former price. John Doe is a retailer of Brand X fountain pens, which cost him $5 each. His usual markup is 50 percent over cost; that is, his regular retail price is $7.50. In order subsequently to offer an unusual "bargain," Doe begins offering Brand X at $10 per pen. He realizes that he will be able to sell no, or very few, pens at this inflated price. But he doesn't care, for he maintains that price for only a few days. Then he "cuts" the price to its usual level—$7.50—and advertises: "Terrific Bargain: X Pens, Were $10, Now Only $7.50!" *This is obviously a false claim*. The advertised "bargain" is not genuine.

(d) Other illustrations of fictitious price comparisons could be given. An advertiser might use a price at which he *never offered the article at all*; he might feature a price which was *not used in the regular course of business*, or which was *not used in the recent past* but at some *remote period in the past*, without making disclosure of that fact; he might use a price that was not openly offered to the public, or that was

50

***not maintained for a reasonable length of time***, but was immediately reduced.

Answer: The allegations in Paragraph 98 contain legal conclusions to which no response is required.  Home Depot denies the allegations in Paragraph 98 that concern the content or legal effect of regulations that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 98.

**99.**

Complaint:   The FTCA also prohibits the pricing scheme employed by Defendant regardless of whether the product advertisements and representations use the words "regular," "original," or "former" price. Under 16 C.F.R. § 233.1:

(e) If the former price is set forth in the advertisement, ***whether accompanied or not*** by descriptive terminology such as "Regularly," "Usually," "Formerly," etc., the advertiser should make certain that the former price is not a fictitious one. If the former price, or the amount or percentage of reduction, is not stated in the advertisement, as when the ad merely states, "Sale," the advertiser must take care that the amount of reduction is not so insignificant as to be meaningless. It should be sufficiently large that the consumer, if he knew what it was, would believe that a genuine bargain or saving was being offered. An advertiser who claims that an item has been "Reduced to $9.99," when the former price was $10, is misleading the consumer, who will understand the claim to mean that a much greater, and not merely nominal, reduction was being offered.

Answer: The allegations in Paragraph 99 contain legal conclusions to which no response is required.  Home Depot denies the allegations in Paragraph 99 that concern the content or legal effect of regulations that speak for themselves or to the

51

extent that they imply or suggest that Home Depot engaged in any misconduct.

Home Depot denies any remaining allegations in Paragraph 99.

**100.**

Complaint:  The FTCA also prohibits retailers from offering fake limited duration sales. See 16 C.F.R. § 233.5 which provides:

> [Retailers] should not represent that they are selling at "factory" prices when they are not selling at the prices paid by those purchasing directly from the manufacturer.
>
> …
>
> They should not offer an advance sale under circumstances where they do not in good faith expect to increase the price at a later date, or make a 'limited' offer which, in fact, is not limited.

Answer: The allegations in Paragraph 100 contain legal conclusions to which no response is required.  Home Depot denies the allegations in Paragraph 100 that concern the content or legal effect of regulations that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 100.

## G.    Class Action Allegations.

**101.**

Complaint:  Plaintiffs bring this action on behalf of themselves and all persons similarly situated pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure and seeks certification of the following classes (collectively "Class"):

**Nationwide Website Purchaser Class:**

All persons in the United States who purchased one or more items from www.HomeDepot.com, during the Class Period, at a discount from a higher reference price.

**California Website Purchaser Class:**

All persons in California who purchased one or more items from www.HomeDepot.com, during the Class Period, at a discount from a higher reference price.

**California In-Store Purchaser Class:**

All persons in California who purchased one or more items from a Home Depot store, during the Class Period, at a discount from a higher reference price.

Answer: Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 101.

## 102.

Complaint: Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which either Defendant has or had a controlling interest. Also excluded from the Class are persons or entities that purchased products from Defendant for purposes of resale.

Answer: Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 102.

## 103.

Complaint: The "Class Period" is the time period beginning on the date established by the Court's determination of any applicable statute of limitations,

53

after consideration of any tolling, discovery, concealment, and accrual issues, and ending on the date of entry of judgment.[17]

Answer: Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 103.

**104.**

Complaint: Plaintiffs reserve the right to expand, limit, modify, or amend the class definitions stated above, including the addition of one or more subclasses, in connection with a motion for class certification, or at any other time, based upon, among other things, changing circumstances, or new facts obtained during discovery.

Answer: Paragraph 104 contains legal conclusions, to which no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 104.

**105.**

Complaint:    **Numerosity.** The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, but on information and belief, Plaintiffs allege that there are in excess of 100,000 members of the Nationwide Class and/or California Classes.

Answer: Home Depot denies the allegations in Paragraph 105.

---

[17] The Class Period begins at minimum 4 years from the date litigation was commenced, but based on tolling, may extend beyond that date.

**106.**

Complaint: **Typicality.** Plaintiffs' claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described herein.

Answer: Home Depot denies the allegations in Paragraph 106.

**107.**

Complaint: **Adequacy of Representation.** Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class. Plaintiffs have retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiffs and their counsel intend to diligently prosecute this action.

Answer: Home Depot denies the allegations in Paragraph 107.

**108.**

Complaint: **Existence and Predominance of Common Questions of Law or Fact.** Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

a.   Whether, during the Class Period, Defendant advertised false reference prices.

b.   Whether, during the Class Period, Defendant advertised deceptive price discounts from reference prices.

c.   Whether the products listed on Defendant's website during the Class Period were offered at their reference prices for any reasonably substantial period of time prior to being offered at discounted prices.

d.   Whether the products offered at Home Depot's California stores during the Class Period were offered at their reference prices for any

reasonably substantial period of time prior to being offered at discounted prices.

e.    Whether Defendant's deceptive pricing scheme violates the Georgia Fair Business Practices Act.

f.    Whether Defendant's deceptive pricing scheme using false reference prices constitute an "unlawful," "unfair," or "fraudulent" business practice in violation of the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200, et seq.

g.    Whether Defendant's deceptive pricing scheme using false reference prices constitutes false advertising in violation of the California False Advertising Law under Business & Professions Code § 17500, et seq.

h.    Whether Defendant's use of false reference prices on products offered on the website and/or in California stores during the Class Period was material.

i.    Whether Defendant had a duty to conspicuously disclose to customers that the reference prices were false former/regular prices.

j.    Whether the members of the Class are entitled to damages and/or restitution.

k.    Whether injunctive relief is appropriate and necessary to enjoin Defendant from continuing to engage in false or misleading advertising.

l.    Whether Defendant's conduct was undertaken with conscious disregard of the rights of the members of the Class and was done with fraud, oppression, and/or malice.

Answer: Home Depot denies the allegations in Paragraph 108.

**109.**

Complaint:  **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable. Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered. Even if every member of the Class could afford individual litigation, the adjudication of at least tens of thousands of identical claims would be

unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the members of the Class. Plaintiffs anticipate no difficulty in the management of this action as a class action. The prosecution of separate actions by individual members of the Class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class who are not parties to such adjudications, or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

Answer: Home Depot denies the allegations in Paragraph 109.

## 110.

Complaint: **Substantial Similarity**. The products at issue in the action are substantially similar in all material respects. Namely, the products were all advertised with a false reference price and sale price. The products are also all sold by Defendant and fall under the umbrella of home goods and home improvement products, including appliances, tools, outdoor equipment, home equipment, furniture, garden equipment, and many other categories.

Answer: Home Depot denies the allegations in Paragraph 110.

## 111.

Complaint: **Declaratory and Injunctive Relief – Rule 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and all members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Class as a whole.

Answer: Home Depot denies the allegations in Paragraph 111.

## 112.

Complaint:  **Issue Certification. – Rule 23(c)(4).** As an alternative to Rule 23(b)(2) and/or 23(b)(3), Plaintiffs seek issue certification under Rule 23(c)(4) of liability issues common to all Class members.

Answer: Paragraph 112 contains legal conclusions to which no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 112.

## V.    TOLLING OF THE STATUTE OF LIMITATIONS AND DELAYED DISCOVERY.

## 113.

Complaint:  All applicable statutes of limitations have been tolled by the delayed discovery doctrine. Plaintiffs and Class members could not have reasonably discovered Defendant's practice of running perpetual and/or extended sales, based on deceptive reference prices and deceptive sale prices, at any time prior to commencing litigation.

Answer: The allegations in the first sentence of Paragraph 113 consist of legal argument, to which no response is required.  To the extent a response is required, Home Depot denies the allegations in the first sentence.  Home Depot denies the allegations in the second sentence of Paragraph 113.

## 114.

Complaint:  A reasonable consumer viewing the website or in-store pricing on multiple occasions would simply believe that a product is temporarily on sale. Short of visiting and checking the website or store for months continuously, a reasonable consumer would not suspect Defendant's sales and pricing practices were false and misleading. Nor would a reasonable consumer be able to ascertain the market value of the products being sold absent extensive investigation.

Answer: Home Depot denies the allegations in Paragraph 114.

**115.**

Complaint:  Plaintiffs did not learn of Defendant's deceptive practices alleged herein until commencing litigation against Defendant.

Answer: Home Depot denies the allegations in Paragraph 115.

**116.**

Complaint:  As a result, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

Answer: Paragraph 116 consists of legal argument, to which no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 116.

## VI.    CHOICE OF LAW.

**117.**

Complaint:  Plaintiffs plead choice of law in the alternative.

Answer: Paragraph 117 contains legal conclusions to which no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 117.

**118.**

Complaint:  Plaintiffs allege Georgia law applies to the Nationwide Website Purchaser Class claims and, alternatively, California law applies to the California Nationwide Website Purchaser Class and California In-Store Purchaser Class claims.

Answer: The Court dismissed Plaintiffs' claims pursued on behalf of a putative nationwide class on March 31, 2026, and therefore, no response is required

59

as to that allegation.   As to the remaining allegations, Home Depot denies that California law applies to Plaintiffs' claims.   Home Depot denies any remaining allegations in Paragraph 118.

## VII.   CALIFORNIA LAW APPLIES TO THE CALIFORNIA CLASSES.

### 119.

Complaint:   The following allegations pertain only to Plaintiffs Timmins, Culbertson, Gonzalez, and Condon (collectively, "California Plaintiffs").

Answer: Paragraph 119 purports to limit certain allegations as to Plaintiffs Timmins, Culbertson, Gonzalez, and Condon (the "California Plaintiffs"), to which no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 119.

### 120.

Complaint:   The California Consumers Legal Remedies Act ("CLRA") provides for certain non-waivable rights and remedies. Thus, to the extent Georgia law materially differs from or conflicts with the CLRA, California Plaintiffs allege California law applies.

Answer: Paragraph 120 consists of legal argument, to which no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 120.

### 121.

Complaint:  Defendant's website includes various terms and conditions, some of which purport to impose Georgia law upon certain disputes between consumers and Home Depot. California Plaintiffs allege this Georgia choice of law provision is unenforceable and/or inapplicable as to them under California law.

Answer:  Home Depot admits that its website includes, and has included, terms of use pursuant to which Home Depot and customers agree that Georgia law will govern certain disputes between those parties.  Paragraph 121 purports to summarize or quote a webpage or webpages that speak for themselves, and Home Depot denies the allegations in Paragraph 121 that concern the content or legal effect of documents that speak for themselves.  Home Depot denies the allegations in Paragraph 121 to the extent they contend that the Georgia choice-of-law provision is unenforceable and/or inapplicable as to California Plaintiffs or as to anyone else.  Home Depot denies any remaining allegations in Paragraph 121.

**122.**

Complaint:  First, on the "Place Order" page during the checkout process, Defendant does not require any affirmative consent to an agreement containing a Georgia choice of law provision. The various terms are also inconspicuously buried at the bottom of the page, in relatively small font, in non-contrasting text, and are not adequately distinguished or emphasized. The various terms are designed to be unobtrusive, easy to overlook, and barely visible to the naked eye.

61



Answer: Paragraph 122 purports to summarize, quote, and/or contain what purports to be a partial screenshot of a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 122 that concern the content or legal effect of documents that speak for themselves or to the extent that they contend that the Georgia choice-of-law provision is unenforceable and/or inapplicable as to California Plaintiffs or as to anyone else. Home Depot denies any remaining allegations in Paragraph 122.

**123.**

Complaint:  Second, on the "Create Account" page, the various terms are inconspicuously located at the bottom of the page, in relatively small font, and in black non-contrasting text that is not distinguished or emphasized. The various terms

are designed to be unobtrusive, easy to overlook, and barely visible to the naked eye. Additionally, none of the hyperlinks at the bottom of the page direct consumers to Defendant's "Terms of Use," and instead direct consumers to terms that are inapplicable and/or do not contain a Georgia choice of law provision.



Answer: Paragraph 123 purports to summarize, quote, and/or contain what purports to be a partial screenshot of a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 123 that concern the content or legal effect of documents that speak for themselves or to the extent that they contend that the Georgia choice-of-law provision is unenforceable and/or inapplicable as to California Plaintiffs or as to anyone else.   Home Depot denies any remaining allegations in Paragraph 123.

**124.**

Complaint:  Third, the same deficiencies above apply to Defendant's "Sign In" page.



Answer: Paragraph 124 purports to summarize, quote, and/or contain what purports to be a partial screenshot of a webpage that speaks for itself, and Home Depot denies the allegations in Paragraph 124 that concern the content or legal effect of documents that speak for themselves or to the extent that they contend that the Georgia choice-of-law provision is unenforceable and/or inapplicable as to California Plaintiffs or as to anyone else.  Home Depot denies any remaining allegations in Paragraph 124.

## FIRST CAUSE OF ACTION
**VIOLATION OF GEORGIA FAIR BUSINESS PRACTICES ACT (FBPA)**
**O.C.G.A. § 10-1-390, et seq.**
**(On Behalf of the Nationwide Website Purchaser Class)**

### 125.

Complaint:  Plaintiffs restate paragraphs 1 through 118 as if set forth herein.

64

Answer: In response to the allegations in Paragraph 125, Home Depot incorporates its responses to Plaintiffs' allegations contained in the preceding Paragraphs of the Complaint.

## 126.

Complaint:    Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Website Purchaser Class against Home Depot for violations of the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-393, et. seq.[18]

Answer: The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 126.

## 127.

Complaint:    Plaintiffs bring this action as members of the consuming public who have suffered damages because of Home Depot's deceptive acts and practices. These practices have had and have the potential to have a harmful effect on the general consuming public.

Answer:  The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 127.

## 128.

Complaint:    Under the FBPA, unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are unlawful.

---

[18] O.C.G.A. § 10-1-393.

65

Answer: The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 128.

**129.**

Complaint:  Home Depot is an entity that can be sued under the FBPA.

Answer: The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 129.

**130.**

Complaint:  Plaintiffs, and members of the proposed Class, are natural persons and thus "consumers" within the meaning of the statute.

Answer: The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 130.

**131.**

Complaint:  Plaintiffs have satisfied the statute's demand requirement.

Answer: The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 131.

**132.**

Complaint:  Home Depot's false-reference pricing scheme described above is a practice intended to encourage consumer transactions—*i.e.*, the sale of goods for

66

household purposes—and is thus a "consumer act or practice" within the meaning of the statute.

Answer: The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 132.

**133.**

Complaint: The FBPA provides a list of deceptive trade practices giving rise to liability under the statute, but also provides that the scope of unfair and deceptive trade practices under the statute is not limited to the specific practices listed. Home Depot's false-reference pricing scheme described above violates at least one of the specifically prohibited practices because, in perpetrating this scheme, Home Depot has repeatedly "ma[de] false or misleading statements concerning the reasons for, existence of, [and] amounts of price reductions."[19] In addition, by perpetrating the false-reference pricing scheme described above, Home Depot engaged in a course of deceptive trade practices under the statute's general definition of such practices.[20]

Answer: The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 133.

**134.**

Complaint: Home Depot engaged in the deceptive false-reference pricing scheme described above intentionally, motivated by its desire to increase its sales and artificially inflate the prices of its products at the expense of consumers.

---

[19] O.C.G.A. § 10-1-393(b)(11).
[20] *Id.* § 10-1-393(a).

67

Answer: The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 134.

**135.**

Complaint: As explained in paragraphs 38-84 above, Plaintiffs each viewed and relied on the advertised reference prices and sale prices in making their purchases from Defendant.

Answer: The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 135.

**136.**

Complaint: Home Depot's deceptive false-reference pricing scheme did in fact artificially inflate the prices of its products and thereby caused financial damage to Plaintiffs and the members of the proposed Nationwide Website Purchaser Class. O.C.G.A. § 10-1-399(a). Plaintiffs seek all damages available, including compensatory and exemplary damages.

Answer: The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 136.

**137.**

Complaint: Home Depot continues to engage in false-reference pricing as of the date of the filing of this Complaint, entitling Plaintiffs and the members of the Nationwide Website Purchaser Class to injunctive relief pursuant to O.C.G.A. § 10-1-399(a).

68

Answer: The Court dismissed Plaintiffs' FBPA claims on March 31, 2026, and therefore, no response is required.  To the extent a response is required, Home Depot denies the allegations in Paragraph 137.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW (UCL)**
**CAL. BUS. & PROF. CODE § 17200, et seq.**
**(On Behalf of the California Website Purchaser Class)**

**138.**

Complaint:  Plaintiffs restate paragraphs 1 through 118 and 119 through 124 as if set forth herein.

Answer: In response to the allegations in Paragraph 138, Home Depot incorporates its responses to Plaintiffs' allegations contained in the preceding Paragraphs of the Complaint.

**139.**

Complaint:  This claim is brought for the California Plaintiffs and California Website Purchaser Class.

Answer: Home Depot denies that Plaintiffs' claims against Home Depot have any merit or that any class should be certified.  Home Depot denies any remaining allegations in Paragraph 139.

**140.**

Complaint:  California Business and Professions Code section 17200 et seq., known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any "unfair or fraudulent business act or practice" as well as "unfair, deceptive, untrue or misleading advertising."

Answer: Paragraph 140 consists of legal argument, to which no response is required. Home Depot denies the allegations in Paragraph 140 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 140.

**Fraudulent**

## 141.

Complaint: Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

Answer: Paragraph 141 consists of legal argument, to which no response is required. Home Depot denies the allegations in Paragraph 141 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 141.

## 142.

Complaint: Reasonable consumers are likely to be deceived by Defendant's false pricing conduct as alleged above. Defendant misrepresented the reference prices of products which, in turn, misled and deceived consumers into believing that they were buying products at substantially discounted prices. Defendant's deceptive marketing gave consumers the false impression that its products were regularly listed or sold on the website for a substantially higher price. Additionally, and in the alternative, Defendant's deceptive marketing gave consumers the false impression that its products were worth the reference price in the marketplace, but consumers only had to pay the discounted sale price.

Answer: Home Depot denies the allegations in Paragraph 142.

**143.**

Complaint:  Defendant's representations that its products were on sale, that the sale was limited in time, that the products had a specific former and regular price, and that consumers were receiving discounts, were false and misleading.

Answer: Home Depot denies the allegations in Paragraph 143.

**144.**

Complaint:  Defendant had a duty to disclose the truth about its pricing deception, including that the reference prices advertised on its website were not, in fact, prices at which Defendant's items were listed or sold on the website in the recent past for a reasonably substantial period of time, but in truth, the products never (or rarely) were offered or sold at the reference prices. Reasonable consumers were likely to be deceived by this material omission.

Answer: Home Depot denies the allegations in Paragraph 144.

**145.**

Complaint:  Defendant's conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing they are receiving a product that is worth more than it actually is, by presenting a fake sale price.

Answer: Home Depot denies the allegations in Paragraph 145.

**146.**

Complaint:  Defendant's representations were materially misleading to Plaintiffs and other reasonable consumers. Consumers are heavily influenced by price, including significant price reductions, as employed by Defendant's high-pressure sales tactics.

Answer: Home Depot denies the allegations in Paragraph 146.

**147.**

Complaint:  Plaintiffs and the California Website Purchaser Class reasonably relied on Defendant's misleading representations and omissions, as detailed above, believing that they were receiving a genuine discount of limited duration from a

prevailing and genuine regular and former price, and that the products were worth the reference price.

Answer: Home Depot denies the allegations in Paragraph 147.

**148.**

Complaint:    Absent Defendant's misrepresentations, Plaintiffs and the California Website Purchaser Class would not have purchased the items they purchased from Defendant, or, at minimum, they would not have paid as much for the items as they ultimately did. Plaintiffs and the California Website Purchaser Class's reliance was a substantial factor in causing them harm.

Answer: Home Depot denies the allegations in Paragraph 148.

**149.**

Complaint:  Had the omitted information been disclosed, Plaintiffs and the California Website Purchaser Class would have been aware of it and reasonably would have behaved differently. Among other things, Plaintiffs and the California Website Purchaser Class would not have purchased the items they purchased from Defendant, or, at minimum, would not have paid as much for the items as they did.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' conduct, beliefs, and motivations and on that basis denies them.  Home Depot denies any remaining allegations in Paragraph 149.

**150.**

Complaint:  As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiffs and members of the California Website Purchaser Class.

Answer: Home Depot denies the allegations in Paragraph 150.

72

*Unfairness*

**151.**

Complaint:  Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

Answer: Paragraph 151 consists of legal argument, to which no response is required.  Home Depot denies the allegations in Paragraph 151 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply or suggest that Home Depot engaged in any misconduct.  Home Depot denies any remaining allegations in Paragraph 151.

**152.**

Complaint:   Defendant's deceptive marketing gave consumers the false impression that their products were regularly listed or sold on the website for a substantially higher price in the recent past than they were and, thus, led to the false impression that Defendant's products were worth more than they were.

Answer: Home Depot denies the allegations in Paragraph 152.

**153.**

Complaint:  Defendant's conduct was and continues to be of no benefit to reasonable consumers. It is misleading, unfair, unlawful, and is injurious to consumers. It is also against public policy, as it harms fair competition. For example, the federal Lanham Act includes prohibitions on "commercial advertising or promotion" that "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 41 U.S.C. § 1125(a). Similarly, the FTCA and implementing regulations prohibit advertising a former price "for the purpose of establishing a fictitious [] price on which a deceptive comparison might be based" (16 C.F.R. § 233.1) and prohibit "offer[ing] an advance sale under circumstances where they do not in good faith

73

expect to increase the price at a later date" (16 C.F.R. § 233.5). Defendant is siphoning sales away from sellers who compete fairly on price and do not promote fake former prices and fake sales of limited duration. Further, there is no benefit to consumers who pay a sale price that is actually a regular price.

Answer: Home Depot denies the allegations in Paragraph 153.

## 154.

Complaint:  The harm to Plaintiffs and members of the California Website Purchaser Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the unfair conduct described herein.

Answer: Home Depot denies the allegations in Paragraph 154.

## 155.

Complaint:  As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiffs and members of the proposed California Website Purchaser Class.

Answer: Home Depot denies the allegations in Paragraph 155.

*Unlawful*

## 156.

Complaint:  A cause of action may be brought under the "unlawful" prong of the UCL if a practice violates another law. Such action borrows violations of other laws and treats these violations as unlawful practices independently actionable under the UCL.

Answer: Paragraph 156 consists of legal argument, to which no response is required.  Home Depot denies the allegations in Paragraph 156 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply

74

or suggest that Home Depot engaged in any misconduct.  Home Depot denies any remaining allegations in Paragraph 156.

## 157.

Complaint:  By engaging in false advertising, as well as the false, deceptive, and misleading conduct alleged above, Defendant engaged in unlawful business acts and practices in violation of the UCL, including violations of state and federal laws and regulations. Specifically, as detailed herein, Defendant violated 16 C.F.R. §§ 233.1 and 233.5, and California Business & Professions Code sections 17501.

Answer: Home Depot denies the allegations in Paragraph 157.

## 158.

Complaint:   In the alternative to those claims seeking remedies at law, Plaintiffs and California Website Purchaser Class members allege that there is no plain, adequate, and complete remedy that exists at law to address Defendant's unlawful and unfair business practices. The legal remedies available to Plaintiffs are inadequate because they are not "equally prompt and certain and in other ways efficient" as equitable relief. *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937); *see also United States v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("The mere existence' of a possible legal remedy is not sufficient to warrant denial of equitable relief."); *Quist v. Empire Water Co*., 2014 Cal. 646, 643 (1928) ("The mere fact that there may be a remedy at law does not oust the jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and efficacious to the end in view … It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future."). For example, equitable claims may be tried by the court, whereas legal claims are tried by jury, and the need for a jury trial may result in delay and additional expense. Additionally, unlike damages, the Court's discretion in fashioning equitable relief is very broad and can be awarded in situations where the entitlement to damages may prove difficult. *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 177-180 (2000) (restitution under the UCL can be awarded "even absent individualized proof that the claimant lacked knowledge of the overcharge when the transaction occurred."). Thus, restitution would allow recovery even when normal consideration associated with damages would not. *See, e.g., Fladeboe v. Am. Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 68 (2007) (noting that restitution is available even in situations where damages may not be available). Furthermore, the standard,

75

showing, and necessary elements for a violation of the UCL "unlawful" and "unfair" prongs are different from those that govern legal claims.

Answer: Home Depot denies Plaintiffs are entitled to restitution or any relief whatsoever and denies the allegations in Paragraph 158 to the extent they imply or suggest Home Depot engaged in any misconduct. The allegations in Paragraph 158 contain legal argument to which no response is required. Home Depot denies the allegations in Paragraph 158 that concern the content or legal effect of cited legal authority which speaks for itself. Home Depot denies any remaining allegations in Paragraph 158.

## 159.

Complaint: Plaintiffs, on behalf of themselves and the California Website Purchaser Class, seek restitution and restitutionary disgorgement of all moneys received by Defendant through the false pricing conduct described above.

Answer: Home Depot denies Plaintiffs are entitled to restitution, restitutionary disgorgement, or any relief whatsoever and denies the allegations in Paragraph 159 to the extent they imply or suggest Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 159.

## 160.

Complaint: Plaintiffs, on behalf of themselves and the California Website Purchaser Class, seek an injunction from this Court prohibiting Defendant from engaging in the patterns and practices described herein, including putting a stop to the deceptive advertisements and false reference prices in connection with the sale of products on the website. Plaintiffs and class members are entitled to injunctive relief. On information and belief, the dissemination of Defendant's false and misleading advertising is ongoing.

Answer: Home Depot denies Plaintiffs are entitled to injunctive relief or any relief whatsoever and denies the allegations in Paragraph 160 to the extent they imply or suggest Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 160.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW (UCL)**
**CAL. BUS. & PROF. CODE. § 17200, et seq.**
**(On Behalf of the California In-Store Purchaser Class)**

**161.**

Complaint: Plaintiffs restate paragraphs 1 through 118 and 119 through 124 as if set forth herein.

Answer: In response to the allegations in Paragraph 161, Home Depot incorporates its responses to Plaintiffs' allegations contained in the preceding Paragraphs of the Complaint.

**162.**

Complaint: This claim is brought for Plaintiff Condon and the California In-Store Purchaser Class.

Answer: Home Depot denies that Plaintiff's claims against Home Depot have any merit or that any class should be certified. Home Depot denies any remaining allegations in Paragraph 162.

**163.**

Complaint: California Business and Professions Code section 17200 et seq., known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair

competition," including any "unfair or fraudulent business act or practice" as well as "unfair, deceptive, untrue or misleading advertising."

Answer: Paragraph 163 consists of legal argument, to which no response is required. Home Depot denies the allegations in Paragraph 163 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 163.

**Fraudulent**

## 164.

Complaint: Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

Answer: Paragraph 164 consists of legal argument, to which no response is required. Home Depot denies the allegations in Paragraph 164 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 164.

## 165.

Complaint: Reasonable consumers are likely to be deceived by Defendant's false pricing conduct as alleged above. Defendant misrepresented the reference prices of products which, in turn, misled and deceived consumers into believing that they were buying products at substantially discounted prices. Defendant's deceptive marketing gave consumers the false impression that its products were regularly listed or sold by Home Depot for a substantially higher price. Additionally, and in the alternative, Defendant's deceptive marketing gave consumers the false impression

78

that its products were worth the reference price in the marketplace, but consumers only had to pay the discounted sale price.

Answer: Home Depot denies the allegations in Paragraph 165.

## 166.

Complaint:   Defendant's representations that its products were on sale, that the sale was limited in time, that the products had a specific former and regular price, and that consumers were receiving discounts, were false and misleading.

Answer: Home Depot denies the allegations in Paragraph 166.

## 167.

Complaint:   Defendant had a duty to disclose the truth about its pricing deception, including that the reference prices advertised were not, in fact, prices at which Defendant's items were listed or sold in the recent past for a reasonably substantial period of time, but in truth, the products never (or rarely) were offered or sold at the reference prices. Reasonable consumers were likely to be deceived by this material omission.

Answer: Home Depot denies the allegations in Paragraph 167.

## 168.

Complaint:  Defendant's conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing they are receiving a product that is worth more than it actually is, by presenting a fake sale price.

Answer: Home Depot denies the allegations in Paragraph 168.

## 169.

Complaint:   Defendant's representations were materially misleading to Plaintiff and other reasonable consumers. Consumers are heavily influenced by price, including significant price reductions, as employed by Defendant's high-pressure sales tactics.

Answer: Home Depot denies the allegations in Paragraph 169.

79

**170.**

Complaint:   Plaintiff and the California In-Store Purchaser Class reasonably relied on Defendant's misleading representations and omissions, as detailed above, believing that they were receiving a genuine discount of limited duration from a prevailing and genuine regular and former price, and that the products were worth the reference price.

Answer: Home Depot denies the allegations in Paragraph 170.

**171.**

Complaint: Absent Defendant's misrepresentations, Plaintiff and the California In-Store Purchaser Class would not have purchased the items they purchased from Defendant, or, at minimum, they would not have paid as much for the items as they ultimately did. Plaintiff and the California In-Store Purchaser Class's reliance was a substantial factor in causing them harm.

Answer: Home Depot denies the allegations in Paragraph 171.

**172.**

Complaint:   Had the omitted information been disclosed, Plaintiff and the California In-Store Purchaser Class would have been aware of it and reasonably would have behaved differently. Among other things, Plaintiff and the California Website Purchaser Class would not have purchased the items they purchased from Defendant, or, at minimum, would not have paid as much for the items as they did.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's conduct, beliefs, and motivations and on that basis denies them.   Home Depot denies any remaining allegations in Paragraph 172.

**173.**

Complaint:  As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California In-Store Purchaser Class.

Answer: Home Depot denies the allegations in Paragraph 173.

***Unfairness***

## 174.

Complaint:  Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

Answer: Paragraph 174 consists of legal argument, to which no response is required.  Home Depot denies the allegations in Paragraph 174 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply or suggest that Home Depot engaged in any misconduct.  Home Depot denies any remaining allegations in Paragraph 174.

## 175.

Complaint:   Defendant's deceptive marketing gave consumers the false impression that their products were regularly listed or sold by Home Depot for a substantially higher price in the recent past than they were and, thus, led to the false impression that Defendant's products were worth more than they were.

Answer: Home Depot denies the allegations in Paragraph 175.

## 176.

Complaint:  Defendant's conduct was and continues to be of no benefit to reasonable consumers. It is misleading, unfair, unlawful, and injurious to consumers. It is also against public policy, as it harms fair competition. For example, the federal Lanham Act includes prohibitions on "commercial advertising or promotion" that "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 41 U.S.C. § 1125(a). Similarly, the FTCA and implementing regulations prohibit advertising a former price "for the purpose of establishing a fictitious [] price on which a deceptive

comparison might be based" (16 C.F.R. § 233.1) and prohibit "offer[ing] an advance sale under circumstances where they do not in good faith expect to increase the price at a later date" (16 C.F.R. § 233.5). Defendant is siphoning sales away from sellers who compete fairly on price and do not promote fake former prices and fake sales of limited duration. Further, there is no benefit to consumers who pay a sale price that is actually a regular price.

Answer: Home Depot denies the allegations in Paragraph 176.

## 177.

Complaint:  The harm to Plaintiff and members of the California In-Store Purchaser Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the unfair conduct described herein.

Answer: Home Depot denies the allegations in Paragraph 177.

## 178.

Complaint:  As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the proposed California In-Store Purchaser Class.

Answer: Home Depot denies the allegations in Paragraph 178.

*Unlawful*

## 179.

Complaint:  A cause of action may be brought under the "unlawful" prong of the UCL if a practice violates another law. Such action borrows violations of other laws and treats these violations as unlawful practices independently actionable under the UCL.

Answer: Paragraph 179 consists of legal argument, to which no response is required.  Home Depot denies the allegations in Paragraph 179 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply

or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 179.

**180.**

Complaint: By engaging in false advertising, as well as the false, deceptive, and misleading conduct alleged above, Defendant engaged in unlawful business acts and practices in violation of the UCL, including violations of state and federal laws and regulations. Specifically, as detailed herein, Defendant violated 16 C.F.R. §§ 233.1 and 233.5, and California Business & Professions Code sections 17501.

Answer: Home Depot denies the allegations in Paragraph 180.

**181.**

Complaint: In the alternative to those claims seeking remedies at law, Plaintiff and the California In-Store Purchaser Class members allege that there is no plain, adequate, and complete remedy that exists at law to address Defendant's unlawful and unfair business practices. The legal remedies available to Plaintiff are inadequate because they are not "equally prompt and certain and in other ways efficient" as equitable relief. *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937); *see also United States v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("The mere existence' of a possible legal remedy is not sufficient to warrant denial of equitable relief."); *Quist v. Empire Water Co.*, 2014 Cal. 646, 643 (1928) ("The mere fact that there may be a remedy at law does not oust the jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and efficacious to the end in view … It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future."). For example, equitable claims may be tried by the court, whereas legal claims are tried by jury, and the need for a jury trial may result in delay and additional expense. Additionally, unlike damages, the Court's discretion in fashioning equitable relief is very broad and can be awarded in situations where the entitlement to damages may prove difficult. *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 177-180 (2000) (restitution under the UCL can be awarded "even absent individualized proof that the claimant lacked knowledge of the overcharge when the transaction occurred."). Thus, restitution would allow recovery even when normal consideration associated with damages would not. *See, e.g., Fladeboe v. Am. Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 68 (2007) (noting that restitution is available even in situations where damages may not be available). Furthermore, the standard,

showing, and necessary elements for a violation of the UCL "unlawful" and "unfair" prongs are different from those that govern legal claims.

Answer: Home Depot denies Plaintiff is entitled to restitution or any relief whatsoever and denies the allegations in Paragraph 181 to the extent they imply or suggest Home Depot engaged in any misconduct. The allegations in Paragraph 181 contain legal argument to which no response is required. Home Depot denies the allegations in Paragraph 181 that concern the content or legal effect of legal authority that speaks for itself. Home Depot denies any remaining allegations in Paragraph 181.

## 182.

Complaint: Plaintiff, individually and on behalf of the California In-Store Purchaser Class, seeks restitution and restitutionary disgorgement of all moneys received by Defendant through the false pricing conduct described above.

Answer: Home Depot denies Plaintiff is entitled to restitution, restitutionary disgorgement, or any relief whatsoever and denies the allegations in Paragraph 182 to the extent they imply or suggest Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 182.

## 183.

Complaint: Plaintiff, individually and on behalf of the California In-Store Purchaser Class, seeks an injunction from this Court prohibiting Defendant from engaging in the patterns and practices described herein, including putting a stop to the deceptive advertisements and false reference prices in connection with the sale of products. Plaintiff and class members are entitled to injunctive relief. On information and belief, the dissemination of Defendant's false and misleading advertising is ongoing.

84

Answer: Home Depot denies Plaintiff is entitled to injunctive relief or any relief whatsoever and denies the allegations in Paragraph 183 to the extent they imply or suggest Home Depot engaged in any misconduct.  Home Depot denies any remaining allegations in Paragraph 183.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW (FAL)**
**CAL. BUS. & PROF. CODE § 17500, et seq.**
**(On Behalf of the California Website Purchaser Class)**

**184.**

Complaint:  Plaintiffs restate paragraphs 1 through 118 and 119 through 124 as if set forth herein.

Answer: In response to the allegations in Paragraph 184, Home Depot incorporates its responses to Plaintiffs' allegations contained in the preceding Paragraphs of the Complaint.

**185.**

Complaint: This claim is brought for the California Plaintiffs and the California Website Purchaser Class.

Answer: Home Depot denies that Plaintiffs' claims against Home Depot have any merit or that any class should be certified.  Home Depot denies any remaining allegations in Paragraph 185.

**186.**

Complaint:  The California False Advertising Law, codified at California Business & Professions Code section 17500, et seq. ("FAL") provides, in relevant part, that it is unlawful for any business, with intent directly or indirectly to dispose

85

of personal property, to make or disseminate in any "manner or means whatever, including over the Internet, any statement, concerning that . . . personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500. The "intent" required by section 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

Answer: Paragraph 186 consists of legal argument, to which no response is required. Home Depot denies the allegations in Paragraph 186 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 186.

## 187.

Complaint: A separate section of the FAL, Cal Bus. & Prof. Code § 17501, provides:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

> No price shall be advertised as a **former price** of any advertised thing, unless the alleged former price was the **prevailing market price** as above defined within **three months next immediately preceding** the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Answer: Paragraph 187 consists of legal argument, to which no response is required. Home Depot denies the allegations in Paragraph 187 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply

or suggest that Home Depot engaged in any misconduct.  Home Depot denies any

remaining allegations in Paragraph 187.

**188.**

Complaint:  As used in Cal Bus. & Prof. Code § 17501:

- The term "prevailing market price" refers to the "retail [price] if the offer is at retail." *Id.*

- The term "advertised thing" refers to the exact same product offered— Case 1:24-cv-01435-VMC Document 40 Filed 02/21/25 Page 68 of 10069 ***not*** an equivalent or similar product. *People v. Superior Ct. (J.C. Penney Corp.)*, 34 Cal. App. 5th 376, 412 (2019) ("if the advertisement specifies a precise item—say, by reference to name, brand, or other distinctive features . . . the market and therefore the market price is potentially determined on the basis of sales of ***that item only***.") (emphasis added).

- The term "'former price' . . . includes but is not limited to the following words and phrases when used in connection with advertised prices; 'formerly—,' 'regularly—,' 'usually—,' 'originally—,' 'reduced from ___,' 'was ___ now ___,' '___% *off*.'" 4 Cal. Code Regs., § 1301 (emphasis added).

- The "the three-month period is properly construed as a '***rolling***' period, that is, one whose beginning and end changes each day, thus requiring a ***daily recalculation*** of the prevailing market price during the three-month period." *People v. Superior Ct. (J.C. Penney Corp.)*, 34 Cal. App. 5th 376, 416 n.26 (2019) (emphasis added).

Answer: Paragraph 188 consists of legal argument, to which no response is

required.  Home Depot denies the allegations in Paragraph 188 that concern the

content or legal effect of a statute that speaks for itself or to the extent that they imply

or suggest that Home Depot engaged in any misconduct.  Home Depot denies any

remaining allegations in Paragraph 188.

**189.**

Complaint:  Defendant violated and continues to violate Cal Bus. & Prof. Code § 17500.

Answer: Home Depot denies the allegations in Paragraph 189.

**190.**

Complaint:  Defendant violated and continues to violate Cal Bus. & Prof. Code § 17501.

Answer: Home Depot denies the allegations in Paragraph 190.

**191.**

Complaint:  As alleged above, Defendant regularly disseminated false and misleading reference prices for the products offered for sale on the website, including to Plaintiffs and the California Website Purchaser Class. Defendant rarely, if ever, offered products on the website at the reference prices within the three months immediately preceding the publication of the reference prices. Additionally, the reference prices shown were not the prevailing market prices for the products in the three months immediately preceding the publication.

Answer: Home Depot denies the allegations in Paragraph 191.

**192.**

Complaint:  Defendant did not verify that the advertised reference prices were the prevailing market prices within the preceding three months. On information and belief, Defendant had no policies or procedures to verify and update the reference prices on a daily basis.

Answer: The allegations in Paragraph 192 purport to apply to all products sold by Home Depot without temporal or other limitations and, so, Home Depot is without knowledge or information sufficient to admit or deny the truthfulness of the allegations in Paragraph 192 and on that basis denies them.

88

**193.**

Complaint:  Defendant's deceptive marketing practice gave consumers the false impression that their products were regularly offered and sold for a substantially higher price in the recent past than they were and, thus, led to the false impression that Defendant's products were worth more than they were.

Answer: Home Depot denies the allegations in Paragraph 193.

**194.**

Complaint:  Defendant knew that its advertised reference prices for the products sold on its website were untrue and/or misleading. Defendant knew that such products had rarely, if ever, been offered or sold on the website at the reference prices.

Answer: Home Depot denies the allegations in Paragraph 194.

**195.**

Complaint:  As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiffs and members of the California Website Purchaser Class have suffered injury in fact and have lost money. Plaintiffs and the California Website Purchaser Class request restitution and an injunction prohibiting Defendant from continuing its false and misleading advertising practices in violation of California law in the future.

Answer: Home Depot denies the allegations in Paragraph 195.

**196.**

Complaint:  Plaintiffs and California Website Purchaser Class members are entitled to injunctive relief. On information and belief, the dissemination of Defendant's false and misleading advertising is ongoing.

Answer: Home Depot denies the allegations in Paragraph 196.

**197.**

Complaint:  In the alternative to those claims seeking remedies at law, Plaintiffs and California Website Purchaser Class members allege that there is no

plain, adequate, and complete remedy that exists at law to address Defendant's unlawful and unfair business practices. The legal remedies available to Plaintiffs are inadequate because they are not "equally prompt and certain and in other ways efficient" as equitable relief. *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937); *see also United States v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("The mere existence' of a possible legal remedy is not sufficient to warrant denial of equitable relief."); *Quist v. Empire Water Co.*, 2014 Cal. 646, 643 (1928) ("The mere fact that there may be a remedy at law does not oust the jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and efficacious to the end in view … It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future."). For example, equitable claims may be tried by the court, whereas legal claims are tried by jury, and the need for a jury trial may result in delay and additional expense. Additionally, unlike damages, the Court's discretion in fashioning equitable relief is very broad and can be awarded in situations where the entitlement to damages may prove difficult. *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 177-180 (2000) (restitution under the UCL can be awarded "even absent individualized proof Case 1:24-cv-01435-VMC Document 40 Filed 02/21/25 Page 71 of 10072 that the claimant lacked knowledge of the overcharge when the transaction occurred."). Thus, restitution would allow recovery even when normal consideration associated with damages would not. *See, e.g., Fladeboe v. Am. Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 68 (2007) (noting that restitution is available even in situations where damages may not be available). Furthermore, the standard, showing, and necessary elements for a violation of the FAL under Cal Bus. & Prof. Code § 17501 are different from those that govern legal claims.

Answer: Home Depot denies Plaintiffs are entitled to restitution or any relief whatsoever and denies the allegations in Paragraph 197 to the extent they imply or suggest Home Depot engaged in any misconduct. The allegations in Paragraph 197 contain legal argument to which no response is required. Home Depot denies the allegations in Paragraph 197 that concern the content or legal effect of cited legal authority that speaks for itself. Home Depot denies any remaining allegations in Paragraph 197.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW (FAL)**
**CAL. BUS. & PROF. CODE § 17500, et seq.**
**(On Behalf of the California In-Store Purchaser Class)**

**198.**

Complaint:  Plaintiffs restate paragraphs 1 through 118 and 119 through 124 as if set forth herein.

Answer: In response to the allegations in Paragraph 198, Home Depot incorporates its responses to Plaintiffs' allegations contained in the preceding Paragraphs of the Complaint.

**199.**

Complaint:  This claim is brought for Plaintiff Condon and the California In-Store Purchaser Class.

Answer: Home Depot denies that Plaintiff's claims against Home Depot have any merit or that any class should be certified.  Home Depot denies any remaining allegations in Paragraph 199.

**200.**

Complaint:  The California False Advertising Law, codified at California Business & Professions Code section 17500, et seq. ("FAL") provides, in relevant part, that it is unlawful for any business, with intent directly or indirectly to dispose of personal property, to make or disseminate in any "manner or means whatever, including over the Internet, any statement, concerning that . . . personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500. The "intent" required by section 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

91

Answer: Paragraph 200 consists of legal argument, to which no response is required.  Home Depot denies the allegations in Paragraph 200 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply or suggest that Home Depot engaged in any misconduct.  Home Depot denies any remaining allegations in Paragraph 200.

**201.**

Complaint:  A separate section of the FAL, Cal Bus. & Prof. Code § 17501, provides:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

> No price shall be advertised as a ***former price*** of any advertised thing, unless the alleged former price was the ***prevailing market price*** as above defined within ***three months next immediately preceding*** the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Answer: Paragraph 201 consists of legal argument, to which no response is required.  Home Depot denies the allegations in Paragraph 201 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply or suggest that Home Depot engaged in any misconduct.  Home Depot denies any remaining allegations in Paragraph 201.

**202.**

Complaint:  As used in Cal Bus. & Prof. Code § 17501:

- The term "prevailing market price" refers to the "retail [price] if the offer is at retail." *Id.*

- The term "advertised thing" refers to the exact same product offered— ***not*** an equivalent or similar product. *People v. Superior Ct. (J.C. Penney Corp.)*, 34 Cal. App. 5th 376, 412 (2019) ("if the advertisement specifies a precise item—say, by reference to name, brand, or other distinctive features . . . the market and therefore the market price is potentially determined on the basis of sales of ***that item only***.") (emphasis added).

- The term "'former price' . . . includes but is not limited to the following words and phrases when used in connection with advertised prices; 'formerly—,' 'regularly—,' 'usually—,' 'originally—,' 'reduced from ___,' 'was ___ now ___,' '___% *off*.'" 4 Cal. Code Regs., § 1301 (emphasis added).

- The "the three-month period is properly construed as a '***rolling***' period, that is, one whose beginning and end changes each day, thus requiring a ***daily recalculation*** of the prevailing market price during the three-month period." *People v. Superior Ct. (J.C. Penney Corp.)*, 34 Cal. App. 5th 376, 416 n.26 (2019) (emphasis added).

Answer: Paragraph 202 consists of legal argument, to which no response is required. Home Depot denies the allegations in Paragraph 202 that concern the content or legal effect of regulations, statutes, or cases that speak for themselves or to the extent that they imply or suggest that Home Depot engaged in any misconduct. Home Depot denies any remaining allegations in Paragraph 202.

### 203.

Complaint: Defendant violated and continues to violate Cal Bus. & Prof. Code § 17500.

Answer: Home Depot denies the allegations in Paragraph 203.

93

**204.**

Complaint:  Defendant violated and continues to violate Cal Bus. & Prof. Code § 17501.

Answer: Home Depot denies the allegations in Paragraph 204.

**205.**

Complaint:  As alleged above, Defendant regularly disseminated false and misleading reference prices for the products, including to Plaintiff and the California In-Store Purchaser Class. Defendant rarely, if ever, offered products at the reference prices within the three months immediately preceding the publication of the reference prices. Additionally, the reference prices shown were not the prevailing market prices for the products in the three months immediately preceding the publication.

Answer: Home Depot denies the allegations in Paragraph 205.

**206.**

Complaint:  Defendant did not verify that the advertised reference prices were the prevailing market prices within the preceding three months. On information and belief, Defendant had no policies or procedures to verify and update the reference prices on a daily basis.

Answer: The allegations in Paragraph 206 purport to apply to all products sold by Home Depot without temporal or other limitations and, so, Home Depot is without knowledge or information sufficient to admit or deny the truthfulness of the allegations in Paragraph 206 and on that basis denies them.

**207.**

Complaint:  Defendant's deceptive marketing practice gave consumers the false impression that their products were regularly offered and sold for a substantially higher price in the recent past than they were and, thus, led to the false impression that Defendant's products were worth more than they were.

Answer: Home Depot denies the allegations in Paragraph 207.

**208.**

Complaint:   Defendant knew that its advertised reference prices for the in-store products were untrue and/or misleading. Defendant knew that such products had rarely, if ever, been offered or sold at the reference prices.

Answer: Home Depot denies the allegations in Paragraph 208.

**209.**

Complaint: As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and members of the California In-Store Purchaser Class have suffered injury in fact and have lost money. Plaintiff and the California In-Store Purchaser Class request restitution and an injunction prohibiting Defendant from continuing its false and misleading advertising practices in violation of California law in the future.

Answer: Home Depot denies the allegations in Paragraph 209.

**210.**

Complaint:  Plaintiff and the California In-Store Purchaser Class are entitled to injunctive relief. On information and belief, the dissemination of Defendant's false and misleading advertising is ongoing.

Answer: Home Depot denies the allegations in Paragraph 210.

**211.**

Complaint:   In the alternative to those claims seeking remedies at law, Plaintiff and California In-Store Purchaser Class members allege that there is no plain, adequate, and complete remedy that exists at law to address Defendant's unlawful and unfair business practices. The legal remedies available to Plaintiff are inadequate because they are not "equally prompt and certain and in other ways efficient" as equitable relief. *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937); *see also United States v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("The mere Case 1:24-cv-01435-VMC Document 40 Filed 02/21/25 Page 75 of 10076 existence' of a possible legal remedy is not sufficient to warrant denial of equitable relief."); *Quist v. Empire Water Co.*, 2014 Cal. 646, 643 (1928) ("The mere

fact that there may be a remedy at law does not oust the jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and efficacious to the end in view … It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future."). For example, equitable claims may be tried by the court, whereas legal claims are tried by jury, and the need for a jury trial may result in delay and additional expense. Additionally, unlike damages, the Court's discretion in fashioning equitable relief is very broad and can be awarded in situations where the entitlement to damages may prove difficult. *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 177-180 (2000) (restitution under the UCL can be awarded "even absent individualized proof that the claimant lacked knowledge of the overcharge when the transaction occurred."). Thus, restitution would allow recovery even when normal consideration associated with damages would not. *See, e.g., Fladeboe v. Am. Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 68 (2007) (noting that restitution is available even in situations where damages may not be available). Furthermore, the standard, showing, and necessary elements for a violation of the FAL under Cal Bus. & Prof. Code § 17501 are different from those that govern legal claims.

Answer: Home Depot denies Plaintiff is entitled to restitution or any relief whatsoever and denies the allegations in Paragraph 211 to the extent they imply or suggest Home Depot engaged in any misconduct. The allegations in Paragraph 211 contain legal argument to which no response is required. Home Depot denies the allegations in Paragraph 211 that concern the content or legal effect of cited legal authority that speaks for itself. Home Depot denies any remaining allegations in Paragraph 211.

96

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE CALIFORNIA CONSUMER**
**LEGAL REMEDIES ACT (CLRA)**
**CAL. CIV. CODE § 1750, et seq.**
**(On Behalf of the California Website Purchaser Class)**

**212.**

Complaint:  Plaintiffs restate paragraphs 1 through 118 and 119 through 124 as if set forth herein.

Answer: In response to the allegations in Paragraph 212, Home Depot incorporates its responses to Plaintiffs' allegations contained in the preceding Paragraphs of the Complaint.

**213.**

Complaint:  This claim is brought for the California Plaintiffs and California Website Purchaser Class.

Answer: Home Depot denies that Plaintiffs' claims against Home Depot have any merit or that any class should be certified.  Home Depot denies any remaining allegations in Paragraph 213.

**214.**

Complaint:  The Consumer Legal Remedies Act, Cal. Civ. Code sections 1750 *et seq.* ("CLRA"), is a California consumer protection statute which allows plaintiffs to bring private civil actions for "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction . . . which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

Answer: Paragraph 214 consists of legal argument, to which no response is required.  Home Depot denies the allegations in Paragraph 214 that concern the

97

content or legal effect of a statute that speaks for itself or to the extent that they imply

or suggest that Home Depot engaged in any misconduct.  Home Depot denies any

remaining allegations in Paragraph 214.

## 215.

Complaint:  Plaintiffs and each member of the California Website Purchaser Class are "consumers" as defined by California Civil Code section 1761(d). Defendant's sale of products on the website to Plaintiffs and the California Website Purchaser Class were "transactions" within the meaning of California Civil Code section 1761(e). The products purchased by Plaintiffs and the California Website Purchaser Class are "goods" within the meaning of California Civil Code section 1761(a).

Answer: Paragraph 215 consists of legal argument, to which no response is

required.  To the extent a response is required, Home Depot denies the allegations

in Paragraph 215.

## 216.

Complaint:   Defendant violated and continues to violate the CLRA by engaging in the following practices prohibited by California Civil Code section 1770(a) in transactions with Plaintiffs and the California Website Purchaser Class which were intended to result in, and did result in, the sale of Defendant's products:

    a.    Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions (Cal. Civ. Code § 1770(a)(13))

    b.    Advertising goods or services with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9))

    c.    Misrepresenting that goods are of a particular standard, quality, or grade (Cal. Civ. Code § 1770(a)(7))

    d.    Representing that goods do have characteristics they do not actually have (Cal. Civ. Code § 1770(a)(5))

Answer: Home Depot denies the allegations in Paragraph 216.

### 217.

Complaint:    Regarding section 1770(a)(13), Defendant made false or misleading statements of fact concerning the "existence of" and the "amounts of price reductions" because (a) no true price reductions existed in that Defendant's merchandise was rarely, if ever, offered for sale and/or sold *on the website* at the higher reference prices, let alone in the recent past on a regular basis, (b) the advertised reference prices are not prevailing market prices because, on information and belief, the products were not predominantly offered or sold in the market at the reference prices for a reasonably substantial period of time in the recent past, and/or (c) Defendant falsely represents the products as on sale for limited time when in truth the sale never expires or is immediately followed by a similar sale.

Answer: Home Depot denies the allegations in Paragraph 217.

### 218.

Complaint:  Regarding sections 1770(a)(9), (7), and (5), Defendant advertised and represented products on the website with the "intent not to sell" them as advertised and misrepresenting product characteristics and standard because, as explained herein, (a) the false reference prices on the website misled and continue to mislead customers into believing (i) the products were previously offered for sale and/or sold *on the website* at the higher reference prices on a regular basis for a reasonably substantial period of time in the recent past, and/or (ii) were valued in the market at the advertised "regular" price, and (b) Defendant falsely represents the products as on sale for limited time when in truth the sale never expires or is immediately followed by a similar sale.

Answer: Home Depot denies the allegations in Paragraph 218.

### 219.

Complaint:  In addition, Defendant had a duty to conspicuously disclose the truth about its pricing deception, including that the reference prices advertised on the website were not prices at which Defendant's items were listed or sold on the website in the recent past on a regular basis for a reasonably substantial period of time, and in truth, Defendant's products are typically not offered or sold on the website (and/or in the marketplace) at the advertised reference prices. Defendant

also failed to disclose that the expiration of any given sale would be followed by a substantially equivalent sale. Reasonable consumers were likely to be deceived by Defendant's failure to disclose material information.

Answer: Home Depot denies the allegations in Paragraph 219.

**220.**

Complaint:  Plaintiffs and the California Website Purchaser Class reasonably relied on Defendant's representations. Absent Defendant's misrepresentations, Plaintiff and the California Website Purchaser Class would not have purchased the items they purchased from Defendant, or, at the very least, they would not have paid as much for the items as they did. Plaintiffs and the California Website Purchaser Class's reliance was a substantial factor in causing them harm.

Answer: Home Depot denies the allegations in Paragraph 220.

**221.**

Complaint:  Had the omitted information been disclosed, Plaintiffs and the California Website Purchaser Class reasonably would have been aware of it and behaved differently. Among other things, Plaintiffs and the California Website Purchaser Class would not have purchased the items they purchased from Defendant or, at the very least, would not have paid as much for the items as they did.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' conduct, beliefs, and motivations and on that basis denies them.  Home Depot denies any remaining allegations in Paragraph 221.

**222.**

Complaint:  Plaintiffs, through counsel, provided notice to Defendant on April 18, 2024 (Timmins) and May 22, 2024 (Culbertson, Gonzalez, and Condon) pursuant to Cal. Civ. Code § 1782(a) via certified mail, and the 30-day response period has lapsed. Thus, Plaintiffs seek all relief available under the CLRA, including money damages, punitive damages, attorneys' fees, and injunctive relief for themselves and the California Website Purchaser Class.

Answer: Home Depot has reviewed its files and has not located the alleged notice from Plaintiffs Timmins or Condon referenced in Paragraph 222. Home Depot admits that it received a notice on behalf of Plaintiffs Culbertson and Gonzalez dated May 22, 2024, that references Cal. Civ. Code § 1782. Home Depot denies that Plaintiffs are entitled to any relief under the CLRA. Home Depot denies any remaining allegations in Paragraph 222.

**223.**

Complaint: Plaintiffs and the California Website Purchaser Class are entitled to punitive or exemplary damages. Defendant, through its senior executives and officers, undertook the illegal acts intentionally or with conscious disregard of the rights of Plaintiffs and the California Website Purchaser Class, and did so with fraud, malice, and/or oppression. Based on the allegations above, Defendant's actions were fraudulent because Defendant intended to and did deceive and injure Plaintiffs and the California Website Purchaser Class. Based on the allegations above, Defendant's conduct was made with malice because Defendant acted with the intent to and did cause injury to Plaintiffs and the California Website Purchaser Class, and because Defendant willfully and knowingly disregarded the rights of Plaintiffs and the California Website Purchaser Class.

Answer: Home Depot denies the allegations in Paragraph 223.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE CALIFORNIA CONSUMER**
**LEGAL REMEDIES ACT (CLRA)**
**CAL. CIV. CODE § 1750, et seq.**
**(On Behalf of the California In-Store Purchaser Class)**

**224.**

Complaint: Plaintiffs restate paragraphs 1 through 118 and 119 through 124 as if set forth herein.

101

Answer: In response to the allegations in Paragraph 224, Home Depot incorporates its responses to Plaintiffs' allegations contained in the preceding Paragraphs of the Complaint.

**225.**

Complaint:  This claim is brought for Plaintiff Condon and the California In-Store Purchaser Class.

Answer: Home Depot denies that Plaintiff's claims against Home Depot have any merit or that any class should be certified.  Home Depot denies any remaining allegations in Paragraph 225.

**226.**

Complaint:  The Consumer Legal Remedies Act, Cal. Civ. Code sections 1750 *et seq.* ("CLRA"), is a California consumer protection statute which allows plaintiffs to bring private civil actions for "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction . . . which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

Answer: Paragraph 226 consists of legal argument, to which no response is required.  Home Depot denies the allegations in Paragraph 226 that concern the content or legal effect of a statute that speaks for itself or to the extent that they imply or suggest that Home Depot engaged in any misconduct.  Home Depot denies any remaining allegations in Paragraph 226.

**227.**

Complaint:  Plaintiff and each member of the California In-Store Purchaser Class are "consumers" as defined by California Civil Code section 1761(d).

Defendant's sale of products to Plaintiff and the California In-Store Purchaser Class were "transactions" within the meaning of California Civil Code section 1761(e). The products purchased by Plaintiff and the California In-Store Purchaser Class are "goods" within the meaning of California Civil Code section 1761(a).

Answer: Paragraph 227 consists of legal argument, to which no response is required. To the extent a response is required, Home Depot denies the allegations in Paragraph 227.

**228.**

Complaint:    Defendant violated and continues to violate the CLRA by engaging in the following practices prohibited by California Civil Code section 1770(a) in transactions with Plaintiff and the California In-Store Purchaser Class which were intended to result in, and did result in, the sale of Defendant's products:

e.    Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions (Cal. Civ. Code § 1770(a)(13))

f.    Advertising goods or services with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9))

g.    Misrepresenting that goods are of a particular standard, quality, or grade (Cal. Civ. Code § 1770(a)(7))

h.    Representing that goods do have characteristics they do not actually have (Cal. Civ. Code § 1770(a)(5))

Answer: Home Depot denies the allegations in Paragraph 228.

**229.**

Complaint:    Regarding section 1770(a)(13), Defendant made false or misleading statements of fact concerning the "existence of" and the "amounts of price reductions" because (a) no true price reductions existed in that Defendant's merchandise was rarely, if ever, offered for sale or sold at Home Depot at the higher reference prices, let alone in the recent past on a regular basis, (b) the advertised reference prices are not prevailing market prices because, on information and belief,

the products were not predominantly offered or sold in the market at the reference prices for a reasonably substantial period of time in the recent past, and/or (c) Defendant falsely represents the products as on sale for limited time when in truth the sale never expires or is immediately followed by a similar sale.

Answer: Home Depot denies the allegations in Paragraph 229.

**230.**

Complaint: Regarding sections 1770(a)(9), (7), and (5), Defendant advertised and represented products on the website with the "intent not to sell" them as advertised and misrepresenting product characteristics and standard because, as explained herein, (a) the false reference prices misled and continue to mislead customers into believing (i) the products were previously offered for sale and/or sold at Home Depot at the higher reference prices on a regular basis for a reasonably substantial period of time in the recent past, and/or (ii) were valued in the market at the advertised "regular" price, and (b) Defendant falsely represents the products as on sale for limited time when in truth the sale never expires or is immediately followed by a similar sale.

Answer: Home Depot denies the allegations in Paragraph 230.

**231.**

Complaint: In addition, Defendant had a duty to conspicuously disclose the truth about its pricing deception, including that the reference prices were not prices at which Defendant's items were listed or sold at Home Depot in the recent past on a regular basis for a reasonably substantial period of time, and in truth, Defendant's products are typically not offered or sold at Home Depot (and/or in the marketplace) at the advertised reference prices. Defendant also failed to disclose that the expiration of any given sale would be followed by a substantially equivalent sale. Reasonable consumers were likely to be deceived by Defendant's failure to disclose material information.

Answer: Home Depot denies the allegations in Paragraph 231.

**232.**

Complaint: Plaintiff and the California In-Store Purchaser Class reasonably relied on Defendant's representations. Absent Defendant's misrepresentations, Plaintiff and the California In-Store Purchaser Class would not have purchased the

items they purchased from Defendant, or, at the very least, they would not have paid as much for the items as they did. Plaintiff and the California In-Store Purchaser Class's reliance was a substantial factor in causing them harm.

Answer: Home Depot denies the allegations in Paragraph 232.

### 233.

Complaint:  Had the omitted information been disclosed, Plaintiff and the California In-Store Purchaser Class reasonably would have been aware of it and behaved differently. Among other things, they would not have purchased the items they purchased from Defendant or, at the very least, would not have paid as much for the items as they did.

Answer: Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's conduct, beliefs, and motivations and on that basis denies them. Home Depot denies any remaining allegations in Paragraph 233.

### 234.

Complaint:  Plaintiff, through counsel, provided notice to Defendant on May 22, 2024 pursuant to Cal. Civ. Code § 1782(a) via certified mail, and the 30-day response period has lapsed. Thus, Plaintiff seeks all relief available under the CLRA, including money damages, punitive damages, attorneys' fees, and injunctive relief for herself and the California In-Store Purchaser Class.

Answer: Home Depot has reviewed its files and has not located the alleged notice from Plaintiff Condon referenced in Paragraph 234.  Home Depot denies that Plaintiff is entitled to any relief under the CLRA and any remaining allegations in Paragraph 234.

**235.**

Complaint:  Plaintiff and the California In-Store Purchaser Class are entitled to punitive or exemplary damages. Defendant, through its senior executives and officers, undertook the illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the California In-Store Purchaser Class, and did so with fraud, malice, and/or oppression. Based on the allegations above, Defendant's actions were fraudulent because Defendant intended to and did deceive and injure Plaintiff and the California In-Store Purchaser Class. Based on the allegations above, Defendant's conduct was made with malice because Defendant acted with the intent to and did cause injury to Plaintiff and the California In-Store Purchaser Class, and because Defendant willfully and knowingly disregarded the rights of Plaintiff and the California In-Store Purchaser Class.

Answer: Home Depot denies the allegations in Paragraph 235.

\*\*\*\*\*

Except as expressly set forth herein, Defendant denies all allegations in the Complaint, including allegations in any unnumbered paragraphs or headings of the Complaint, and any appendices or attachments.  Defendant further denies that Plaintiffs are entitled to any of the relief or awards prayed for in the Complaint, or to any other or further relief from the Court.

\*\*\*\*\*

**AFFIRMATIVE DEFENSES**

Defendant states the following separate defenses without assuming the burden of proof that otherwise would rest with Plaintiffs, and while reserving the right to assert additional defenses that may be available after further investigation:

106

FIRST DEFENSE

The claims of Plaintiffs and the members of the putative classes are barred because the Complaint fails to state a claim upon which relief can be granted with respect to the causes of action set forth in the Complaint.

SECOND DEFENSE

The claims of Plaintiffs and the members of the putative classes are barred to the extent they would be unjustly enriched by any recovery, including because they received the goods they purchased and did not return them.

THIRD DEFENSE

The claims of Plaintiffs and the members of the putative classes are barred in whole or in part, by the doctrine of accord and satisfaction.  Some customers have returned their purchases for a full refund.  These customers have no claim.

FOURTH DEFENSE

The claims of Plaintiffs and the members of the putative classes are barred by the voluntary payment doctrine.

FIFTH DEFENSE

Neither Plaintiffs nor any purported class member can establish the prerequisites for certifying a class or maintaining a class action under Federal Rule of Civil Procedure 23.

SIXTH DEFENSE

The claims of Plaintiffs and members of the putative classes for damages or injury are barred, in whole or in part, because there was a failure to make reasonable efforts to mitigate such alleged damages or injury.

SEVENTH DEFENSE

The claims of Plaintiffs and the members of the putative classes for equitable relief are barred by the existence of adequate remedies at law, including their equitable claims under the UCL and FAL.

EIGHTH DEFENSE

Plaintiffs and members of the putative classes have not been damaged, and Home Depot's conduct did not cause, proximately cause, solely cause, or solely proximately cause the damages and/or injuries that Plaintiffs claim.

NINTH DEFENSE

The claims of Plaintiffs and the members of the putative classes, and the relief Plaintiffs seek, are barred, in whole or part, because the conduct complained of is not unlawful, unfair, fraudulent, deceptive, untrue, or misleading and because Home Depot acted in good faith.

## TENTH DEFENSE

The claims of Plaintiffs and the members of the putative classes are barred in whole or in part by the equitable doctrines of estoppel, acquiescence, laches, waiver, release, and/or unclean hands.

## ELEVENTH DEFENSE

The claims of Plaintiffs and the members of the putative classes are barred in whole or in part by the applicable statute of limitations and/or repose.

## TWELFTH DEFENSE

The claims of Plaintiffs and the members of the putative classes are barred in whole or in part because they have not suffered any ascertainable loss of money or property.

## THIRTEENTH DEFENSE

The claims of Plaintiffs and the members of the putative classes are barred because Home Depot was under no duty to disclose any of the purported information Plaintiffs allege was not disclosed.

## FOURTEENTH DEFENSE

Plaintiffs and members of the putative classes lack standing to the extent they seek injunctive or other prospective relief because they cannot demonstrate any real or immediate threat of future injury.

109

FIFTEENTH DEFENSE

Plaintiffs and members of the putative classes lack standing to pursue claims for which they did not personally suffer injury-in-fact, including claims relating to products they did not purchase, stores in which they did not make purchases, and statutes under which they suffered no cognizable injury.

SIXTEENTH DEFENSE

The claims of Plaintiffs and the members of the putative classes are barred, in whole or in part, by their failure to join indispensable parties under Federal Rule of Civil Procedure 19, including but not limited to other entities that determined or influenced pricing, suggested retail prices, or promotional practices for the products at issue, and whose rights and obligations would be directly affected by any adjudication of the claims asserted.

SEVENTEENTH DEFENSE

The claims of Plaintiffs and the members of the putative classes are barred because they assented to a choice-of-law provision dictating that Georgia law would govern the claims between Home Depot and them.

EIGHTEENTH DEFENSE

The claims of Plaintiffs and the members of the putative classes under the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, are

barred because Plaintiffs and the members of the putative classes are not "consumers" as defined by the statute.

## NINETEENTH DEFENSE

The claims of Plaintiffs and the members of the putative classes are barred or diminished by Home Depot's right to setoff and/or recoupment.

## TWENTIETH DEFENSE

As discovery of the evidence may show, some or all of the claims of Plaintiffs and the members of the putative classes are barred by principles of res judicata and/or collateral estoppel by virtue of the failure to schedule such claims as assets in prior proceedings under Title 11 of the United States Code.

## TWENTY-FIRST DEFENSE

This action and any relief sought by Plaintiffs may be barred in whole or in part by additional defenses that cannot now be articulated because of the generality of Plaintiffs' pleading and the fact that no discovery has been taken.  Accordingly, Home Depot reserves the right to supplement the foregoing and to raise additional defenses as may appear during the progress of this case to the full extent allowed under applicable law.

*****

WHEREFORE, Defendant respectfully requests:

(a)     that the Court dismiss all claims in the Complaint and enter judgment in favor of Defendant and against Plaintiffs;

(b)     that all costs of this action be taxed against Plaintiffs;

(c)     that the claims be tried by a jury of twelve; and

(d)     that the Court grant Defendant such other and further relief, including its attorney's fees and expenses, as the Court deems just and proper.

Respectfully submitted this 14th day of May, 2026.

/s/ *Lindsey B. Mann*

Lindsey B. Mann (GA Bar No. 431819)
lindsey.mann@troutman.com
W. Alex Smith (GA Bar No. 532647)
alex.smith@troutman.com
Samuel D. Lack (GA Bar No. 749769)
samuel.lack@troutman.com

**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St., N.E., Suite 3000
Atlanta, Georgia 30308
T: 404.885.3000
F: 404.885.3900

Matthew A. Macdonald, *pro hac vice*
matthew.macdonald@wsgr.com
Matthew K. Donohue, *pro hac vice*
mdonohue@wsgr.com

**WILSON SONSINI
GOODRICH & ROSATI, P.C.**
953 East 3rd Street, Suite 100
Los Angeles, CA 90013
T: 323.210.2900
F: 323.210.7329

***Counsel for Defendant
Home Depot U.S.A., Inc.***

113

## LOCAL RULE 7.1D CERTIFICATION

Counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1B.

This 14th day of May, 2026.

/s/ *Lindsey B. Mann*
Lindsey B. Mann
GA Bar No. 431819
lindsey.mann@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 14th day of May, 2026.

/s/ *Lindsey B. Mann*
Lindsey B. Mann
GA Bar No. 431819
lindsey.mann@troutman.com