**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| LACEY TIMMINS, KEVIN CULBERTSON, MARIA GONZALEZ, and GRACE CONDON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation,<br><br>    Defendant. | Case No. 1:24-cv-01435-VMC |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Federal Rules of Civil Procedure 16 and 26 and Local Rule 16.2, the parties submit this Joint Preliminary Report and Discovery Plan.

**1. Description of Case**:

*(a) Describe briefly the nature of this action.*

This is a putative class action challenging how Defendant Home Depot U.S.A., Inc. ("Defendant") displays reference prices on its website and in its California stores. Plaintiffs and putative class members are consumers who allegedly purchased products from Defendant that were advertised at prices lower than reference (strikethrough or "was/now") prices.

*(b)      Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

**For Plaintiffs**:

This is a class action lawsuit brought to remedy Defendant's misleading and unlawful pricing, sales, and discounting practices on its website www.homedepot.com and in its California stores. The products at issue include all goods offered at a sale or discounted price from a higher reference price, including without limitation: appliances, tools, outdoor equipment, home equipment, furniture and garden equipment, and many other categories. Plaintiffs allege that Defendant advertises false, misleading, and inflated comparison reference prices to deceive customers into a belief that the sale price is a discount bargain price. But in truth, the products are regularly discounted and are rarely, if ever, offered or sold at the higher advertised reference prices

By using false reference pricing and false limited time sales, Defendant artificially drives up demand for the products, and by extension drives up the price of the products. As a result, consumers received a product worth less than the price paid. Further, because the products were not regularly offered by Defendant (and/or in the marketplace) at the reference price, in the recent past and for a substantial time, consumers did not receive the benefit of their bargain—i.e., they expected a product valued at the reference price but did not receive a product with that value.

2

*For Defendant*:

Plaintiffs purchased certain appliances from Defendant and claim that Defendant's use of reference or Was/Now pricing violates California consumer protection laws. Defendant denies that its advertising was or is false or misleading. Defendant asserts that it at all times acted in good faith and accurately disclosed the prices that Plaintiffs agreed to pay at the time of purchase, and Plaintiffs were not misled by, and did not rely upon, the challenged conduct.

Additionally, Defendant asserts that Plaintiffs have not suffered any cognizable injury. Each Plaintiff received exactly what Defendant represented and what he or she agreed to purchase: a product as described for the price disclosed, without any claimed defect. Each Plaintiff thus received the benefit of the bargain.

Plaintiffs seek to represent all California purchasers of all products from Defendant. But Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 23. Plaintiffs are not typical or adequate representatives for the classes they seek to represent, nor do they raise common questions. Further, there are substantial variations among putative class members that will predominate over any common issues.

(c)    *The legal issues to be tried are as follows:*

The legal issues include, but are not necessarily limited to, the following:

(1) whether Home Depot violated the California Unfair Competition Law (UCL) Cal. Bus. & Prof. Code §§ 17200 et seq. on behalf of the California Website Purchaser Class and the California In-Store Purchaser Class;

(2) whether Home Depot violated the California False Advertising Law (FAL) Cal. Bus. & Prof. Code §§17500 et seq. on behalf of the California Website Purchaser Class and the California In-Store Purchaser Class;

(3) whether Home Depot violated the California Consumer Legal Remedies Act (CLRA) Cal. Civ. Code §1750 on behalf of the California Website Purchaser Class and the California In-Store Purchaser Class;

(4) the relief to which Plaintiffs and the members of the putative classes would be entitled, if any, including the type and amount of equitable relief such as an injunction, restitution, or restitutionary disgorgement, or the type and amount of any damages;

(5) whether a class and/or subclasses should be certified pursuant to Fed. R. Civ. P. 23; and

(6) whether Plaintiffs' claims are barred by any or all of Defendant's affirmative defenses.

(d)    *The cases listed below (include both style and action number) are:*

(1)    *Pending Related Cases*:  The Court consolidated the related, pending cases, under the caption of the above-styled case.  [Doc. 36].

*(2)    Previously Adjudicated Related Cases:* Not applicable.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

_____ (1)    Unusually large number of parties

_____ (2)    Unusually large number of claims or defenses

__X__ (3)    Factual issues are exceptionally complex

__X__ (4)    Greater than normal volume of evidence

__X__ (5)    Extended discovery period is needed

_____ (6)    Problems locating or preserving evidence

_____ (7)    Pending parallel investigations or action by government

__X__ (8)    Multiple use of experts

_____ (9)    Need for discovery outside United States boundaries

__X__ (10)    Existence of highly technical issues and proof

__X__ (11)    Unusually complex discovery of electronically stored information

**3.    Counsel:**

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

*For Plaintiffs:*

Alexander E. Wolf (*pro hac vice*)
**MILBERG, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212

Jonathan M. Streisfeld (*pro hac vice*)

Kristen Lake Cardoso (*pro hac vice*)
**KOPELOWITZ OSTROW P. A.**
1 W. Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301

Marshal J. Hoda (*pro hac vice*)
**THE HODA LAW FIRM, PLLC**
12333 Sowden Road
Suite B, PMB 51811
Houston, TX 77080

Jonathan Shub (*pro hac vice*)
Samantha E. Holbrook (*pro hac vice*)
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428

J. Cameron Tribble
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060

*For Defendant*:

Lindsey B. Mann
W. Alex Smith
Samuel D. Lack
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308

Matthew A. Macdonald (*pro hac vice*)
Matthew K. Donohue (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
953 East 3rd Street, Suite 100
Los Angeles, CA 90013

John B. Kenney (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**

1700 K Street, NW
Washington, D.C. 20006

**4.      Jurisdiction**:

*Is there any question regarding this court's jurisdiction?*

_____Yes    __X__No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.      Parties to This Action:**

*(a) The following persons are necessary parties who have not been joined:*

The Parties are not aware of necessary parties who have not been joined.  The Parties may seek to amend the pleadings and/or join additional parties and reserve the right to move to do so in accordance with the proposed schedule set forth below (Section 7) and as permitted by the Federal Rules of Civil Procedure.

*(b) The following persons are improperly joined as parties:*

None known at this time.

*(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

None known at this time.

*(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

### 6.    **Amendments to the Pleadings**:

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.1(a). List separately any amendments to the pleadings which the parties anticipate will be necessary:*

None of the parties anticipate any amendments to the pleadings at this time.

The Parties may seek to amend the pleadings and/or join additional parties and

reserve the right to move to do so in accordance with the proposed schedule set forth

below (Section 7) and as permitted by the Federal Rules of Civil Procedure.

*(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

### 7.    **Filing Times For Motions**:

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.*

*All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).*

*(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.*

*(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1*

*(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

8

*(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.*

**For Plaintiffs and Defendant:**

The parties agree on certain deadlines in the proposed case schedule (commencement of fact discovery and deadline to amend pleadings), but disagree on the remaining deadlines and sequencing. Their respective schedules and positions are set forth below.

| PLAINTIFFS' PROPOSAL | | DEFENDANT'S PROPOSAL | |
|---|---|---|---|
| **Event** | **Deadline** | **Event** | **Deadline** |
| Initial Disclosures | 05/14/2026 | Initial Disclosures | 05/14/2026 |
| Fact Discovery begins | 05/14/2026 | Fact Discovery begins | 05/14/2026 |
| Last Day to add additional parties and/or amend pleadings | 09/11/2026 (120 days after fact discovery begins) | Last Day to add additional parties and/or amend pleadings | 09/11/2026 (120 days after fact discovery begins) |
| Plaintiffs' Motion for Class Certification and Plaintiffs' Class Certification Expert Report(s) | 04/22/2027 | Close of Fact Discovery | 07/16/2027 |
| Defendant's Opposition to Motion to Class Certification and | 06/17/2027 | Plaintiffs' Expert Disclosures | 08/27/2027 |

9

| Event | Deadline | Event | Deadline |
|---|---|---|---|
| Defendant's Class Certification Expert Report(s) | | | |
| Plaintiffs' Reply in support of Motion for Class Certification and Plaintiffs' Class Certification Rebuttal Expert Report(s) | 08/12/2027 | Defendant's Expert Disclosures | 10/29/2027 |
| Plaintiffs propose all remaining deadlines be set at a further status conference after ruling on motion for class certification, with the parties to submit joint or competing proposals. However, should the Court wish to set fixed deadlines now, Plaintiffs propose the following: | | Plaintiffs' Rebuttal Expert Disclosures (if permitted by law) | 12/31/2027 |
| Fact discovery ends | 90 days after ruling on motion for class certification | Close of Expert Discovery | 02/11/2028 |
| Disclosure of Plaintiffs' merits expert(s) and service of Expert Report(s) | 30 days after fact discovery closes | Plaintiffs' Motion for Class Certification | 03/10/2028 |
| Disclosure of Defendant's merits expert(s) and service of Expert Report(s) | 90 days after fact discovery closes | Defendant's Opposition to Motion to Class Certification | 04/21/2028 |
| Disclosure of Plaintiffs' rebuttal merits expert(s) and service of their reports | 120 days after fact discovery closes | Plaintiffs' Reply in support of Motion for Class Certification | 05/19/2028 |

10

| **Event** | **Deadline** | **Event** | **Deadline** |
|---|---|---|---|
| Expert Discovery ends | 150 days after fact discovery closes | Dispositive Motions | No later than 60 days after the Court's order on Plaintiffs' Motion for Class Certification |
| Local Rule 16.3 Settlement Conference | Within 28 days of completion of expert discovery | Oppositions to Dispositive Motions | 45 days after Dispositive Motions are filed |
| Motion(s) for Summary Judgment | 90 days after completion of expert discovery | Replies in Support of Dispositive Motions | 30 days after Oppositions to Dispositive Motion are filed |
| Submit Pretrial Order and file *Daubert* motions | 60 days after ruling on motion(s) for summary judgment | *Daubert* Motions | No later than 60 days after the Court's order on Plaintiffs' Motion for Class Certifications or the Court's order resolving all Dispositive Motions, whichever is later |
| Oppositions to *Daubert* Motions | 30 days after *Daubert* Motions are filed | Oppositions to *Daubert* Motions | 45 days after *Daubert* Motions are filed |
| Replies in Support of *Daubert* Motions | 15 days after *Daubert* Motions are filed | Replies in Support of *Daubert* Motions | 30 days after Oppositions to *Daubert* Motions are filed |

| Event | Deadline | Event | Deadline |
|-------|----------|-------|----------|
| | | Deadline for Parties to Engage in Mediation | Within 30 days after the Court issues an Order on dispositive motions |

*For Plaintiffs:*

Plaintiffs respectfully submit that good cause supports their proposed schedule.

First, good cause supports the eight-week response and reply periods on the motion to certify a class because some expert materials will be disclosed for the first time during that briefing, and an extended response and reply period will be necessary to allow the parties to take discovery and develop any necessary rebuttal expert materials.

Second, to support a motion for class certification, Plaintiffs will use, among other things, Defendant's historical pricing and transactional data, internal pricing policies and communications, sales projections, and expert analysis of the same. Because the underlying transactional data for potentially tens of thousands of products be voluminous, Plaintiffs anticipate that the parties will work towards an agreed sample as to certain data elements for class certification purposes to allow their experts to present supporting damage methodologies. However, additional post-class certification fact discovery, covering all products, all class members, the

12

entire class period, and an even larger volume of data, will be necessary for class notice, summary judgment, and trial. Accordingly, permitting fact discovery directed to enable classwide damages calculations to continue after class certification would promote efficiency.

Third, class and merits discovery in this case overlap significantly, such that formal bifurcation may result in unnecessary and avoidable discovery disputes. For example, to demonstrate a common practice (and identify potential subclasses), discovery into Defendant's and historical pricing, discounting, and advertising for all products is needed. So too is third-party discovery from independent retailers and manufacturers. Similarly, Defendant's policies and internal communications are relevant to the materiality of the challenged advertising, as is a Rule 30(b)(6) deposition on such topics, but also to the merits.

Fourth, by comparison, Defendant proposes a schedule in which (1) all fact and expert discovery is completed prior to moving for class certification, and (2) Plaintiffs' motion for class certification is submitted nearly two years from now (and three years after the Consolidated Complaint was filed on February 21, 2025). Plaintiffs respectfully submit this approach is inconsistent with Rule 23(c)(1)(A), which provides for class certification "[a]t an early practicable time."

Plaintiffs also submit Defendant's proposal is inefficient—it will require fully executed damages models via completed expert reports prior to class certification.

13

This, in turn, would require production and analysis of all transactional data for thousands of products at an earlier stage than necessary. But because the data is expected to be extremely voluminous, it demands extra time for both production and expert analysis prior to expert disclosures and reports. Accordingly, this completed expert analysis should occur after class certification consistent with Plaintiffs' proposal. *See Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 893 (11th Cir. 2023) ("At the class certification stage, all that the named plaintiffs had to prove was that a reliable damages methodology existed, not the actual damages plaintiffs sustained."); *Lytle v. Nutramax Lab'ys, Inc.*, 114 F.4th 1011, 1034 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1308 (2025) ("As the above discussion makes clear, it is not required that a plaintiff's expert must execute their damages model prior to class certification provided it is shown that the model provides a reliable and adequate method for calculating damages.").

These reasons collectively support Plaintiffs' request for an extended case schedule without formal bifurcation of class and merits discovery, and for scheduling a status conference after the ruling on Plaintiffs' motion for class certification to set deadlines pertaining to completion of fact discovery, expert disclosures, motions for summary judgment, and trial.

***For Defendant:*** Good cause exists to support Defendant's proposed schedule. A single fact discovery period is the most efficient structure for addressing

14

all issues in this case.  Plaintiffs' proposal in effect would create a confusing bifurcated discovery period, miring the parties and potentially this Court in needless discovery disputes regarding the permissibility of certain discovery during the pre-class certification discovery period as compared to the post-class certification discovery period.  Such an approach would generate confusion, duplication, inefficiencies, and increased cost and burden to the parties and the Court.  *See Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, 2011 U.S. Dist. LEXIS 16684, at \*5–6 (M.D. Fla. Feb. 7, 2011) (rejecting bifurcated discovery in a putative class action, reasoning that it "will unnecessarily prolong this litigation and increase the expense involved for both sides," as well as "will lead to duplicative and delayed discovery").

In a misguided attempt to justify their bifurcated discovery proposal, Plaintiffs argue that "the parties will work towards an agreed sample as to certain data elements for class certification" with another round of apparently unlimited discovery after class certification is resolved.  Defendant agrees that Plaintiffs have serious manageability problems in seeking certification of putative classes that contain millions of individuals who purchased what Plaintiffs concede is "tens of thousands" of different products from Defendant over the course of several years.  Yet Plaintiffs' request that the Court bifurcate discovery on the sole basis that Plaintiffs purportedly want the parties to reach some undefined agreement on

15

sampling at some point in the future is ambiguous, speculative, and nonsensical. The most reasonable and efficient approach is the traditional approach: fact discovery is completed at a single time.

Good cause also supports an extended fact discovery period. Plaintiffs seek certification of an incredibly vast and unwieldy putative class: all persons in California who purchased any product from www.homedepot.com or one of Home Depot's stores at some point over the past several years. As Plaintiffs admit, the putative class definition includes "tens of thousands" of different products including "appliances, tools, outdoor equipment, home equipment, furniture and garden equipment, and many other categories." Plaintiffs contend that "discovery into Defendant's historical pricing, discounting, and advertising for all products is needed," as well as "Defendant's policies and internal communications" as to the pricing and sales of tens of thousands of different products over the course of several years (ostensibly, at least in Plaintiffs' eyes, covering potentially thousands of Defendant employees' communications), and "third-party discovery from independent retailers and manufacturers." Plaintiffs go even further in Section 10 below in describing the immense number of subjects on which they contend discovery may be needed, including information such as, among many other things, "all" pricing, sales, and other financial data relating to the tens of thousands of products sold online and in California stores, Defendant's communications with

16

consumers, other retailers, and manufacturers regarding the pricing of such products, and "any efforts to determine, verify, and/or update any regular, original, former, or other strikethrough pricing" of such products.

While all such discovery identified by Plaintiffs is neither relevant nor proportional to the needs of the case, it is clear that Plaintiffs intend to issue vast swaths of discovery requests that unfortunately appear primed to lead to discovery disputes and potentially the production of voluminous information. A 14-month fact discovery period is required to address such issues to ensure a just and efficient resolution of the case, including but not limited to class certification in which Plaintiffs must prove, among other things, that they raise common questions that predominate over substantial variations that exist within the putative classes.

Good cause also supports Defendant's proposal that expert discovery be completed prior to briefing on class certification. Defendant anticipates that the parties will engage multiple experts to address complex questions relating to liability and damages that implicate intertwined class and merits issues. An expert discovery period that allows for preparation of expert reports and then expert depositions, followed by class certification briefing, will permit the parties to focus on these significant issues in their proper order. Plaintiffs' proposed schedule that would mandate that Defendant take depositions of Plaintiffs' experts, identify its own experts, prepare and serve expert reports, and oppose class certification all in less

than two months would inflict immense prejudice on Defendant and generate needless turmoil to the detriment of the parties and the Court reaching a just result in this case.  Plaintiffs' proposed bifurcated discovery periods for class and merits experts also would generate needless duplication, inefficiencies, and increased cost and burden on the parties and the Court.

Finally, good cause supports the extended briefing schedules that Defendant proposes in light of the complex issues in the case involving Plaintiffs' requested certification of an unmanageable putative class action, as evidenced by Plaintiffs' own proposals and discovery topics.

**8.      Initial Disclosures**:

*The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).*

The parties do not have any objections.  Pursuant to the Court's Order (Dkt. 52), the parties will exchange initial disclosures on or before May 14, 2026.

**9.      Request for Scheduling Conference**:

*Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.*

Because the parties have submitted competing proposed schedules (see Section 7, above), the parties request a scheduling conference.

18

**10.    Discovery Period**:

*The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-month discovery period, (b) four (4)-months discovery period, and (c) eight (8)- months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

*Please state below the subjects on which discovery may be needed*:

***For Plaintiffs:*** Plaintiffs anticipate that fact discovery will include, among other topics: (1) all reference prices at which the products have been offered for sale on the website and in California stores; (2) all discounted and sale prices and corresponding dates at which the products have been offered on the website and in California stores; (3) all prices and corresponding dates at which the products have actually sold on the website and in California stores; (4) all representations used to promote, explain, or claim any discounts or sales; (5) the reasons why reference prices were displayed and what such reference prices mean; (6) any efforts to determine, verify, and/or update any regular, original, former, or other strikethrough pricing; (7) memoranda, guides, manuals, tutorials, handbooks, or other documents used to train or educate employees or agents regarding the use of reference prices and discounted or sale prices; (8) complaints, inquiries, research, feedback, and other

communications with customers, employees, or third parties concerning the meaning, validity, and propriety of reference prices and discounted prices; (9) discount, sales, and pricing data for the products sold on the website and in California stores, including gross revenue, unit sales, profit margins, average unit retail data, forecasts, projections, and pricing plans; (10) sales and pricing data for the products sold via third-party retailers; (11) Defendant's communications and agreements with any other retailers who sold the products relating to pricing, discounting, and control over the same; and (12) Defendant's communications and agreements with product manufacturers regarding pricing, reference pricing, or discount or sale prices for products sold on the website and in California stores.

*For Defendant:* Defendant disagrees that all of the discovery identified by Plaintiffs is relevant and proportional to the needs of the case. Defendant anticipates that discovery may be needed on the following topics:

- Documents relating to Defendant's pricing of products purchased by Plaintiffs.
- Documents relating to products purchased from Defendant by Plaintiffs.
- Communications and documents between or among Plaintiffs and Defendant regarding prices or promotions.
- Third-party discovery, including but not limited to discovery relating to "market value" of products at issue in this case.

20

- Issues relevant to class certification, including commonality, predominance, typicality, adequacy, and manageability of the proposed classes.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below*:

**For Plaintiffs and Defendant:**

The parties' proposals are detailed at Section 7, above.

**11.    Discovery Limitation and Discovery of Electronically Stored Information**:

*(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

The parties do not believe additional limitations on discovery should be imposed at this time.

*(b) Is any party seeking discovery of electronically stored information?*

  X   Yes                No

**If "Yes",**

*(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows*:

The parties intend to address these issues in a proposed ESI Protocol and Stipulated Protective Order.

*(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows*:

See below regarding the submission of a proposed ESI Protocol.

*In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.*

The parties intend to meet and confer regarding an ESI Protocol and a Stipulated Protective Order.  The parties will submit a proposed ESI Protocol and Stipulated Protective Order for the Court's consideration, along with any areas of dispute requiring resolution, early into the fact discovery period. At this time, the parties agree that a scheduling conference regarding discovery of ESI is premature as they expect to agree on the form of the ESI Protocol.

**12.   Other Orders**:

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

The parties will submit a proposed ESI Protocol and Stipulated Protective Order for the Court's consideration, along with any areas of dispute requiring resolution, early into the fact discovery period.

### 13.    Privileged or Protected Material

*Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?*

*Defendant:__X____  Yes ___Plaintiffs :___X_____  No*

*If "yes,"*

*The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:*

The parties anticipate addressing issues related to Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5) in a proposed ESI Protocol and/or Stipulated Protective Order.

### 14.    Settlement Potential:

*(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **April 29, 2026** and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party*
.
**For Plaintiff**: Lead counsel: */s/ Alexander E. Wolf*

Other participants: J. Cameron Tribble, Jonathan M. Streisfeld

**For Defendant**: Lead counsel: */s/ Lindsey B. Mann*

Other participants: W. Alex Smith

23

(b) *All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now*:

(___)  A possibility of settlement before discovery.

(_X_) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.

(___) No possibility of settlement.

(c)      *Counsel (_X_) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is* **to be determined**.

(d) *The following specific problems have created a hindrance to settlement of this case*:

Although the parties will continue to make good faith attempts to settle the dispute at the appropriate times during the litigation, the nature of the proposed putative class action renders resolution of the case difficult at this stage of the proceedings.

**14.    Trial by Magistrate Judge**:

Note: *Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial*.

The parties do not consent to having this case tried before a magistrate judge of this Court.

Plaintiffs' and Defendant's proposed Scheduling Orders are attached as *Exhibits A and B*, respectively.

24

As agreed by all Parties this 14th day of May, 2026.

/s/ J. Cameron Tribble
J. Cameron Tribble
Georgia Bar No. 754759
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
Tel: 770-227-6375
ctribble@barneslawgroup.com

Alexander E. Wolf*
**MILBERG, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212
Tel: 872-365-7060
awolf@milberg.com

Jonathan M. Streisfeld*
Kristen Lake Cardoso*
**KOPELOWITZ OSTROW P.A.**
1 W. Las Olas Blvd. Suite 500
Fort Lauderdale, FL 33301
Tel: 954-525-4100
streisfeld@kolawyers.com

Marshal J. Hoda*
**THE HODA LAW FIRM, PLLC**
12333 Sowden Road
Suite B, PMB 51811
Houston, TX 77080
Tel: 832-848-0036
marshal@thehodalawfirm.com

Jonathan Shub*
Samantha E. Holbrook*
**SHUB JOHNS & HOLBROOK LLP**

/s/ Lindsey B. Mann
Lindsey B. Mann
Georgia Bar No. 431819
W. Alex Smith
Georgia Bar No. 532647
Samuel D. Lack
Georgia Bar No. 749769
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St., N.E.
Suite 3000
Atlanta, Georgia 30308
Tel: 404.885.3000
Fax: 404.885.3900
lindsey.mann@troutman.com
alex.smith@troutman.com
samuel.lack@troutman.com

Matthew A. Macdonald*
Matthew K. Donohue*
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
953 East 3rd Street, Suite 100
Los Angeles, CA 90013
Tel: 323.210.2900
Fax: 323.210.7329
matthew.macdonald@wsgr.com
mdonohue@wsgr.com

John B. Kenney*
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
1700 K Street, NW
Washington, D.C. 20006
Tel: 202.973.8800
Fax: 202.973.8899
jkenney@wsgr.com

25

Four Tower Bridge                                   ***Counsel for Defendant***
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Tel: 610-477-8380
jshub@shublawyers.com
sholbrook@shublawyers.com

***Counsel for Plaintiffs and the***
***Proposed Classes***

*pro hac vice admitted

## CERTIFICATE OF COMPLIANCE

I hereby certify, in compliance with Local Rule 5.1(C), that the foregoing has been prepared using 14-point Times New Roman font, with all margins not less than 1 inch.

/s/ *J. Cameron Tribble*
J. Cameron Tribble

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which automatically sends e-mail notification of filing to any attorneys of record.

Dated: May 14, 2026.

/s/ *J. Cameron Tribble*
J. Cameron Tribble
Georgia Bar No. 754759
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
Tel: 770-227-6375
ctribble@barneslawgroup.com

27

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

LACEY TIMMINS, KEVIN CULBERTSON, MARIA GONZALEZ, and GRACE CONDON, individually and on behalf of all others similarly situated,

   Plaintiffs,

vs.

HOME DEPOT U.S.A., INC., a Delaware corporation,

   Defendant.

Case No. 1:24-cv-01435-VMC

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

*See attached Exhibit A (Plaintiffs' Proposed Scheduling Order) and Exhibit B (Defendant's Proposed Scheduling Order)*

IT IS SO ORDERED, this _____ day of _____, 2026.

_____
Victoria M. Calvert
United States District Judge

28