**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| ERIC BERGER, JASON LONDRIGAN, LACEY TIMMINS, KEVIN CULBERTSON, MARIA GONZALEZ, and GRACE CONDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:24-cv-01435-VMC |

**PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs move for an Order modifying the Scheduling Order for the limited purpose of extending the September 11, 2026 deadline to amend pleadings or add parties. A proposed Order for the Court's consideration is attached as Exhibit A hereto. This is Plaintiffs' first request to extend this deadline, and no other date in the Scheduling Order would be affected. Good cause exists for the relief requested, and in support of the Motion Plaintiffs state as follows:

1. In this putative class action, the Court denied in part Defendant's motion to dismiss, permitting Plaintiffs to proceed with California statutory claims.

Defendant has answered the operative complaint.

2. In continuing to evaluate Plaintiffs' claims and Defendant's defenses, the undersigned counsel identified the benefit of adding named plaintiffs whose purchases correspond more completely to the scope of the putative class.

3. More specifically, there are a number of Home Depot private label brands and there are some products sold exclusively by Home Depot. *See* Doc. 55, Answer ¶36; *see also* Doc. 50, Order on Motion to Dismiss, at 4-5 (summarizing allegations of exclusive products). However, the purchases identified by the existing named plaintiffs are of GE-branded products, which do not correspond with the alleged Home Depot private label or "exclusive" brands." *Compare* Consolidated Compl. Doc. 40 ¶¶36-37 (Plaintiffs listing as exclusive brands Glacier Bay, Ryobi, Husky, Hampton Bay, Everbilt, Defiant, LifeProof, and HDX) *with* Doc. 55 ¶¶ 50, 59, 69, 78 (Defendant admitting GE brand purchases).

4. Meanwhile, Home Depot has asserted a defense of lack of standing including for "claims related to products they did not purchase." (*See* Answer, Fifteenth Defense). Plaintiffs do not concede the validity of this defense as it relates to purchases of exclusive brands or products, or otherwise. *See, e.g., Carter v. Forjas Taurus*, S.A., 701 F. App'x 759, 765 (11th Cir. 2017) (affirming certification of class for settlement purposes when named plaintiff only bought one of the nine class guns that allegedly contained same defect); *In re Polypropylene Carpet*

*Antitrust Litig.*, 178 F.R.D. 603, 613 (N.D. Ga. 1997) (finding typicality satisfied where despite different products at different prices, "the nature of all the proposed class members' claims remains the same."); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 555 (N.D. Ga. 2007) ("the typicality requirement in class certification does not require that the products purchased, methods of purchase or damages of the named plaintiffs be the same as absent class members") (citing *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 261 (D.D.C. 2002)).

5. On August 19, 2026, August 21, 2026, and August 26, 2026, one of Plaintiffs' counsel's firms was retained by three California consumers who purchased Defendant's exclusive-brand products from Defendant allegedly subject to deceptive and unlawful discounting practices, among other products. Plaintiffs' counsel were not aware of these consumers or their applicable purchases until late August 2026.

6. On August 25, 2026 and August 31, 2026, and as Defendant is aware, pre-suit notice was sent to Defendant's registered agent under California's Consumers Legal Remedies Act, Cal. Civ. Code § 1782(a), on behalf of those three consumers, copies of which are attached as Exhibits B and C hereto. The thirty-day period for Defendant to respond runs from delivery of the letters[1] and does not expire

[1] These pre-suit notice letters were delivered on August 28, 2026 and September 8, 2026, respectively.

until September 27, 2026 and October 8, 2026, respectively. Until that period runs, those consumers cannot assert CLRA damages claims. Cal. Civ. Code § 1782(a), (d).

7. The three consumers will initiate a new lawsuit in California state court alleging California statutory claims pertaining in part to Defendant's exclusive products. As described above, the existing Plaintiffs do not allege that they purchased such products in the Complaint.

8. Although the undersigned counsel anticipate that Defendant will remove any new state court action to federal court, and then seek to transfer the case to this Court under the first-filed rule, there are valid and important reasons for filing the lawsuit in California state court. For example, doing so will preserve California's choice of law rules which, in turn, allows the new plaintiffs to bring their claims under substantive California law, as opposed to Georgia law. Also, filing in California state court will preserve a forum in which to bring equitable claims in the event Defendant disputes whether federal courts have equitable jurisdiction under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), or whether Article III standing exists for any claim or remedy including injunctive relief.[2]

---

[2] *See also China Agritech v. Michael H. Resh*, 584 U.S. 732, 740 n.2 (2018) ("Encouraging early class filings will help ensure sufficient time remains under the statute of limitations, in the event that certification is denied for one of the actions or a portion of the class. Subclasses might be pleaded in one or more complaints and taken up if necessary[.]"); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 459 n.9 (2021)

9. In *Timmins v. Home Depot USA, Inc.*, Case No. 2:24-cv-01141 (E.D. Cal.), which was transferred to this Court and consolidated in this action, the Parties stipulated to transfer and that California's choice of law rules would apply. In advance of filing this Motion, Plaintiffs recently requested that Defendant consider the same approach for the new plaintiffs, but Defendant has yet to agree.

10. In an abundance of caution, Plaintiffs therefore seek to extend one deadline only: the September 11, 2026 deadline to add parties or amend the pleadings set in the Scheduling Order.[3] (Doc. 57). Plaintiffs request that the deadline be extended sixty days, to November 10, 2026, for all Parties. No other deadline would change.

11. A district court may modify a scheduling order upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party

---

(Thomas, J., dissenting) (noting defendants should expect challenges to Article III standing to be met with filings in state courts "which are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law—as the sole forum for such cases, with defendants unable to seek removal to federal court. By declaring that federal courts lack jurisdiction, the Court has thus ensured that state courts will exercise exclusive jurisdiction over these sorts of class actions") (internal quotations and citations omitted).

[3] While Plaintiffs do not believe transfer and/or consolidation of a newly filed action implicates the deadline to add or remove parties under an applicable scheduling order in a pending action, Plaintiffs respectfully bring this motion in this spirit of transparency.

seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Diligence is measured by what the movant could have done, not by whether the opposing party would be inconvenienced.

12. Here, for the reasons detailed above, good cause exists to extend the one deadline. Extending that deadline will not prejudice Defendant because it will not impact any of the other deadlines. A lengthy discovery period was approved in this action prior to Plaintiffs moving for class certification. Indeed, fact discovery does not close until July 17, 2027 and Plaintiffs' Motion for Class Certification is not due until March 10, 2028. Doc. 57. In contrast, the putative class would be prejudiced if this relief is not requested because adding named plaintiffs who purchased Defendant's exclusive products will help oppose any argument that the existing Plaintiffs do not have standing to represent consumers purchasing Defendant's exclusive products. *See, e.g.* Answer, Fifteenth Defense (asserting Plaintiffs and putative class members lack standing "including claims relating to products they did not purchase"). While Plaintiffs do not believe that should be a valid defense, they should be entitled to protect against that by adding additional parties to this action.

13. Finally, and perhaps most importantly, the proposed new plaintiffs in the forthcoming California action – who as absent class members of an uncertified

proposed class are essentially strangers to this litigation – did not retain Plaintiffs' counsel or send their statutory pre-suit notice letters with enough time to be added to this case under the current scheduling order. Regardless, as described above, the new plaintiffs wish to commence their action in California state court. However, given the potential transfer and consolidation of their case into this litigation, Plaintiffs' counsel is submitting this requested extension to alert the Court to these developments, avoid inefficiencies in this case, and to the otherwise protect the interests of the existing putative class here.

14. The requested extension will not delay the resolution of this action.

15. A proposed order is attached as Exhibit A.

Dated: September 11, 2026.

Respectfully submitted,

*<u>/s/ J. Cameron Tribble</u>*
J. Cameron Tribble
Georgia Bar No. 754759
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
Tel: 770-227-6375
ctribble@barneslawgroup.com

Alexander E. Wolf (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN**
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212
Tel: 872-365-7060
awolf@milberg.com

Jonathan M. Streisfeld (*pro hac vice*)
Kristen Lake Cardoso (*pro hac vice*)
**KOPELOWITZ OSTROW P.A.**
1 W. Las Olas Blvd. Suite 500
Fort Lauderdale, FL 33301
Tel: 954-525-4100
streisfeld@kolawyers.com

Marshal J. Hoda (*pro hac vice*)
**THE HODA LAW FIRM, PLLC**
12333 Sowden Road
Suite B, PMB 51811
Houston, TX 77080
Tel: 832-848-0036
marshal@thehodalawfirm.com

Jonathan Shub (*pro hac vice*)
Samantha E. Holbrook (*pro hac vice*)
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Tel: 610-477-8380
jshub@shublawyers.com
sholbrook@shublawyers.com

***Counsel for Plaintiffs and the Proposed Classes***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(B).

*/s/ J. Cameron Tribble*
J. Cameron Tribble
Georgia Bar No. 754759

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

Dated: September 11, 2026.

*/s/ J. Cameron Tribble*
J. Cameron Tribble
Georgia Bar No. 754759
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
Tel: 770-227-6375
ctribble@barneslawgroup.com