# Exhibit C

14758887.1.2-8

Milberg.

**Alexander E. Wolf**
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212
Phone: 872-365-7060
awolf@milberg.com

August 31, 2026

***Via Certified Mail, Return Receipt Requested***

HOME DEPOT U.S.A., INC.
c/o CSC – LAWYERS INCORPORATING SERVICE (registered agent)
2170 GATEWAY OAKS DRIVE STE 150N
SACRAMENTO, CA 95833

Re: *Morgan et al. v. Home Depot U.S.A., Inc.*
Notice Letter Concerning Violations of California Consumer Legal Remedies Act and Related Breach

We write as counsel for our client Lauren Morgan ("Client" or "Plaintiff") to provide written notice that Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") violated the California Consumer Legal Remedies Act, Civil Code § 1750 et seq. ("CLRA") and other applicable unfair business practices statutes in connection with the sale of products through Defendant's HomeDepot.com e-commerce storefront (the "website") and in Home Depot's California stores. We also write to provide notice of Home Depot's related breach of contract with customers. For purposes of this letter, the "products" include all goods that have at any time been offered on the website or in California stores, at a sale or discounted price from a higher reference price, including without limitation: appliances, tools, outdoor equipment, home equipment, furniture, and garden equipment, and many other categories.

Plaintiff seeks to represent a class and subclasses of all persons in California who purchased one or more products from the website or in California stores during the Class Period[1] at a discount from a higher reference price (the "Proposed Class"). This letter serves as a notice and demand for corrective action on behalf of Plaintiff and the Proposed Class. Plaintiff, individually and on behalf of the Proposed Class, alleges that Defendant violated the following provisions of the CLRA:

- in violation of Section 1770(a)(13), Defendant made false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions.

- in violation of 1770(a)(9), Defendant advertised goods with intent not to sell them as advertised.

---

[1] "Class Period" is the time period beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling, discovery, concealment, and accrual issues, and ending on the date of entry of judgment. The Class Period is at minimum 4 years from the date of filing the Complaint, but based on tolling, begins earlier.

14758887.1.3-8



- in violation of 1770(a)(7), Defendant misrepresented that goods are of a particular standard, quality, or grade.

- in violation of Section 1770(a)(5), Defendant represented that goods have characteristics that they do not have.

## I. FACTUAL ALLEGATIONS

On or about November 28, 2022, Plaintiff Morgan purchased a Glacier Bay Zero Radius Undermount 18G Stainless Steel 32 in. Single Bowl Workstation Kitchen Sink with Accessories from Home Depot's e-commerce store, Order # WB31680266. While an archived screenshot of that item from November 2022 is unavailable, based on and consistent with archived copies of the website generally and the current listing for the item, Plaintiff saw on the item's listing page and shopping cart page a strikethrough regular price, a sale price, and the statement "Save __%". Plaintiff paid $196.20 for the item ($211.41 after tax). The item was shipped to Plaintiff in Huntington Beach, CA.

The current version of the item is advertised with a $369 reference price, a $295.20 sale price, and the statement "Save $73.80 (20%)"






Additional items that Plaintiff purchased which, on information and belief, were subject to the same deceptive discount practice described herein, include:

- Samsung 36 in. 21.5 cu. ft. Smart Side by Side Refrigerator with Family Hub in Stainless Steel, Counter Depth. Purchased November 15, 2022 from Home Depot's e-commerce store for $1,998, Order # WP51708449.
- Samsung 26.7 cu. ft. Family Hub Side by Side Smart Refrigerator in Fingerprint Resistant Stainless Steel. Purchased April 20, 2022 from Home Depot's e-commerce store for $2,098, Order # WP32350533.

Plaintiff proceeded to purchase the products with the understanding that the products (1) had a former and regular price of the stated reference price, (2) had been offered for sale by Home Depot on the website at the stated reference price, in the recent past, on a regular basis, and for a substantial time, and (3) were truly on sale and being sold at a substantial discount, such that

14758887.1.4-8



Plaintiff received products valued at the false reference price while only paying the lower discounted price.

* * *

The sales and discounts were false and misleading. On information and belief, based on archived copies of the website, the products were regularly offered on the website at a discounted price, and the products were only offered at the higher reference prices for short stints to establish a misleading basis for comparison.

For example, according to third-party tracking data, the Glacier Bay Zero Radius Undermount 18G Stainless Steel 32 in. Single Bowl Workstation Kitchen Sink was consistently on sale, with only brief stints at the full reference price.

September 2023 – April 2025:[2]




[2] It appears that, between April 2025 and September 2025, the product was re-numbered and/or re-listed. The webpage for the product on Plaintiff's order confirmation is https://www.homedepot.com/pep/Glacier-Bay-Zero-Radius-Undermount-18G-Stainless-Steel-32-in-Single-Bowl-Workstation-Kitchen-Sink-with-Accessories-4305F/308278025. The full webpage listing for that product now redirects to https://www.homedepot.com/p/Glacier-Bay-Zero-Radius-32-in-Undermount-Single-Bowl-18-Gauge-Stainless-Steel-Kitchen-Sink-with-Accessories-4305F/334824728. On information and belief, the item is Model # 4305F, which appears on both the former and updated webpage.

14758887.1.5-8



September 2025 – August 2026:




Further, with respect to California stores, Home Depot states its online prices only "vary occasionally" from the prices charged at local stores. Stated differently, Home Depot's discounted prices are consistent online and in local stores, and are advertsied in the same manner, with few exceptions.

Plaintiff thus viewed and relied on the website's purported current and limited-time sale promotion. She relied on the above representations that the products (1) had a former and regular price of the stated reference price, (2) had been offered for sale by Home Depot on the website at the stated reference price, in the recent past, on a regular basis, and for a substantial time, and (3) were truly on sale and being sold at a substantial discount, such that Plaintiff received products valued at the false reference price while only paying the lower discounted price.

The above-listed products purchased were not substantially marked down or discounted, and any discount had been grossly exaggerated. On information and belief, for at least the 90-day period prior to Plaintiff's purchase and months more, Defendant rarely, if ever, offered and sold any of the discounted items on its website and/or in California stores at the reference prices.

Plaintiff would not have purchased the items at the advertised price, or would not have paid as much, had Defendant been truthful. Plaintiff was persuaded to make purchases because of the misleading sale based on false reference prices.

Thus, in sum, Defendant advertises fake and inflated comparison reference prices to deceive customers into a false belief that the sale price is a deeply discounted bargain price. Anyone visiting the website who buys an item on "sale" from a stricken former or regular price is misled

14758887.1.6-8



because that item has not been listed for sale or sold on the website, in the recent past and for a substantial time, at the former price. The same principle applies to purchases in Home Depot's California stores. Yet Defendant's use of inflated reference prices, strikethrough pricing and discounting, and purported limited time sales all lead reasonable consumers to believe the products in fact had been offered on the website (for online purchases) or in California stores (for in-store purchases) at the former and regular price, in the recent past, for a substantial period of time.

Additionally, and in the alternative, reasonable consumers expected the products were valued in the marketplace at the reference prices. Said differently, reasonable consumers interpret Defendant's advertisements to mean that, if they buy now, they will receive a price reduction from the price at which Defendant ordinarily sells its products and a price reduction from the products' market value. But the products were rarely, if ever, sold in the California marketplace at the reference prices, let alone in the recent past and for a substantial period of time.

## II. THE CHALLENGED PRACTICES ARE UNLAWFUL AND CONSUMERS WERE HARMED

The Ninth Circuit has held these practices violate the CLRA in addition to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., and the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.

> In sum, price advertisements matter. . . . we hold that when a consumer purchases merchandise on the basis of false price information, and when the consumer alleges that he would not have made the purchase but for the misrepresentation, he has standing to sue under the UCL and FAL because he has suffered an economic injury.
>
> . . .
>
> The CLRA provides a second, overlapping prohibition on advertising non-existent sales. Specifically, it forbids "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civil Code § 1770(a)(13). In turn, Cal. Civil Code § 1780(a) provides a cause of action to "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770." Cal. Civil Code § 1780(a). The district court's conclusion that Hinojos failed to establish standing under the CLRA because he did not suffer "any damage" is erroneous for the same reasons that its determinations regarding UCL and FAL standing were wrong.

*Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 (9th Cir. 2013).

To be sure, Defendant's products have a value lower than the promised "was," "regular," or "former" price, and as a result, consumers were harmed. As explained above, the reference prices are false and the products rarely, if ever, are offered or sold on the website/in stores at the reference price. Consumers overpaid for the products, and Defendant improperly charged a premium for the products, because Defendant deceptively represented the products as having an inflated former and regular price and being offered at a discount.

14758887.1.7-8



Additionally, Defendant's products not only have a market value lower than the promised regular price, but the value of the products is also lower than the "sale" price. By using false reference pricing and false limited time sales, Defendant artificially drives up demand for the products, and by extension drive up the price of the products. As a result, consumers received a product worth less than the actual price paid. Reasonable consumers, including each Plaintiff and the Proposed Class, would not have paid the prices charged had they known that the products were rarely, if ever, offered for sale by Home Depot on the website/in stores, as applicable, at the reference prices.

An example illustrates the point. Assume a company knows a product will sell in the marketplace at $30. But to increase revenue, the company advertises the product as having a "regular" or "former" price of $100 and being on "sale" for a "limited time" at 60% off (i.e., $60 off). Because consumers value products based on the regular price, and a discount off of that regular price conveys significant savings, the company is able to sell that $30 product for $40.

These allegations also support claims for damages and restitution predicated on breach of contract. Plaintiff and the Proposed Class entered into narrow contracts based only on the advertised prices presented to them on the webpage, shopping cart, and/or order confirmations. The contracts only provided that (1) Plaintiff and class members pay Defendant for the products ordered; (2) Defendant provides Plaintiff and class members with the ordered products that have a former price, and a market value, equal to the regular prices displayed on the webpage, shopping cart, and/or order confirmation; and (3) Defendant provides Plaintiff and class members with the specific discount advertised on the webpage, shopping cart, and/or order confirmations. These were specific and material terms of the contracts. Plaintiff and class members paid Defendant for the products they ordered. Defendant breached the contracts with Plaintiff and class members by failing to provide products that had a regular price and market value equal to the reference price, and by failing to provide the promised discounts. As a direct and proximate result of Defendant's breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial but no less than the difference between the higher advertised reference price and the lower advertised discount price.

* * *

The CLRA at Section 1782 of the California Civil Code provides that the party receiving notice under this section is required to "correct, repair, replace, or otherwise rectify" the goods alleged to be in violation within thirty (30) days after receipt of this letter, and must ensure that appropriate notice by the defendant of this remedial action is made to all consumers in California who purchased the products.

Accordingly, as remedies under the CLRA and for breach of contract, we demand that Defendant:

- Cease and desist from engaging in the foregoing violations of the CLRA immediately. This includes removal of false and misleading reference prices and limited time sales, and the addition of clear, conspicuous, and unavoidable disclosures.

- Refund all California class members the amount of money damages suffered. An appropriate measurement expectation of damages would be the difference between the

14758887.1.8-8



price they paid (i.e. the lower sale price) and the false "regular" price (i.e. the higher strikethrough price).

Class members are also entitled to the price premium based on the challenged conduct—i.e., the difference between the actual price paid and the price purchasers would have paid had the false reference pricing been omitted.

- Provide for all expenses, reasonable attorney fees, and claims administration costs pursuant to California Civil Code sections 1750, et seq.

* * *

If you would like to discuss resolving these violations before litigating this matter, please let us know.

Very truly yours,

*<u>/s/ Alexander E. Wolf</u>*
Alexander E. Wolf