**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

LACEY TIMMINS, KEVIN CULBERTSON, MARIA GONZALEZ, and GRACE CONDON, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

HOME DEPOT U.S.A., INC.,

Defendant.

Civil Action
No. 1:24-CV-01435-VMC

**DEFENDANT HOME DEPOT U.S.A., INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**

# TABLE OF CONTENTS

**Page**

BACKGROUND ....................................................................................2
ARGUMENT ......................................................................................5
A. Plaintiffs Fail to Establish Good Cause ..........................................5
B. Plaintiffs' Motion Is Blatant, Improper Forum Shopping ................11
CONCLUSION ..................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Commc'ns Corp.*,
452 B.R. 484 (Bankr. S.D.N.Y. 2011) .......... 12

*Barron v. Snyder's-Lance, Inc.*,
No. 0:13-CV-62496, 2015 WL 11182066 (S.D. Fla. Mar. 20, 2015) .......... 9

*Carnegie-Mellon University v. Cohill*,
484 U.S. 343 (1988) .......... 12

*Crutchfield Props., LLLP v. Ashgan Prods., LLC*,
No. 4:17-CV-0076-HLM, 2018 WL 6177957 (N.D. Ga. Sept. 28, 2018) .......... 12, 13

*Culbertson v. Home Depot U.S.A., Inc.*,
1:24-cv-2666-VMC (N.D. Ga.) .......... 3

*Diversey, Inc. v. Pops Techs., LLC*,
No. 1:18-CV-04210-AT, 2019 WL 11003292 (N.D. Ga. Nov. 13, 2019) .......... 6, 10, 11

*E.E.O.C. v. Exel Inc.*,
259 F.R.D. 652 (N.D. Ga. 2008) .......... 8, 10, 11

*Ellis Refinance Portfolio, LLC v. NewRez, LLC*,
No. 1:23-CV-01954-VMC, 2025 WL 1167656 (N.D. Ga. Mar. 17, 2025) .......... 5, 8

*Ohio Org. Collaborative v. Husted*,
No. 2:15-CV-1802, 2015 WL 13022591 (S.D. Ohio Sept. 2, 2015) .......... 12

*Roberson v. BancorpSouth Bank, Inc.*,
No. 1:12-CV-00669, 2013 WL 4870839 (S.D. Ala. Sept. 12, 2013) .......... 11

*Romero v. Drummond Co.*,
552 F.3d 1303 (11th Cir. 2008) .......... 9

*S. Grouts & Mortars, Inc. v. 3M Co.*,
575 F.3d 1235 (11th Cir. 2009) ....................................................................10

*Simmons v. Ford Motor Co.*,
592 F. Supp. 3d 1262 (S.D. Fla. 2022).............................................................9

*Smith v. School Bd. of Orange Cnty.*,
487 F.3d 1361 (11th Cir. 2007) ...................................................................7, 8

*Sosa v. Airprint Sys., Inc.*,
133 F.3d 1417 (11th Cir. 1998) ................................................................6, 7, 8

*Sutherland v. Butts Cnty., Ga.*,
No. 1:23-CV-01829-VMC, 2026 WL 1847487 (N.D. Ga. Jan. 5, 2026) ..........................................................................................7

*Timmins v. The Home Depot U.S.A., Inc.*,
2:24-cv-1141-TLN-CSK (E.D. Cal.) ...........................................................3, 14

*Tran v. Tran*,
No. 6:23-CV-01528, 2024 WL 4710231 (M.D. Fla. Nov. 7, 2024) ..................10

*United States ex rel. Olhausen v. Arriva Medical, LLC*,
511 F. Supp. 3d 1278 (S.D. Fla. 2021).......................................................12, 13

**Statutes**

CAL. CIV. CODE § 1782(a)..................................................................................10

**Other Authorities**

Federal Rule of Civil Procedure 16 .............................................................*passim*

Plaintiffs and their counsel have known about Home Depot's private label and exclusive products for years.[1] But they waited until September 11, 2026—the day of the deadline for adding parties or amending the pleadings—to move for a two-month extension to allow them to add plaintiffs who purchased Home Depot's private label or "exclusive" brand products. Motion, Dkt. 62 ¶¶ 3, 10. They claim that adding these plaintiffs will help oppose a defense—raised in Home Depot's May 14, 2026 Answer—that "the existing Plaintiffs do not have standing to represent consumers purchasing Defendant's exclusive products." *Id.* ¶ 12 (citing Answer, Dkt. 56 at 110). Though standing is an issue raised in defense of many class actions and should have come as no surprise to Plaintiffs, even if, as they claim, Plaintiffs first learned of a potential standing argument in the Answer, they did not move to add parties or seek an extension for more than three months. Because Plaintiffs fail to show they exercised sufficient diligence, their Motion should be denied for lack of good cause under Federal Rule of Civil Procedure 16.

Worse, Plaintiffs ask the Court to bless their improper efforts to forum shop. Plaintiffs admit that they need a multi-month extension so the new plaintiffs can "initiate a new lawsuit in California state court" to attempt to "preserve California's

---

[1] *See* July 8, 2024 Am. Compl., Dkt. 28 ¶¶ 37–38 (alleging that Home Depot uses reference prices for "products sold exclusively at Home Depot"); February 21, 2025 Consolidated Class Action Compl., Dkt. 40 ¶¶ 36–37 (alleging that "many of Defendant's products are sold exclusively by Defendant").

choice of law rules," which purportedly will "allow[] the new plaintiffs to bring their claims under substantive California law, as opposed to Georgia law." *Id.* ¶¶ 7–8. Such blatant forum shopping provides another basis for denying the Motion.

Had Plaintiffs sought additional time—not to forum shop—but to add parties according to the schedule set by this Court, Home Depot may have agreed notwithstanding Plaintiffs' lack of diligence. Instead, Plaintiffs came to Home Depot the day before filing their motion and asked Home Depot to agree to an extension (and amendment) that would allow new plaintiffs to attempt to circumvent not only this Court's schedule but the choice-of-law rules of this state and the choice-of-law provisions to which they agreed at the time of purchase. As a matter of procedure and principle, Home Depot cannot agree to such a request.

Nevertheless, Home Depot remains open to considering a request to add parties directly to this case.[2]

## BACKGROUND

In this action, Plaintiffs challenge Home Depot's use of reference or strikethrough prices. On April 4, 2024, Plaintiffs Eric Berger and Jason Londrigan filed a Class Action Complaint. Dkt. 1. After Home Depot moved to dismiss on various grounds including that Berger and Londrigan failed to adequately allege

[2] Plaintiffs have not provided a draft amended complaint for Home Depot's consideration, which would be necessary for any potential agreement.

whether the products they purchased were exclusive to Home Depot, Dkt. 24-1 at 8–9, Berger and Londrigan filed an amended complaint on July 8, 2024, Dkt. 28. The new allegations included statements that "Home Depot sold numerous exclusive products to its customers on the basis of deceptive strikethrough prices throughout the relevant period." *Id.* ¶¶ 37–38.

After the Court consolidated two other actions with this case,[3] Plaintiffs Berger, Londrigan, Timmins, Culbertson, Gonzalez, and Condon filed a Consolidated Class Action Complaint on February 21, 2025, challenging Home Depot's use of reference prices for both exclusive and non-exclusive products, Dkt. 40 ¶¶ 36–37, even though Plaintiffs themselves allegedly purchased only non-exclusive products, *see id*. ¶¶ 38, 44, 50, 59, 69, 78. Home Depot moved to dismiss the Consolidated Complaint on April 4, 2025, and addressed claims concerning exclusive and non-exclusive products. Dkt. 43.

On March 31, 2026, this Court granted in part and denied in part Home Depot's motion—dismissing Plaintiffs' nationwide claims under the FBPA and allowing the California claims to proceed. Dkt. 50. In doing so, the Order noted Plaintiffs' allegations that "Home Depot offers exclusive products for sale" and that

[3] Those cases are *Timmins v. The Home Depot U.S.A., Inc.*, 2:24-cv-1141-TLN-CSK (E.D. Cal.) and *Culbertson v. Home Depot U.S.A., Inc.*, 1:24-cv-2666-VMC (N.D. Ga.). The U.S. District Court for the Eastern District of California transferred *Timmins* to this Court, and on December 13, 2024, this Court consolidated *Culbertson* and *Timmins* with this action. Dkt. 36.

"Home Depot applied the same price scheme to the exclusive products" as it did to non-exclusive products. *Id.* at 4–5 & n.3. The Court also applied Georgia choice-of-law rules in addressing issues relating to the claims of Culbertson and Gonzalez. *Id.* at 26–27.

On May 14, 2026, Home Depot filed its Answer. Dkt. 55. In it, Home Depot admitted that "Glacier Bay, Husky, Hampton Bay, Everbilt, Defiant, LifeProof, and HDX are Home Depot private label brands and that there are some products sold exclusively to Home Depot." *Id.* ¶ 36. Further, in its affirmative defenses, Home Depot stated that, "Plaintiffs and members of the putative classes lack standing to pursue claims for which they did not personally suffer injury-in-fact, including claims relating to products they did not purchase, stores in which they did not make purchases, and statutes under which they suffered no cognizable injury." *Id.* at 110.

Also on May 14, 2026, the Parties submitted a Joint Preliminary Report and Discovery Plan. Dkt. 56. The Parties jointly proposed September 11, 2026 (120 days after fact discovery began), as the deadline to add additional parties and/or amend pleadings. *Id.* at 9. The Court entered the Scheduling Order on May 21, 2026, which included this September 11, 2026 deadline. Dkt. 57, Ex. A.

On September 10, 2026, Plaintiffs' counsel notified Home Depot that they would seek to modify the Scheduling Order to provide an opportunity to add additional plaintiffs making claims under California law. On the evening of

September 11, 2026, Plaintiffs moved to modify the Scheduling Order, requesting that the Court extend the amendment deadline to November 10, 2026. Motion ¶ 10. Plaintiffs need the additional time to add new "plaintiffs whose purchases correspond more completely to the scope of the putative class" (*i.e.*, new plaintiffs who purchased products purportedly exclusive to Home Depot), *id.* ¶ 2, to "help oppose any argument that the existing Plaintiffs do not have standing to represent consumers purchasing Defendant's exclusive products," *id.* ¶ 12.

Rather than add the new plaintiffs directly to this case, Plaintiffs intend to first file new lawsuits in California state court in an attempt to "preserve California's choice of law rules which, in turn, allows the new plaintiffs to bring their claims under substantive California law, as opposed to Georgia law." *Id.* ¶¶ 7–8.

## ARGUMENT

The Court should deny the Motion because Plaintiffs fail to establish good cause to modify the Scheduling Order under Federal Rule of Civil Procedure 16. Additionally, the Motion should be denied as blatant, improper forum shopping to support an argument that California choice-of-law rules should apply to the new plaintiffs' claims.

### A. Plaintiffs Fail to Establish Good Cause

Rule 16 requires district courts to enter a scheduling order that limits the time to join other parties and amend the pleadings. *Ellis Refinance Portfolio, LLC v.*

*NewRez, LLC*, No. 1:23-CV-01954-VMC, 2025 WL 1167656, at *4 (N.D. Ga. Mar. 17, 2025) (citing Fed. R. Civ. P. 16(b), (e)). A scheduling order "control[s] the subsequent course of the action unless modified by a subsequent order." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citation omitted). After a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The standard for good cause under Rule 16 is a strict one in order to ensure 'the orderly, efficient passage of lawsuits through the federal courts by requiring that the Federal Rules of Civil Procedure be followed, that the parties adhere to Scheduling Orders, and that parties act diligently to safeguard their rights and advance their positions.'" *Diversey, Inc. v. Pops Techs., LLC*, No. 1:18-CV-04210-AT, 2019 WL 11003292, at *5 (N.D. Ga. Nov. 13, 2019) (quoting *E.E.O.C. v. Exel Inc.*, 259 F.R.D. 652, 654 (N.D. Ga. 2008)).

Good cause exists only if the deadline set forth in the Scheduling Order could not have been "met despite the diligence of [Plaintiffs]." *Sosa*, 133 F.3d at 1418 (citation omitted). To determine if a plaintiff acted diligently under the Rule 16 good cause standard, courts in this Circuit consider three factors:

> (1) whether the party seeking amendment failed to ascertain facts prior to filing the pleading and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the party seeking amendment; and (3) even after acquiring the information, whether the party seeking amendment was delayed in asking for amendment.

*Sutherland v. Butts Cnty., Ga.*, No. 1:23-CV-01829-VMC, 2026 WL 1847487, at *3 (N.D. Ga. Jan. 5, 2026) (citing *Interstate Nat'l Dealer Servs., Inc. v. U.S. Auto Warranty, LLC*, No. 1:12-CV-02465-RWS, 2015 WL 13273318, at *8 (N.D. Ga. Dec. 11, 2015)); *see Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir. 2007); *Sosa*, 133 F.3d at 1419. "If a party was not diligent, the good cause inquiry should end." *Sosa*, 133 F.3d at 1418 (cleaned up).

Here, Plaintiffs have not carried their burden of establishing good cause. Despite acknowledging that Rule 16(b)(4)'s good-cause standard turns on their diligence, *see* Motion ¶ 11, Plaintiffs do not address the governing diligence factors, *see Sutherland*, 2026 WL 1847487, at *3. When these factors are applied, they make clear that Plaintiffs' Motion should be denied.

*First*, the information supporting Plaintiffs' Motion was available to Plaintiffs before they filed suit, before they filed the first amended complaint, and before they filed the Consolidated Class Action Complaint. Home Depot identifies private-label brands and exclusive product offerings on its website (where all Plaintiffs allegedly purchased their products), among other locations.[4] Moreover, Berger and Londrigan

[4] For example, the bottom of HomeDepot.com homepage identifies Home Depot's private labels and invites customers to "Shop Our Brands." *See, e.g.*, Archived Copy of April 3, 2024 HomeDepot.com homepage, available at https://web.archive.org/web/20240403062245/https://www.homedepot.com. Various product listings and department pages also prominently mark "exclusive" third-party products and brands sold by Home Depot. *See, e.g.*, Archived Copy of March 19, 2024 HomeDepot.com power tools department page, available at

alleged in their July 8, 2024 Amended Complaint that "Home Depot sold numerous exclusive products to its customers on the basis of deceptive strikethrough prices throughout the relevant period," including "products offered under the brand names Glacier Bay, Ryobi, Husky, Hampton Bay, Everbilt, Defiant, LifeProof, and HDX." *See* Dkt. 28 ¶ 37; *see also id.* ¶ 38 ("To take but one example, Home Depot's website lists an American Standard toilet with a *prominent notice* that this product is 'Exclusive' to Home Depot." (emphasis added, footnote omitted)). The February 21, 2025 Consolidated Class Action Complaint repeats these allegations right before alleging Plaintiffs' purchases of non-exclusive products. *See* Dkt. 40 ¶¶ 36–37.

Plaintiffs' failure to account for why they did not add named plaintiffs who purchased exclusive products in any of the complaints filed during the two-and-a-half years of this litigation dooms their Motion. *See Ellis Refinance*, 2025 WL 1167656, at *5; *see also Smith*, 487 F.3d at 1367 (contention that discovery produced new facts did not establish good cause where movant failed to demonstrate "why those facts previously were undiscoverable"); *Sosa*, 133 F.3d at 1419 (finding lack of diligence where "the information supporting the proposed amendment to the complaint was available to [Plaintiff] even before she filed suit"); *Exel*, 259 F.R.D.

---

https://web.archive.org/web/20240319035522/https://www.homedepot.com/b/Tools/N-5yc1vZc1xy (labeling Ryobi, Milwaukee, and RIDGID as "EXCLUSIVE" Home Depot offerings in the section advertising "Top Brands").

at 654 (finding no good cause where plaintiffs "should have been aware . . . of the fact underlying" the requested modification).

Likewise, the need to have "named plaintiffs whose purchases correspond . . . to the scope of the putative class," Motion ¶ 2, and to rebut arguments that Plaintiffs lack standing to bring claims related to products they did not purchase, *id.* ¶¶ 4, 12, are not novel, unforeseeable legal considerations. *See Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) (finding no good cause where "plaintiffs were not diligent in ascertaining the law before filing and twice amending their complaint"). Instead, these basic legal theories are at issue in every consumer class action. As Plaintiffs' Motion acknowledges, confirming a plaintiff's standing to represent absent class members who purchased different products is a precertification requirement and, thus, a commonly litigated issue. *See* Motion ¶ 4 (collecting cases). Indeed, standing issues often prevent class certification. *See, e.g.*, *Simmons v. Ford Motor Co.*, 592 F. Supp. 3d 1262, 1280 (S.D. Fla. 2022); *Barron v. Snyder's-Lance, Inc.*, No. 0:13-CV-62496, 2015 WL 11182066, at *17 (S.D. Fla. Mar. 20, 2015).

*Second*, even assuming, *arguendo*, that Home Depot's May 14, 2026 Answer was the first time Plaintiffs could have discovered that Home Depot may pursue standing arguments, *see* Motion ¶ 4, Plaintiffs provide no explanation why they waited more than three months before taking steps to amend the complaint. Such an

unexplained lengthy delay is alone enough to deny Plaintiffs' Motion. *See, e.g.*, *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (holding plaintiff did not act diligently by filing motion to amend based on information it learned a month earlier); *Exel*, 259 F.R.D. at 655 (holding two-month delay between when plaintiff discovered new information and filing of motion to amend showed lack of diligence); *Diversey*, 2019 WL 11003292, at *4 (holding four-month delay between discovery of new information and filing motion to amend showed lack of diligence).

Plaintiffs' prolonged delay is particularly striking here given counsel's knowledge of the CLRA's 30-day pre-suit notice requirement, *see* CAL. CIV. CODE § 1782(a), and their desire to have any new plaintiffs initiate their suits in California state court. Had Plaintiffs been reasonably diligent, they would have filed their Motion shortly after receiving Home Depot's Answer to give themselves sufficient time to identify new plaintiffs, provide notice of their CLRA claims, and complete the multi-step amendment process they seek.[5] Instead, they sat on their rights and inexplicably filed their Motion on the day of the deadline. *See Tran v. Tran*, No. 6:23-CV-01528, 2024 WL 4710231, at *2 (M.D. Fla. Nov. 7, 2024) (finding no good cause where plaintiffs "provide[d] no explanation as to why they waited until the

[5] Even if their timing was appropriately diligent, Plaintiffs' attempt to avoid Georgia choice-of-law rules still would be improper.

day of the deadline to request the extension"); *Diversey*, 2019 WL 11003292, at *4 ("[O]nce the deadline to file a motion to amend was approaching . . . a reasonably diligent plaintiff in [the plaintiff's] shoes would have immediately moved for an extension of the deadline to amend"). Because Plaintiffs unduly delayed in seeking to modify the scheduling order in order to amend the complaint, their Motion should be denied.

*Finally*, Plaintiffs argue that extending the deadline to amend the pleadings and/or add parties will not prejudice Home Depot, but that failing to do so will prejudice the putative class. *See* Motion ¶ 12. Plaintiffs' discussion of prejudice is misplaced. Rule 16's good-cause inquiry "does not turn on issues of prejudice." *Exel*, 259 F.R.D. at 654. "The issue is the integrity of the court's scheduling orders and pretrial deadlines, not the risk of harm to opposing parties." *Id.*; *see also Roberson v. BancorpSouth Bank, Inc.*, No. 1:12-CV-00669, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry."). Thus, the argument that Plaintiffs would be prejudiced by the denial of their Motion is irrelevant and cannot establish good cause.

**B. Plaintiffs' Motion Is Blatant, Improper Forum Shopping**

The Motion also fails for an additional reason: it is a transparent attempt to secure different choice-of-law rules through forum shopping. Courts "have discretion to refuse to amend the Scheduling Order" regardless of good cause.

*Crutchfield Props., LLLP v. Ashgan Prods., LLC*, No. 4:17-CV-0076-HLM, 2018 WL 6177957, at *3 n.4 (N.D. Ga. Sept. 28, 2018). Exercising this discretion is appropriate when the reason for the requested modification is "a tactical choice." *United States ex rel. Olhausen v. Arriva Medical, LLC*, 511 F. Supp. 3d 1278, 1283 (S.D. Fla. 2021); *see also In re Adelphia Commc'ns Corp.*, 452 B.R. 484, 498 (Bankr. S.D.N.Y. 2011) (denying modification where "[t]he sole reason for noncompliance with [the court's] scheduling orders was a tactical choice—and an offensive one, at that").

The Supreme Court has likewise cautioned that courts must "guard against forum manipulation." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988). The appearance of forum shopping therefore can warrant the denial of a motion to modify a scheduling order. *See Ohio Org. Collaborative v. Husted*, No. 2:15-CV-1802, 2015 WL 13022591, at *6–7 (S.D. Ohio Sept. 2, 2015) (declining to modify a scheduling order where plaintiffs attempted to avoid an expedited court schedule by withdrawing certain claims and a party to instead pursue them in a parallel action prosecuted by the same counsel).

If Plaintiffs' goal was merely to add plaintiffs to fend off Home Depot's anticipated defenses, they could have easily moved to add parties in *this* action, in compliance with this Court's Scheduling Order. Had they done so, the new plaintiffs' claims would join Culbertson's and Gonzalez's in being governed by

Georgia choice-of-law rules. *See* Dkt. 50 at 26–27. Instead, Plaintiffs' counsel intends to file a separate lawsuit in California state court, in hopes of securing application of California choice-of-law rules after an anticipated transfer to this Court. *See* Motion ¶¶ 7–8 (arguing that the new plaintiffs will file lawsuit in California to "preserve California's choice of law rules which, in turn, allows the new plaintiffs to bring their claims under substantive California law, as opposed to Georgia law"). Thus, Plaintiffs' Motion is blatant forum shopping aimed at attempting to avoid the Georgia choice-of-law provisions to which they agreed when they made their purchases. *See* Dkt. 50 at 26–27. For this additional reason, the Court should deny the Motion. *Olhausen*, 511 F. Supp. 3d at 1283; *Crutchfield*, 2018 WL 6177957, at *3 n.4.

**CONCLUSION**

In sum, Plaintiffs have failed to demonstrate good cause, and their Motion is a transparent, improper attempt to use forum shopping to secure different choice-of-law rules for their claims. The Court should therefore deny Plaintiffs' Motion and decline to modify the deadline for adding additional parties and/or amending pleadings.

Respectfully submitted, this 25th day of September, 2026.

/s/ *Lindsey B. Mann*
Lindsey B. Mann (GA Bar No. 431819)
lindsey.mann@troutman.com
W. Alex Smith (GA Bar No. 532647)
alex.smith@troutman.com
Samuel D. Lack (GA Bar No. 749769)
samuel.lack@troutman.com

**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St., N.E., Suite 3000
Atlanta, Georgia 30308
T: 404.885.3000
F: 404.885.3900

Matthew A. Macdonald, *pro hac vice*
matthew.macdonald@wsgr.com
Matthew K. Donohue, *pro hac vice*
mdonohue@wsgr.com

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
953 East 3rd Street, Suite 100
Los Angeles, CA 90013
T: 323.210.2900
F: 323.210.7329

William P. Barnette (GA Bar No. 359833)
wbarnette@kslaw.com
Matthew J. Washnock (GA Bar No. 272621)
mwashnock@kslaw.com

**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
T: 404.572.4600
F: 404.572.5100

***Counsel for Defendant Home Depot U.S.A., Inc.***

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, as permitted by Local Rule 5.1.

This 25th day of September, 2026.

/s/ *Lindsey B. Mann*

Lindsey B. Mann
GA Bar No. 431819
lindsey.mann@troutman.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this 25th day of September, 2026, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically serve notification of such filing to all counsel of record.

/s/ *Lindsey B. Mann*
Lindsey B. Mann
GA Bar No. 431819
lindsey.mann@troutman.com