**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| LACEY TIMMINS, KEVIN CULBERTSON, MARIA GONZALEZ, and GRACE CONDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:24-cv-01435-VMC |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER**

# TABLE OF CONTENTS


**I.** INTRODUCTION. ........................................................................... 1

**II.** ARGUMENT. ........................................................................... 3

A. Plaintiffs Diligently Request a Brief Extension of Scheduling Order........................................................................... 3

B. Home Depot's "Forum Shopping" Objection is Nonsensical............ 10

**III.** CONCLUSION........................................................................... 14

# TABLE OF AUTHORITIES

**Case** **Page(s)**

*Allstate Ins. Co. v. Regions Bank, No. CIV.A. 14-0067-WS-C*,
2014 WL 4162264 (S.D. Ala. Aug. 19, 2014) .............................................. 7-8

*America Online, Inc. v. Superior Court*,
90 Cal. App. 4th 1 (2001) .............................................................................. 12

*Bayol v. Zipcar, Inc., No. 14–CV–02483–THE*,
2014 WL 4793935 (N.D. Cal. Sept. 25, 2014) ......................................... 11, 12

*Carnegie-Mellon University v. Cohill*,
484 U.S. 343 (1988) ...................................................................................... 14

*Carter v. Forjas Taurus, S.A.*,
701 F. App'x 759 (11th Cir. 2017) ................................................................. 9

*Chester v. TJX Companies, Inc., No. 5:15-CV-01437-ODW*
2016 WL 4414768 (C.D. Cal. Aug. 18, 2016) .............................................. 8-9

*China Agritech v. Michael H. Resh*,
584 U.S. 732 (2018) ...................................................................................... 14

*Cook v. Matrix Absence Mgmt., Inc.*,
737 F. Supp. 3d 885 (N.D. Cal. 2024) ........................................................... 13

*Dondi Props. Corp. v. Com. Sav. & Loan Ass'n*,
121 F.R.D. 284 (N.D. Tex. 1988) ..................................................................... 1

*Ellis Refinance Portfolio, LLC v. NewRez, LLC,*
2025 WL 1167656 (N.D. Ga. Mar. 17, 2025) .................................................. 9

*Harrison v. Forde*,
594 F. Supp. 3d 1291 (S.D. Ala. 2022) ........................................................ 3, 8

*In re Gen. Motors LLC Ignition Switch Litig.*,
2017 WL 5504531 (S.D.N.Y. Nov. 15, 2017) .................................................. 7

**Case** **Page(s)**

*Kate Chiplinsky v. Home Depot U.S.A. Inc.*,
2026 WL 2905126 (C.D. Cal. Apr. 08, 2026) .............................................. 10

*Krause-Pettai v. Unilever United States, Inc.*,
2022 WL 2318689 (S.D. Cal. June 28, 2022) ......................................... 5, 6-7

*Lloyd v. Navy Fed. Cred. Union*,
2018 WL 1757609 (S.D. Cal. Apr. 12, 2018) ............................................... 11

*Miller v. Ford Motor Co.*,
2025 WL 3751804 (E.D. Cal. Dec. 29, 2025) ................................................. 6

*Moore v. Mars Petcare US, Inc.*,
966 F.3d 1007 (9th Cir. 2020) .........................................................................9

*Nachison v. Am. Airlines, Inc.*,
2024 WL 3153216 (N.D. Cal. June 24, 2024) ........................................... 2, 10

*Rice-Sherman v. Big Heart Pet Brands, Inc.*,
2020 WL 5893444 (N.D. Cal. Oct. 5, 2020) .................................................... 7

*Romero v. Drummond Co.*,
552 F.3d 1303 (11th Cir. 2008) .................................................................. 8-9

*Ruiz v. Bradford Exch., Ltd.*,
153 F.4th 907 (9th Cir. 2025) ........................................................................ 13

*Scott v. Airstream, Inc.*,
715 F. Supp. 3d 1295 (S.D. Cal. 2024) ......................................................... 12

*Seneca Ins. Co. v. Strange Land, Inc.*,
862 F.3d 835 (9th Cir. 2017) ......................................................................... 10

*Sosa v. Airprint Sys., Inc.*,
133 F.3d 1417 (11th Cir. 1998) ................................................................. 3, 4

**Case** **Page(s)**

*Sutherland v. Butts Cnty., Georgia, No. 1:23-CV-01829-VMC*,
2026 WL 1847487 (N.D. Ga. Jan. 5, 2026) ..................................................... 6

*Vivendi SA v. T-Mobile USA Inc.*,
586 F.3d 689 (9th Cir. 2009) ......................................................................... 10

*Vrugtman v. It's Just Lunch Int'l LLC,*
2021 WL 4979443 (C.D. Cal. Sept. 24, 2021) ................................................ 11

**Rules** **Page(s)**

Fed. R. Civ. P. 16 ................................................................................... 3, 7, 8

**Statutes** **Page(s)**

Cal. Civ. Code § 1751 ........................................................................... 11

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

Home Depot objects to what should be a routine unopposed extension to efficiently manage this complex litigation. Brief but reasonable extensions are a commonplace aspect of class action practice, particularly in the early stages of litigation, and are often jointly requested or unopposed as a professional courtesy. Indeed, in this case, Plaintiffs granted Home Depot's request for an extra 45 days to respond to written discovery without issue. And after Home Depot's motion to dismiss was denied in part, Home Depot filed a consent motion seeking an additional 30 days to prepare its Answer. Doc. 51. *See Dondi Props. Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 287 (N.D. Tex. 1988) ("courtesy and cooperation" are "necessary for the efficient administration of our system of justice and the respect of the public it serves.")

But the issue goes beyond courtesy given the nature of class action litigation, where previously unknown absent class members may appropriately seek to pursue their own claims in a separate action, and where coordination of later-filed actions avoids expending multiplicities of resources for the parties and courts.

Plaintiffs requested a 60-day extension of the deadline to add parties and amend pleadings. Plaintiffs explained that, to preserve their California law claims, a new action was being initiated in California state court, by different California

residents, on behalf of a California-only putative class, and that the new plaintiffs would stipulate to transfer and consolidation with the instant case under the terms Home Depot once proposed. Indeed, in *Timmins v. Home Depot USA, Inc.*, Case No. 2:24-cv-01141 (E.D. Cal.), which was transferred to this Court and consolidated in this action, the parties stipulated to transfer and that California's choice-of-law rules would apply.

Plaintiffs also explained that, given the potential for such a stipulated transfer and consolidation, counsel is submitting this requested extension to alert the Court to these developments, avoid inefficiencies in this case, and to the otherwise protect the interests of the existing putative class here.[1]

Home Depot responds with warrantless and needless accusations and a selective history. Worse, Home Depot charges plaintiffs in the newly filed California action (who are strangers to this case) of "blatant forum shopping"—reflecting a fundamental misunderstanding of the concept. "That California residents who suffered harm in California would choose to bring suit in California is *not indicative of forum shopping*." *Nachison v. Am. Airlines, Inc.*, 2024 WL 3153216, at *3 (N.D. Cal. June 24, 2024) (emphasis added). More obviously, the new plaintiffs are not

[1] The 60-day extension only provides enough time for a stipulated transfer. Home Depot's motion is silent on whether it wishes to transfer the new California action to this District.

seeking to avoid the forum where their counsel filed this Motion to add them to the proceedings here (while preserving their substantive rights).

Setting aside Home Depot's hyperbole, there is good cause to permit the minor amendment proposed. Plaintiffs requested a brief extension in the spirit of transparency even though the extension is unnecessary. The record also shows that Plaintiffs were diligent and that Home Depot will not be prejudiced, let alone materially. Thus, consistent with the applicable Rule 16 standards, the Court should grant Plaintiffs' Motion.

## II. ARGUMENT.

### A. Plaintiffs Diligently Request a Brief Extension of Scheduling Order

A scheduling order may be modified for good cause, a standard that "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation omitted). What constitutes diligence "depends on the circumstances." *Harrison v. Forde*, 594 F. Supp. 3d 1291, 1301 (S.D. Ala. 2022). Courts assess diligence by asking whether the movant failed to ascertain the facts before pleading, whether the information supporting the amendment was available to the movant, and whether the movant delayed after acquiring that information. *Sosa*, 133 F.3d at 1419. Each consideration confirms Plaintiffs acted diligently here.

As explained in the Motion, there are a number of Home Depot private label brands and there are some products sold exclusively by Home Depot which are subject to the deceptive discounting practice alleged in the Complaint. However, the purchases identified by the existing Plaintiffs are of GE-branded products, which do not correspond with the alleged Home Depot private label or "exclusive" brands. Mot. at 2. Home Depot's Answer was filed on May 14, 2026. Doc. 55. Therein, Home Depot asserts a defense of lack of standing for "claims related to products they did not purchase." *Id.* (Fifteenth Defense).

Just over three months later (on August 19, August 21, and August 26, 2026), one of Plaintiffs' counsel's firms was retained by three California consumers who purchased Home Depot's exclusive-brand products from Home Depot allegedly subject to deceptive and unlawful discounting practices, among other products. Mot. at 3. Plaintiffs' counsel were not aware of these consumers or their applicable purchases until August 2026. *Id.* The three consumers will initiate a new lawsuit in California state court alleging California statutory claims pertaining in part to Home Depot's exclusive products. *Id.*

Of note, one of the California Plaintiffs in this action, Ms. Timmins, initially filed her complaint in the Eastern District of California. *Timmins v. Home Depot USA, Inc.*, Case No. 2:24-cv-01141 (E.D. Cal.). That action was transferred to this District by stipulation and subsequently consolidated with the instant action.

Against this backdrop and the general case posture, Plaintiffs anticipated that Home Depot would agree to the same stipulated transfer in the newly filed California action where California choice of law rules would consistently apply. Given this history, Plaintiffs made that proposal to Home Depot. Mot. at 5. Further, fact discovery does not close until July 17, 2027 and Plaintiffs' Motion for Class Certification is not due until March 10, 2028. Doc. 57. There can be no prejudice to Home Depot at this early stage.

Moreover, transfer or consolidation of a newly filed action does not implicate the deadline to add or remove parties under an applicable scheduling order in a separate action brought by different consumers. The new plaintiffs have a right to proceed in their own action regardless of whether or not leave is granted to add them here. *See Krause-Pettai v. Unilever United States, Inc.*, No. 20-CV-1672-LL-BLM, 2022 WL 2318689, at *3 (S.D. Cal. June 28, 2022) (in a class action, noting that "failing to allow substitution of the two new parties at this point would merely require the filing of a new case"). Nevertheless, Plaintiffs proactively requested the brief extension "in an abundance of caution" and "in the spirit of transparency." Mot. at 5.

In response, Home Depot argues that the three months between Home Depot's Answer and the instant Motion is an "unexplained lengthy delay" and "particularly striking." Opp. at 10. But the explanation was given in the Motion—Home Depot

first asserted its lack of standing defense in its Answer; the three new California consumers were retained in August 2026; Plaintiffs' counsel were not aware of these three consumers or their purchases until August 2026; California Consumer Legal Remedies Act ("CLRA") notice letters were promptly sent on August 25, 2026 and August 31, 2026 (within days of retention); and the Motion was promptly filed on September 11, 2026.

This is reasonable diligence. *See Sutherland v. Butts Cnty., Georgia*, No. 1:23-CV-01829-VMC, 2026 WL 1847487, at *5 (N.D. Ga. Jan. 5, 2026) (Calvert, J.) (granting motion to amend scheduling order and collecting cases finding good cause despite delays of eight, four, and two months). The timing of Plaintiffs' Motion is not for lack of diligence, particularly given the time and effort needed to confer with and retain class representatives. *See, e.g., Miller v. Ford Motor Co.*, No. 2:20-CV-01796-DAD-CKD, 2025 WL 3751804, at *2 (E.D. Cal. Dec. 29, 2025) (finding "the approximately seven month delay between identifying the need for a substitute named plaintiff to the filing of this motion" does not indicate a "lack of diligence"); *Krause-Pettai v. Unilever United States, Inc.*, No. 20-CV-01672-LL-BLM, 2022 WL 2318689, at *2 (S.D. Cal. June 28, 2022) ("Defendant argues that Plaintiffs waited nearly three months from the time when Plaintiffs' counsel concluded that a substitution might be necessary in this action to seek leave to amend. While this delay is relevant, the time . . . seems reasonable considering the time required to

identify, investigate, and interview absent class members to find a suitable candidate."). "Although an earlier-filed motion could have saved a month or two in time, that does not necessarily amount to the 'lack of diligence' courts usually observe in denying motion for leave under Rule 16." *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-CV-03613-WHO, 2020 WL 5893444, at *3 (N.D. Cal. Oct. 5, 2020) (finding plaintiffs' counsel had acted diligently despite waiting four months after the loss of contact with the named plaintiffs before filing a motion to substitute those plaintiffs).

Home Depot's contrary argument rests on a conflation. That Plaintiffs long alleged Home Depot deceptively discounts its "exclusive" products says nothing about when Plaintiffs could have added named representatives who *purchased* those products. The information that mattered was not the abstract existence of exclusive products; it was the existence of identifiable California consumers who bought them, were willing to serve as class representatives, and had satisfied the CLRA's pre-suit notice requirement. That information and prerequisites did not exist until those consumers retained counsel in August 2026. *See In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2017 WL 5504531, at *2 (S.D.N.Y. Nov. 15, 2017) ("what Plaintiffs had to 'know' was not only that there were new potential Plaintiffs, but also that there was need to fill a class representative gap").

"[N]ewly discovered evidence can supply the necessary good cause under

Rule 16(b)(4)." *Allstate Ins. Co. v. Regions Bank*, No. CIV.A. 14-0067-WS-C, 2014 WL 4162264, at *4 (S.D. Ala. Aug. 19, 2014). A defendant cannot defeat good cause merely by showing the movant was aware of the general subject; where the enabling facts are "not simply cumulative of what [the movant] already knew," they establish good cause even if the movant knew of the underlying subject earlier. *Id.* at *5. Rule 16(b)(4) "does not impose a leave-no-stone-unturned prerequisite for relief." *Id.* Plaintiffs have exercised reasonable diligence in seeking additional time to add the newly-retained individuals.

Home Depot's suggestion that Plaintiffs should have anticipated Home Depot's defense and apparently moved to amend the complaint before Home Depot filed its Answer misstates the law. Opp. at 7. A plaintiff "need not anticipate and negate affirmative defenses" and need not address the issue "until and unless the defendant properly raises the defense." *Harrison*, 594 F. Supp. 3d at 1301. Especially here, given the tenuous nature of Home Depot's defense.[2] Plaintiffs' obligation to

---

[2] As one court explained in a false discounting class action:

> Plaintiffs here challenge the "Compare At" price labeling, which remains consistent across items in each of Defendants' stores, regardless of its placement in the home goods, shoe, or men's clothing departments. To say that Plaintiff Chester only has standing to sue on behalf others who purchased a Jessica Simpson handbag in a TJ Maxx store—and only a Jessica Simpson handbag—is to make a mockery of the false advertising class action itself and, based on such logic, a clear way to burden an already overburdened judicial system. No court

act diligently arose only when Home Depot asserted its standing defense in its May 14, 2026 Answer; measured from that triggering event, Plaintiffs acted promptly. Because of this posture, Home Depot's cited cases are distinguishable. *E.g.*, *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) (no diligence where plaintiffs waited to seek to add claims under Colombian law "literally on the eve of trial" even though "[f]or 115 years, the principle of lex loci delicti has governed [tort] cases . . . in Alabama courts" and plaintiffs had amended complaint twice); *Ellis Refinance Portfolio, LLC v. NewRez, LLC*, No. 1:23-CV-01954-VMC, 2025 WL 1167656, at *5 (N.D. Ga. Mar. 17, 2025) (no diligence where facts were known without discovery and where plaintiff sought to amend after close of discovery period).

In short, given Plaintiffs' diligence, the early stage of this case, and the lack of prejudice, good cause exists to extend the single deadline.

---

> wishes to become a pit of despair, whereby it must adjudicate a claim for each individual item on a TJ Maxx shelf in order to rectify an alleged UCL, FAL, or CLRA violation.

*Chester v. TJX Companies, Inc.*, No. 5:15-CV-01437-ODW (DTB), 2016 WL 4414768, at *7 (C.D. Cal. Aug. 18, 2016); *see also Carter v. Forjas Taurus*, S.A., 701 F. App'x 759, 765 (11th Cir. 2017) (affirming certification of class for settlement purposes when named plaintiff only bought one of the nine class guns that allegedly contained same defect); *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1021 n.13 (9th Cir. 2020) (rejecting argument that plaintiffs had "not purchased every single type of prescription pet food available from Hill's or Mars" because their challenge is to "the common scheme of the prescription requirement and prescription-based advertising").

### B. Home Depot's "Forum Shopping" Objection is Nonsensical

Home Depot's "forum shopping" argument is wrong on many levels.

*First*, California residents filing claims in California under California law on behalf of a California-only class is not forum shopping. "That California residents who suffered harm in California would choose to bring suit in California is *not indicative of forum shopping*." *Nachison*, 2024 WL 3153216, at *3 (emphasis added). Yet that is what Home Depot argues.[3] Moreover, courts "must be cautious" before labeling a litigant's forum choice "forum shopping," which "typically does not constitute forum shopping where a party acted within his rights in filing a suit in the forum of his choice," even where the chronology looks opportunistic. *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 846-47 (9th Cir. 2017). Choosing the forum best-suited to the client is not misconduct; it is "part of [counsel's] ethical obligation to represent his client with reasonable diligence." *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 695 n.10 (9th Cir. 2009).

*Second*, Home Depot's accusation rings hollow given the new plaintiffs' offer

---

[3] Home Depot is currently defending against a California false discounting class action against its "The Company Store" operating unit, where it unsuccessfully sought to have that action transferred from California to New Jersey. *Kate Chiplinsky v. Home Depot U.S.A. Inc.*, No. 2:25-CV-08550-SSC, 2026 WL 2905126, at *2 (C.D. Cal. Apr. 8, 2026) ("the Court gives significant weight to the fact that: Defendant's sale to Plaintiff took place in California; California (not New Jersey) law is central to the claims and this Court is familiar California law; and, as a domestic plaintiff residing in California, Ms. Chiplinsky chose California as a forum, though the Court recognizes that the matter is a putative class action.").

of stipulated transfer to this District and consolidation with this case. *See* Mot. at 5 ("In advance of filing this Motion, Plaintiffs recently requested that Defendant consider the same approach for the new plaintiffs, but Defendant has yet to agree."). Home Depot's opposition is silent on this point.

*Third*, and relatedly, as explained in opposition to Home Depot's motion to dismiss, California residents are entitled to pursue claims under California law as a matter of public policy. *See* Doc. 46 at15-18. That public policy overrides a contrary choice of law provision. Here, Plaintiffs plead statutory claims under California's CLRA, Unfair Competition Law ("UCL"), and False Advertising Law ("FAL"). The "CLRA has an anti-waiver provision, which reads '[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void.'" *Bayol v. Zipcar, Inc.*, No. 14–CV–02483–THE, 2014 WL 4793935, at *4 (N.D. Cal. Sept. 25, 2014) (quoting Cal. Civ. Code § 1751). Likewise, the UCL and FAL statutes each "reflects fundamental policies of California." *Vrugtman v. It's Just Lunch Int'l LLC*, No. 20-cv-2352 JGB (SPx), 2021 WL 4979443, at *7-10 (C.D. Cal. Sept. 24, 2021) (applying UCL and FAL despite Nevada law provision); *Lloyd v. Navy Fed. Cred. Union*, No. 17-cv-1280-BAS-RBB, 2018 WL 1757609, at *5 (S.D. Cal. Apr. 12, 2018) ("CLRA and UCL reflect multiple [California] fundamental policies . . . aimed at protecting California consumers"). Thus, California courts do not apply another state's laws on Californians if doing so would prejudice consumers

in contravention of California public policy. *Bayol*, 2014 WL 4793935, at *4-5. Seeking to apply one's home state laws – the "fundamental policies of California," no less – is not forum shopping.

Home Depot's premise—that the new plaintiffs could simply proceed here under Georgia choice-of-law rules—is itself the harm California law forbids. The CLRA's anti-waiver provision voids any waiver of its protections, and a choice-of-law rule that strips those protections is "the functional equivalent of a contractual waiver" that is "prohibited under California law." *America Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 5 (2001). Enforcing an out-of-state choice-of-law regime "would necessitate a waiver of the statutory remedies of the CLRA, in violation of that law's antiwaiver provision . . . and California public policy." *Id.* at 14-15. This public policy is so strong that courts refuse to let defendants evade that policy even by *stipulating* to apply California law, because doing so would fail to deter the practice. *See Scott v. Airstream, Inc.*, 715 F. Supp. 3d 1295 (S.D. Cal. 2024) (rejecting motion to transfer from California court where combination of forum-selection and choice-of-law clauses violated California's public policies). Preserving a forum in which California consumers retain their non-waivable rights is not forum manipulation; it is the choice California law protects. Given this backdrop, it is unsurprising that Home Depot agreed that California law would apply when *Timmins* was transferred to this Court. *See Timmins v. Home Depot*, No. 2:24-cv-01141-TLN-

CSK, Doc. 37, at 2-3 (E.D. Cal. Oct. 21, 2024).

*Fourth*, Home Depot has no response to the additional justifications for filing in state court. For instance, Home Depot's Seventh Affirmative Defense in this action states "the claims of Plaintiffs and the members of the putative classes for equitable relief are barred by the existence of adequate remedies at law, including their equitable claims under the UCL and FAL." Doc. 55 at 108; *see also* Mot., at 4, ¶8 (noting importance of preserving state court forum). If Home Depot prevails on that defense (it should not), the remedy is remand to state court. *See Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 909 (9th Cir. 2025), *cert. denied*, 146 S. Ct. 2605 (2026) ("district courts are empowered to remand a removed case to state court for lack of equitable jurisdiction, but only after the removing defendant is given the opportunity to waive the adequate-remedy-at-law issue to keep the case in federal court"). Home Depot has not yet waived that defense.

Indeed, where a federal court lacks equitable jurisdiction over a UCL claim, the proper course for a case originating in state court is to sever and remand that claim to state court. *Cook v. Matrix Absence Mgmt., Inc.*, 737 F. Supp. 3d 885, 892-93 (N.D. Cal. 2024). A protective state-court action thus guards against the very jurisdictional gap Home Depot's own equitable-remedy defense threatens to create. Very soon the new plaintiffs will learn whether Home Depot will remove their state lawsuit to federal court and whether it will also seek transfer to this Court. It did the

latter with *Timmins*.[4]

*Fifth*, Home Depot argues that courts must "guard against forum manipulation." Opp. at 12 (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988)). That principle has no application here for the reasons above. Rather, the Supreme Court has highlighted valid reasons for multiple and potentially overlapping class actions. *China Agritech v. Michael H. Resh*, 584 U.S. 732, 740 n.2 (2018) ("Encouraging early class filings will help ensure sufficient time remains under the statute of limitations, in the event that certification is denied for one of the actions or a portion of the class. Subclasses might be pleaded in one or more complaints and taken up if necessary[.]").

In short, Home Depot's forum shopping allegation – made in response to Plaintiffs' good-faith attempts to streamline anticipated litigation – is baseless.

## III. CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully request that the Court extend the deadline to add parties or amend pleadings by 60 days.

Dated: October 9, 2026.

Respectfully submitted,

*/s/ J. Cameron Tribble*

J. Cameron Tribble
Georgia Bar No. 754759
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street

[4] This pre-removal posture reinforces Plaintiffs' diligence here. If anything, Plaintiffs' requested relief was not yet ripe at the time of the original deadline to move to amend.

Marietta, GA 30060
Tel: 770-227-6375
ctribble@barneslawgroup.com

Alexander E. Wolf (*pro hac vice*)
**MILBERG PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212
Tel: 872-365-7060
awolf@milberg.com

Jonathan M. Streisfeld (*pro hac vice*)
Kristen Lake Cardoso (*pro hac vice*)
**KOPELOWITZ OSTROW P.A.**
1 W. Las Olas Blvd. Suite 500
Fort Lauderdale, FL 33301
Tel: 954-525-4100
streisfeld@kolawyers.com

Marshal J. Hoda (*pro hac vice*)
**THE HODA LAW FIRM, PLLC**
12333 Sowden Road
Suite B, PMB 51811
Houston, TX 77080
Tel: 832-848-0036
marshal@thehodalawfirm.com

Jonathan Shub (*pro hac vice*)
Samantha E. Holbrook (*pro hac vice*)
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Tel: 610-477-8380
jshub@shublawyers.com
sholbrook@shublawyers.com

***Counsel for Plaintiffs and the Proposed Classes***

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, as permitted by Local Rule 5.1.

Dated: October 9, 2026.

*/s/ J. Cameron Tribble*
J. Cameron Tribble
Georgia Bar No. 754759

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

Dated: October 9, 2026.

*/s/ J. Cameron Tribble*
J. Cameron Tribble
Georgia Bar No. 754759