**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LACEY TIMMONS, KEVIN CULBERTSON, MARIA GONZALEZ, and GRACE CONDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation<br><br>Defendant. | Civil Action No.<br>1:24-cv-01435-VMC |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Modify Scheduling Order (Doc. 62). For the reasons that follow, the Court will deny the Motion without prejudice.

**Background**

On May 14, 2026, the parties submitted their Joint Preliminary Report and Discovery Plan (the "Joint Report") (Doc. 56). The Joint Report provided that September 11, 2026, would be the last day to add additional parties or amend pleadings. (*Id.* at 9). On May 21, after review of the Joint Report, the Court entered a Scheduling Order (Doc. 57) directing the parties to comply with the deadlines set out in the Federal Rules of Civil Procedure and the Court's Local Rules.

On September 11, 2026, Plaintiffs filed the instant Motion to Modify Scheduling Order, requesting that the Court extend the deadline to add parties or amend pleadings by 60 days. (Doc. 62 at 5). Defendant Home Depot U.S.A., Inc. filed its opposition to the Motion on September 25 (Doc. 63), and Plaintiffs filed a reply on October 9 (Doc. 64).

**Discussion**

Rule 16 of the Federal Rules of Civil Procedure requires courts to enter a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions[,]" which may be "modified only for good cause and with the judge's consent." *Spearman v. Broker Sols., Inc.*, No. 1:20-CV-4981-CAP, 2022 WL 1716438, at *2 (N.D. Ga. Feb. 16, 2022) (quoting Fed. R. Civ. P. 16(b)(3)(A), 16(b)(4)).[1] The "good cause" standard precludes modification of the court's scheduling order unless the schedule cannot "be met despite the diligence of the party seeking the extension." *Id.* (quoting *Sosa*, 133 F.3d at 1418; Fed. R. Civ. P. 16 advisory committee's note).

Plaintiffs do not seek modification of the deadline to add parties directly to this proceeding. Rather, they intend to file a new action in California state court

[1] Under the Northern District of Georgia's Local Rules, motions generally "must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the Court to file later." Local Rule 7.1, NDGa.

with three new proposed plaintiffs and seek an extension because they anticipate that Defendant will remove the new state action to federal court and then seek to transfer the case to this Court. (Doc. 62 at 4–5).[2]

Due to the speculative nature of Plaintiffs' reasons for requesting this extension, the Court does not possess enough information to determine that good cause exists now. While the Court does not rule out the possibility of a future modification of the deadline should those events come to pass, it declines to do so at this time.

## Conclusion

For the above reasons, the Court **DENIES** Plaintiffs' Motion to Modify Scheduling Order (Doc. 62) without prejudice.

**SO ORDERED** this 16th day of October, 2026.

Victoria Marie Calvert
United States District Judge

[2] Additionally, Plaintiffs note that they "do not believe transfer and/or consolidation of a newly filed action implicates the deadline" but bring this Motion in the "spirit of transparency" (Doc. 62 at 5 n.3).