**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LACEY TIMMINS, KEVIN CULBERTSON, MARIA GONZALEZ, and GRACE CONDON, *individually and on behalf of all others similarly situated*,<br>Plaintiffs,<br>v.<br><br>HOME DEPOT U.S.A., INC.,<br>Defendant. | Civil Action<br>No. 1:24-CV-01435-VMC |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The following Stipulated Protective Order is entered into between and among Plaintiffs and Defendant (hereinafter, a "Party" or the "Parties") and is approved and entered by the Court. The Parties sought entry of this Order to protect from disclosure to others potentially confidential, financial, sensitive, proprietary, personally identifiable, privileged, and/or protected information that may be produced or otherwise disclosed by them or non-parties during the course of this action and which may be injurious to Plaintiffs or Defendant.

**Proceedings and Information Governed.**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any Party to any other Party, and it includes any non-party who receives a subpoena or other

discovery request in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

2. The above-captioned litigation will involve the production of documents by the Parties and by non-parties. Some of the documents and other discovery materials of each of the Parties and of non-parties are confidential or privileged.

3. The Parties agree this Protective Order is appropriate and advisable and request the Court to approve the Protective Order to prohibit the disclosure of certain confidential material and information.

4. If in the course of this litigation, any Party or non-party undertakes to produce or is caused to disclose what they in good faith believe embodies confidential information, the procedures set forth herein shall be employed and disclosure shall be subject to this Order.

**Designation and Maintenance of Information.**

5. For purposes of this Protective Order, the term "Confidential Information" shall mean any information, or the contents of any document (including copies, transcripts, videos, and computer stored information), which the designating party contends and in good faith believes is a trade secret or other confidential or proprietary research, development, customer or commercial information, proprietary business documents, financial information, or other information subject to a legally protected right of privacy, that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, and which the designating party (or its counsel) designates as "CONFIDENTIAL." Confidential Information shall not consist of information which at any time has been: (i) produced, disclosed, or made available to the public or otherwise available for public access; and/or (ii) disclosed in connection with any government filing and which documents or information could not reasonably be assumed to be or have been intended to be kept confidential.

6. For purposes of this Protective Order, the term "Confidential Attorney Eyes Only Information" shall mean any information, or the contents of any document (including copies, transcripts, videos, and computer stored information), which the designating party contends and in good faith believes is especially

sensitive, which may include, but is not limited to, confidential or proprietary research and development, financial, technical, marketing, any other sensitive trade secret information, and which the designating party (or its counsel) designates as "CONFIDENTIAL ATTORNEY EYES ONLY." Confidential Attorney Eyes Only Information shall not consist of information which at any time has been: (i) produced, disclosed, or made available to the public or otherwise available for public access; and/or (ii) disclosed in connection with any government filing and which documents or information could not reasonably be assumed to be or have been intended to be kept confidential.

7. Counsel for any Party or non-party to this litigation may designate Confidential Information and Confidential Attorney Eyes Only Information prior to actual production of the document or information (or after inspection of the same) by placing the notation "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" at the lower left-hand corner of the page or other practical area or, in the case of confidential information disclosed in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.), on the outside of the medium or its container. The Parties shall use reasonable measures to ensure that any such branding does not obscure any part of the underlying image.

8. Whenever any information or material designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" is

disclosed or used at a deposition, each portion of any such testimony in which such information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Protective Order to have access to such information, as identified in Paragraphs 10 and/or 11 of this Protective Order, and the transcript of such portion and all exhibits identified in that portion of the transcript shall be marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" and thereafter deemed to be fully subject to the provisions of this Protective Order. If no such designation is made at the time of the deposition, any Party or non-party will have 30 calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, the transcript as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this 30 calendar-day period (during which period, the transcript must be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each Party or non-party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel

for each Party and non-party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Disclosure and Use of Confidential Information**

9. Any documents (including briefs), tangible things, or information designated as Confidential or Confidential Attorneys Eyes Only that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

10. Confidential Information (including all copies, extracts, and summaries thereof) may be disclosed only by counsel of record and only to the following persons:

a. The designating party;

b. The receiving party;

c. Outside and in-house counsel for the Parties, including such counsel's paralegals, secretarial, and clerical personnel who are working on this litigation;

d. Authors, addressees, and recipients of the confidential documents or information;

e. A witness at a deposition or at trial if there is good faith reason to believe that the witness (or the employer of such witness): (i) has previously seen the document; or (ii) is familiar with the subject matter of the document and likely has knowledge of relevant information regarding the document or information designated as confidential;

f. Consultants and experts and their staff who are directly employed or retained in connection with this action by counsel for the Parties for assistance with respect to this action, to the extent that such disclosure is necessary for the preparation of this case for trial or appeal;

g. Persons who are directly employed, retained, contracted with, or consulted in connection with the subject matter of this action, by counsel for a Party to this action, regardless of whether such persons are called to testify or used for the preparation of this case for trial or appeal;

h. The Court in this action or any other court to which any appeal from this litigation may be taken, and any persons employed by the Court;

i. Court reporters, including stenographers and video technicians transcribing proceedings in this action; and

j. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

11. Confidential Attorneys Eyes Only Information (including all copies, extracts, and summaries thereof) may be disclosed only by counsel of record and only to the following persons:

a. The designating party;

b. Outside counsel for the Parties, including such counsel's paralegals, secretarial, and clerical personnel who are working on this litigation;

c. Authors, addressees, and recipients of the confidential documents or information;

d. A witness at a deposition or at trial if there is good faith reason to believe that the witness (or the employer of such witness): (i) has previously seen the document; or (ii) is familiar with the subject matter of the document and likely has knowledge of relevant information regarding the document or information designated as confidential;

e. Consultants and experts and their staff who are directly employed or retained in connection with this action by counsel for the Parties for assistance with respect to this action, to the extent that such disclosure is necessary for the preparation of this case for trial or appeal;

f. Persons who are directly employed, retained, contracted with, or consulted in connection with the subject matter of this action, by counsel for a Party to this action, regardless of whether such persons are called to testify or used for the preparation of this case for trial or appeal;

g. The Court in this action or any other court to which any appeal from this litigation may be taken, and any persons employed by the Court;

h. Court reporters, including stenographers and video technicians transcribing proceedings in this action; and

i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

12. In addition to the limitations specified herein, Confidential Information may be disclosed to the persons described in Paragraph 10 only to the extent necessary for purposes of this action, and each person described in subparagraphs 10(f) or 10(g) shall, prior to such disclosure, first have signed a counterpart of the "Agreement to be Bound by Stipulated Protective Order" attached hereto as Exhibit "A," and the signed copies shall be maintained by counsel making the disclosure to such person.

13. In addition to the limitations specified herein, Confidential Attorney Eyes Only Information may be disclosed to the persons described in Paragraph 11 only to the extent necessary for purposes of this action, and each person described in subparagraphs 11(e) or 11(f) shall, prior to such disclosure, first have signed a counterpart of the "Agreement to be Bound by Stipulated Protective Order" attached hereto as Exhibit "A," and signed copies shall be maintained by counsel making the disclosure to such person.

14. The Party (including all other persons described in Paragraphs 10(c), 10(f), 10(g), 11(b), 11(e), and 11(f) associated with such Party) receiving any Confidential Information or Confidential Attorney Eyes Only Information produced by any Party or non-party to this litigation shall not load, import, submit, or otherwise transfer such Confidential Information or Confidential Attorney Eyes Only Information to a publicly accessible Large Language Model ("LLM") or a publicly accessible Artificial Intelligence ("AI") platform. A Party (or other persons described in Paragraphs 10(c), 10(f), 10(g), 11(b), 11(e), and 11(f) associated with such Party) shall not use any non-public LLM or non-public AI platform where a Party's or non-party's Confidential Information or Confidential Attorney Eyes Only Information is a) used to train LLMs or AI that are made accessible to others who are not authorized to receive Confidential Information or Confidential Attorney Eyes Only Information or b) otherwise made accessible to others not authorized to receive

Confidential Information or Confidential Attorney Eyes Only Information. Additionally, before exposing any Confidential Information or Confidential Attorneys Eyes Only Information to any non-public LLM or non-public AI platform (e.g., enterprise-level Claude), the Party (or other persons described in Paragraphs 10(c), 10(f), 10(g), 11(b), 11(e), and 11(f) associated with such Party) shall ensure that such LLM or AI platform does not use, retain, or incorporate Confidential Information or Confidential Attorney Eyes Only Information to train, fine-tune, or otherwise improve the non-public LLM or non-public AI platform other than for the limited use of the authorized Party for the sole purpose of this litigation.

15. If a receiving party or authorized recipient discovers any loss or theft of Confidential Information or Confidential Attorney Eyes Only Information produced by another Party or non-party, including actual or suspected unauthorized access, the receiving party or authorized recipient shall: (1) promptly provide written notice to the producing party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the producing party can reasonably ascertain the size and scope of the breach. The receiving party or authorized recipient agrees to cooperate with the producing party or law enforcement in investigating any such security incident. In any event, the receiving party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

16. If a Party or non-party wishes to file with the Court any Confidential Information or Confidential Attorney Eyes Only Information, that Party or non-party must take appropriate action to ensure that the document (or portion thereof) receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party that designated the Confidential Information or Confidential Attorney Eyes Only Information; (b) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (c) when the preceding measures are inadequate to protect the confidentiality of the designated information and/or to provide the Court with access to information to resolve the dispute relating to which the document is filed, filing a motion to file the document under seal. Prior to using any Confidential Information or Confidential Attorney Eyes Only Information in connection with an in-court presentation, counsel will meet and confer with the designating party to discuss whether the use of the Confidential Information or Confidential Attorney Eyes Only Information can be avoided. Any disputes will be resolved by the Court.

17. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any Party or non-party that any particular Confidential Information or Confidential Attorney Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of

a Party or non-party to object to the production of information or material that the Party or non-party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a Party or non-party to apply to the presiding judge for further protective orders; (e) prevent the Parties or non-party from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material; or (f) prejudice the rights of a Party or non-party to raise or assert any defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence.

18. All Confidential Information or Confidential Attorney Eyes Only Information shall be used solely for purposes of prosecuting, defending, or attempting to resolve this Action, including any appeal. For the avoidance of any doubt, nothing in this Order shall prevent or restrict a designating party from disclosing or using its own documents for any purpose.

19. **<u>Federal Rule of Evidence 502(d) Order.</u>**

a. This Protective Order invokes Fed. R. Civ. P. 16(b) and 26(c), as well as the protections afforded by Fed. R. Evid. 502(d). Accordingly, the provisions in Rule 502(b) do not apply to the disclosure of communications or information in discovery in this matter. Any Party

or non-party to this litigation that complies with this Protective Order will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected material.

b. The prosecution and defense of this action will require the Parties to review and to disclose large quantities of information and documents, including ESI, through the discovery process. As a result, page-by-page preproduction privilege review would likely impose an undue burden on the Parties' resources.

c. Each Party and non-party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that the Party or non-party can make available. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders pursuant to Rule 502(d) that disclosure of privileged or work product protected information or documents in connection with this litigation will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the information or documents and their subject matter. Any such

disclosure also shall not be deemed a waiver or forfeiture as to any other document, communication, or information, whether concerning the same subject matter or a different subject matter.

d. The Court further orders that because expedited or truncated privilege review is likely necessary for the just, speedy, and inexpensive resolution of this matter, the disclosure of privileged or protected information or documents in discovery conducted in this litigation will be deemed unintentional, inadvertent, and compelled by order of this Court. Such disclosure will not constitute a waiver of the producing party's right to claim privilege or work product protection that would have applied to the information or documents or their subject matter but for the disclosure.

e. Regardless of whether the procedures to screen out privileged or protected materials were reasonable, the Parties shall not argue, in this forum or any other, that any privileges or work product protections were waived as a result of disclosures in this litigation.

f. If a Party or non-party determines that it has produced a document upon which it wishes to make a claim of privilege or work product protection, the producing party shall, within 14 calendar days of making such determination, give all counsel written notice of the claim of privilege

or protection. The notice must identify each such document and the date it was produced. If the producing party claims that only a portion of a document is privileged or protected, the producing party shall provide, along with the notice of the claim of privilege or protection, a new copy of the document with the allegedly privileged or protected portions redacted. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

g. If a Party or non-party identifies a document that appears on its face or in light of facts known to the Party or non-party to be subject to another Party's or non-party's claim of privilege or work product protection, the Party or non-party identifying the potential claim of privilege or protection is under a good-faith obligation to notify the Party or non-party holding the potential claim of privilege or protection. Such notification will not waive the identifying Party's ability to subsequently challenge any assertion of privilege or protection with respect to the identified document. If the Party or non-party holding the potential claim of privilege or protection wishes to assert a claim of privilege or protection, it shall provide notice in accordance with

Paragraph 19(f) above within 14 calendar days of receiving notice from the identifying Party.

h. Upon receiving notice of a claim of privilege or protection on a produced document, the receiving party shall, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and shall not use or disclose the information, except as provided by Rule 26(b)(5)(B), until the claim is resolved. Copies of privileged or protected documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving party shall take steps to re-sequester the restored information. If the receiving party disclosed the information before being notified, it shall take reasonable steps to prevent further use of such information until the claim is resolved. Upon request of the producing party, the receiving party shall provide a certification of counsel confirming compliance with the obligations of this paragraph.

i. Notwithstanding the duties under Rule 26(b)(5)(B), absent an order expressly stating otherwise, a party may make derivative use of, and may pursue leads suggested by, any inadvertently produced privileged

or protected information known to the party before the duty arose to return, sequester, or destroy the privileged information. The receipt of inadvertently disclosed privileged or protected information shall not be the basis for disqualifying counsel from this action, absent a showing of bad faith in receiving the information.

j. If a Party wishes to dispute a claim of privilege or protection asserted under this Protective Order, such Party shall, within 14 calendar days, request a meet and confer with the party asserting the privilege or protection. Following that meet and confer, the Party may move the Court at any time for an order compelling disclosure of the information. The Party shall follow the procedures described in Fed. R. Civ. P. 26(b)(5)(B) and shall not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure. Pending resolution of the motion, the Parties and non-parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. Privileged or protected material that is subject to a claim under this Section shall not be filed in the public record.

k. The Parties and/or non-parties may stipulate to extend the time periods specified in Paragraphs 19(f), (g), (h), or (j) above.

l. Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged or protected and to inform the producing party that such materials have been produced.

m. The Party or non-party wishing to assert a claim of privilege or protection retains the burden, upon challenge pursuant to Paragraph 19(j), of establishing the applicability of the claimed privilege or protection.

20. The obligations of the Parties and non-parties set forth in Paragraph 19 apply irrespective of the care taken by the producing party to prevent inadvertent disclosure.

21. This Protective Order does not preclude a Party or non-party from voluntarily waiving any claims of privilege. The provisions of Fed. R. Evid. 502(a) apply when a Party uses privileged information to support a claim or defense.

22. Except as expressly set forth herein, nothing in this section, or elsewhere in this Protective Order, shall limit the bases on which a receiving party may challenge the assertion of any privilege or protection by the producing party.

23. Nothing contained herein is intended to or shall serve to limit a Party's or non-party's right to conduct a review of documents, ESI, or information

(including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

24. Nothing in this Protective Order shall be construed to create rights in any person not a Party to this litigation except to the extent such person is a disclosing party hereunder.

25. If a receiving party or other authorized recipient is served with a discovery request, subpoena, or a court order issued in other litigation that compels disclosure of any Confidential Information or Confidential Attorney Eyes Only Information produced by another Party or non-party to this litigation, that Party must:

a. Promptly notify the producing party in writing and include a copy of the discovery request, subpoena, or court order;

b. Promptly notify in writing the Party or non-party who served the discovery request or caused the subpoena or order to issue in the other litigation that some or all of the material covered by the discovery request, subpoena, or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

c. Cooperate with respect to all reasonable procedures sought to be pursued by the producing party whose data may be affected.

26. Nothing in this Protective Order shall prevent a Party or non-party from any use of his or her own Confidential Information or Confidential Attorney Eyes Only Information.

27. If the Confidential Information or Confidential Attorney Eyes Only Information pertaining to any Party or non-party in this litigation is inadvertently disclosed to other parties, the party receiving the confidential information will return the Confidential Information or Confidential Attorney Eyes Only Information to the disclosing party and otherwise maintain the information's confidentiality in accordance with the terms of this Protective Order.

28. Within 60 days of settlement or final adjudication of the litigation, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each Party or authorized recipient (including legal counsel, experts, and vendors) to whom any materials designated as Confidential Information or Confidential Attorney Eyes Only Information were produced shall, without further request or direction from the producing party, promptly destroy all ESI, paper documents, or other information, items, or data received designated as Confidential Information or Confidential Attorney Eyes Only Information, including, but not limited to, copies or summaries thereof, with the exception of attorney work product and correspondence that may contain such copies or summaries that may be retained by counsel for the receiving party and which shall remain subject to all other

applicable restrictions of this Protective Order entered in this matter. Such attorney work product and correspondence that counsel is entitled to retain includes an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; and consultant and expert work product. Any such archival copies that contain or constitute protected material remain subject to this Protective Order. For the avoidance of doubt, the foregoing destruction obligation includes any material designated as Confidential Information or Confidential Attorney Eyes Only Information received that was submitted, uploaded, transferred, or otherwise exposed to any LLM or AI platform, including any copies, embeddings, indexes, caches, stored prompts or outputs, or other retained representations of such material, to the extent within the receiving party's possession, custody, or control. The receiving party shall also ensure that any authorized LLM or AI platform used in connection with this litigation deletes such material in accordance with the requirements of this Protective Order. The receiving party shall provide written certification of destruction to the producing party no later than 60 calendar days after the termination of this litigation.

29. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold Parties or other violators of this

Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

30. The Court retains jurisdiction during and after final disposition of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may deem appropriate or as may be requested by the parties.

31. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order by giving notice to counsel for the Parties. Any documents, deposition testimony, and other information produced in discovery by such person and designated as Confidential Information or Confidential Attorney Eyes Only Information by such person shall be treated accordingly.

**SO ORDERED**, this __ day of ___________, 2026.

____________________________
Victoria M. Calvert
United States District Judge

**CONSENTED TO BY:**

*/s/ J. Cameron Tribble*
J. Cameron Tribble
GA Bar No. 754759
ctribble@barneslawgroup.com
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
T: 770-227-6375

Jonathan M. Streisfeld (*pro hac vice)*
streisfeld@kolawyers.com
Kristen Lake Cardoso (*pro hac vice)*
cardoso@kolawyers.com
**KOPELOWITZ OSTROW P.A.**
1 W. Las Olas Blvd. Suite 500
Fort Lauderdale, FL 33301
T: 954-525-4100

Alexander E. Wolf (*pro hac vice*)
awolf@milberg.com
**MILBERG, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212
T: 872-365-7060

Jonathan Shub (*pro hac vice*)
Samantha E. Holbrook (*pro hac vice*)
jshub@shublawyers.com
sholbrook@shublawyers.com
**SHUB JOHNS & HOLBROOK LLP**
Four Towers Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
T: 610-477-8380

Marshal J. Hoda (*pro hac vice*)
marshal@thehodalawfirm.com
**THE HODA LAW FIRM, PLLC**

*/s/ W. Alex Smith*
*(with express permission)*
Lindsey B. Mann (GA Bar No. 431819)
lindsey.mann@troutman.com
W. Alex Smith (GA Bar No. 532647)
alex.smith@troutman.com
Samuel D. Lack (GA Bar No. 749769)
samuel.lack@troutman.com

**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St., N.E., Suite 3000
Atlanta, Georgia 30308
T: 404.885.3000
F: 404.885.3900

Matthew A. Macdonald, *pro hac vice*
matthew.macdonald@wsgr.com
Matthew K. Donohue, *pro hac vice*
mdonohue@wsgr.com

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
953 East 3rd Street, Suite 100
Los Angeles, CA 90013
T: 323.210.2900
F: 323.210.7329

William P. Barnette (GA Bar No. 359833)
wbarnette@kslaw.com
Matthew J. Washnock (GA Bar No. 272621)
mwashnock@kslaw.com

**KING & SPALDING LLP**

12333 Sowden Road
Suite B, PMB 51811
Houston, Texas 77080
T: 832.848.0036

***Counsel for Plaintiffs***

1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
T: 404.572.4600
F: 404.572.5100

***Counsel for Defendant***
***Home Depot U.S.A., Inc.***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LACEY TIMMINS, KEVIN CULBERTSON, MARIA GONZALEZ, and GRACE CONDON, *individually and on behalf of all others similarly situated*,<br>Plaintiffs,<br>v.<br><br>HOME DEPOT U.S.A., INC.,<br>Defendant. | Civil Action<br>No. 1:24-CV-01435-VMC |

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I certify that I have received a copy of the Stipulated Protective Order dated ___________________________, 2026 (the "Order").

I further certify that I have read and fully understand the contents of the Order.

I understand and agree to comply with the standards and procedures that are set forth in the Order. I understand that compliance with these standards and procedures is a condition of receipt of Confidential Information and/or Confidential Attorney Eyes Only Information (defined in the Order) and that a failure to comply may constitute contempt of the Court and/or a violation of the law. I further agree to submit to the jurisdiction of the Court for purposes of enforcement of the Order.

SIGNED this _____ day of ___________________, 202_.

________________________________
Printed Name: ____________________

## CERIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, as permitted by Local Rule 5.1.

Dated: November 4, 2026.

*/s/ J. Cameron Tribble*
J. Cameron Tribble
Georgia Bar No. 754759

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

Dated: November 4, 2026.

*/s/ J. Cameron Tribble*
J. Cameron Tribble
Georgia Bar No. 754759